# In The United States District Court For The District of Delaware

STEVEN  KREBS  d/b/a Kreative
Gardens  Center

        Plaintiff,

    -Against-

PATRICIA  A.  MEYERS
        Defendant.

Civil  Action No.___0 6 – 4 5 5___

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Racial  Implication(s)
## Please  Take  Legal

28  U.S.C.  Section  1446.    **N O T I C E**    28  U.S.C.  Section  1443.

This  is  a  viable / Active

### "NOTICE  OF  REMOVAL"

Now,  here  come(s)  PATRICIA  A.  MEYER(S) ,  Pro  se  of  RR4,  Box
103A,  Frankford,  Delaware  19945 - 9804,  by  and  through  her  Power  of
Attorney / emissary / Dennis  L.  Smith,  who  is  also  Pro  se  and  a  witness
with  the  lawful - support  and  Heretofore  clarified  Assistance  of  my  power
of  Attorney,.  Who  has  been  wrongfully  Heinously  denied  the  most  basic
essential - elemental  /  Fundamental,  Rudimentary - minimal - Mandated,

not out - dated, unalienable constitutional - libertie(s) to be capable to uphold his obligation,. To be an; agent / emissary / power of Attorney as Mr. Dennis L. Smith has, since 2003,.

## Prohibited / Proscribed Divisive Racial

## Divide / Racial implication(s);

Ms. Patricia Meyers, could not / cannot receive a fair, state court judicial proceeding. Without her specifically - Vehemently Requested power of Attorney Mr. Dennis L. Smith,. This is totally patently unconstitutional,. And in fact wrongfully signifie(s) fatal error(s) / Assignment of error(s),. However priority still; is the divisive Racial - Divide, of the court and suspect opposing legal counsel who cannot take it,. That Mr. Dennis L. Smith is an African - American,.

## Scope;

In a nut shell, this superficial notorious Civil Action must be Legally Removed, to a "United States District Court, of proper - situs for instant - Action; This previous civil action was filed in the State of Delaware's Court of Chancery in the State of Delaware's Sussex County site on; February 23, 2005 .

Due, to prohibited - vile - indignant "Racial - injustice," of the Court in Question; first of all,   Attorney John E. Tarburton                    **2**

was removed from the Law firm of Procino & Tarburton LLP, because of
his deceitful June 8, 2006 letter to Ms. Patricia A. Meyers , for one
reason. Also the Sussex County Delaware  Court of Chancery deceitfully
stopped Mr. Dennis L. Smith from using his "Power of Attorney" after
approximately one year and four months,  in this civil case 1120 - S, See
Exhibit E,  which is the February 10, 2006, Motion to Dismiss.

Also in this Motion to Dismiss, is a enclosed January 19, 2006
letter, therefore see this letter's  page #11, paragraph #6, which
Explained at that time,  how Mr. Smith uses his "Power of Attorney".
Concerning this issue,  Chancellor Chandler III had no problem  in his
May 26, 2006 Court Order, with page # 11,  paragraph # 6, but now in
his July 18, 2006 Court Order Revenge because of Mr. Smith July 8,
2006, letter which involves Chancellor Chandler III in his  Wanton
Actionable negligence and / or Conspiracy. See; 42 U.S.C. Section
1985(3). Not limited to; Also his wrongful intentional judicial - canons.
Furthermore, see the # 7 reasons why Civil Case 1120 - S, needs to be
Dismiss, in the February 10, 2006, Motion to Dismiss. Also for proof and
understanding  See; listed Exhibits:   **A, B, C, D, E, F, G, H, and I.**

Dear; Clerk Please in the lawful interest of Justice and to implore;
True constitutional vehement uniformity, in this Federally Owned &
Operated United States District Court of Law;

## This Constitutional Notice of "Removal;"

Is based on the, Unconstitutional - Ground(s); of; the de facto

Court of Chancery's  defunct; illicit

**{01}. 28 U.S.C. Section 1443.** Ms. Patricia Meyers, diligent

Power of Attorney, was wrongfully cast - out of continuing to protect Ms.

Patricia Meyers, best interest, solely / only  due to the Color of his skin,.

Ms. Patricia Meyers cannot receive a fair State Court

Proceeding / Trial   per se in the de facto court of Chancery of Del,.

**{02}. 28 U.S.C. Section 1441(c).**

**{03}. 28 U.S.C. Section 1985(3).**

**{04}. 28 U.S.C. Section 1983.**

Also; The "Gross - wrongful," Transgression(s), of the de facto /

de funct inferior Court of Chancery,  are not legal in these United States

of America,. Also the proscribed continued, / still  continuing; wrongful

Racial - Implication(s),  against my dear - friend, and Legal  Power of

Attorney,. Is not consistent with the fundamental(s), of Liberty &

"Justice,".   And is  patently  violative,                              **4**

and of multiple denial(s) of several viable federalized    statue(s)  of,  as  well  as  28   U.S.C.  Section 1343.

## "NOTICE OF REMOVAL"

Based also, upon the de facto inferior State of Delaware's Court of Chancery of Racist, Sussex County Delaware. Who did illegally - entwine commingle in proscribed "Racial - Injustice,." And also did wrongfully deny "Due process", All the while, and also wrongfully violated U.S. Const. 14th Amend.,    See Also 42 U.S.C. Section 1981(a).    Invidious Intentional Discrimination(s),.

Respectfully Submitted.

Patricia A. Meyers
Route 4, Box 103A
Frankford, DE 19945

Date: July 27, 2006

Dennis L. Smith
P. O . Box 311
Selbyville, DE 19975 /
power of attorney
/agent / emissary / and
witness for Patricia A.
Meyers

**5**

# In The United States District Court For The District of Delaware

STEVEN  KREBS    d/b/a  Kreative
Gardens  Center
           Plaintiff,                  Civil  Action No._____

    -Against-

PATRICIA  A.  MEYERS
           Defendant.

*******************************************************************

**Please  See;   Inferior  Court  docket  -  Enclosed;**

**Dearest;  Clerk  Mr.  Peter  T.  Dalleo  &  Staff**

**Please  Take  Legal  /  Lawful  Pertinent  /  Relevant  Notice;**

The  Civil  -  Case  to  be  constitutionally;   "R E M O V E D"  due  to  "Racial

Implication(s)"  is  from  the  Honorable  Vel  non  /  de  facto  Vel  non

**STATE  OF  DELAWARE'(S)**
**Court  of  Chancery**
**Of  Sussex  County**

Civil  Action  No.   1120 - S     Previously  presided  via  tort - feasor  Honorable

Chancellor   William  B.  Chandler  03rd,.

# PLEASE SEE;  EXHIBIT "I"

July 27, 2006

X _Pat A. mey_____

Ms. Patricia A. Meyers

X _Dennis L. Smith_

Mr. Dennis L. Smith
Power of Attorney
/agent / emissary / and
witness for Patricia A.
Meyers

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : |
| | : C.A. No.: _____ |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PATRICIA A. MEYERS, | : |
| | : |
| Defendant. | : |

## AFFIDAVIT OF PATRICIA A. MEYERS

STATE OF DELAWARE  :
                   : SS.
COUNTY OF SUSSEX   :

BE IT REMEMBERED that on this _27_ day of July 2006, personally appeared

before me, the Subscriber, a Notary Public for the State and County aforesaid, Patricia A.

Meyers, Defendant in the above-captioned action, known to me personally to be such, who being

Duly sworn according to law did depose and say that the facts contained in the " **NOTICE OF**

**REMOVAL**" are true and accurate to the best of her knowledge, information and belief.

X  _Pat A. Mey_
Ms. Patricia A. Meyers.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

Notary Public
Expires 12-18-08

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : : : | C.A. No.: _____ |
| Plaintiff, | : : |
| v. | : : |
| PATRICIA A. MEYERS, | : : |
| Defendant. | : : |

### AFFIDAVIT OF DENNIS L. SMITH

STATE OF DELAWARE   :
                                   : SS.
COUNTY OF SUSSEX    :

BE IT REMEMBERED that on this 2̸ 7̸ th day of July 2006, personally appeared

before me, the Subscriber, a Notary Public for the State and County aforesaid, Dennis L. Smith,

Defendant's " power of attorney " / emissary / agent and witness in the above-captioned action,

known to me personally to be such, who being duly sworn according to law did depose and say

that the facts contained in the " **NOTICE OF REMOVAL**" are true and accurate to the best

of his knowledge, information and belief.

Mr. Dennis L. Smith

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

Notary Public
12-28-08



CERTIFICATE OF SERVICE

I hereby certify that two true copies of the " Notice of Removal" have been Hand-Delivered and/or certified mailed this __27__ day of July 2006 to counsel for the Plaintiff at the following addresses:

John E. Tarburton, Esq,                          Chancellor William B. Chandler III
303 North Shipley Street                          Court of Chancery
Seaford, DE 19973                                 34 The Circle
( **Now, works out of his house)**                Georgetown, DE 19973

and that counsel and Chancellor Chandler III has received these two copies by Mr. Dennis L. Smith power of attorney / emissary /agent and witness, **for Patricia A. Meyers.**

65684

*Exhibit A*
## General Power of Attorney

₃K 00776 ₓ041

**TO ALL PERSONS,** be it known that I, _Patricia A. Meyers_
Drivers License No. 427897, of _RT #4 Box 163A Frankford, DE. 19945_,
located in Sussex County, the undersigned Grantor, do hereby make and grant a general power of
attorney to my close friend of the family, _Dennis L. Smith, Sr_
of _RT 3 Box 96 Frankford, DE, 19945_, and do thereupon constitute and
appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I
myself could do, if I were personally present, with respect to the following matters, to the extent
that I am permitted by law to act through an agent: Grantor gives agent complete authority, to
any and all real estate properties, leased properties, including any and all properties sold to,
will to and/or owned by Grantor, to act and/or handle as agent choose in any matter. See most
details below of real estate powers.

### Real Estate Powers

DEAL WITH PROPERY. To retain, invest in, sell, mortgage, lease, exchange, manage,
subdivide, develop, build, alter, repair, improve, raze, abandon, or otherwise deal with or dispose
of any property and to execute, acknowledge and deliver any and all contracts, deeds, leases,
assignments, assignments of, extensions of, satisfactions of, and releases of mortgage, subordination
agreements, and any other instrument or agreement of any kind in connection therewith and
affecting real and personal property located at County Road 382, near Johnson's Corner, Baltimore
Hundred, Sussex County, Delaware consisting of 39.02 acres with improvements and any property
hereafter owned by Grantor located anywhere, which my attorney-in-fact/agent may deem to be
necessary.

My attorney-in-fact/agent has complete authority to appoint another agent and/or agents
other than himself to have the same complete authority or limited authority, through a written
agreement. In my will, to my son ( Mack L. Davis Jr. ) and agent, also will allow my agent to
continue with complete authority as mentioned in this document.

**Notice:** Any copy of this document, received by anyone, is to prove the authority that the agent
has now and had verbally before. This idea of giving complete authority to my agent,
was initiated by me, ( Grantor ). There are four (4) of these same exact Power of
Attorney documents signed, witnessed to, and notarized, which are superior over any other
power of attorney that I had granted to my attorney-in-fact/agent, but, one (1) of these
four (4) must be recorded in the Recorder Of Deeds.

My attorney-in-fact/agent hereby accepts this agreement, and I affirm and ratify all acts so
undertaken.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this _27th_ day
of _October_, A.D. 20 _03_.

Witnesseth:

_Witness_

_Witness_

_Pat A. m_
Grantor

_Dennis L. Smith Sr._
Attorney-in-Fact/Agent

STATE OF DELAWARE :
: ss.
COUNTY OF SUSSEX :

RECORDER OF DEEDS
JOHN F. BRADY

03 OCT 27 AM 11: 51

SUSSEX COUNTY
SURCHARGE PAID

I HEREBY CERTIFY that on this _27th_ day of _October_, A. D. 20 _03_
personally came before me, a Notary Public for the State and County aforesaid, Patricia A.
Meyers, and acknowledged the foregoing Power of Attorney to be her act and deed.

KAREN M. SAMSEL
NOTARY PUBLIC - DELAWARE
My Commission Expires March 10, 2005

_Karen M. Samsel_
NOTARY PUBLIC

*Exhibit B*

# Sussex County Sheriff's Office
## SERVED SUMMONS
### (SUBSTITUTE SERVICE)

| | |
|---|---|
| **Agency**<br>HENRY CLAY DAVIS, III, P.A. | **Case Number**<br>11208 |
| **Case Name**<br>STEVE KREBS & VS PATRICIA A MEYERS | **Description**<br>SER |
| **Type**<br>SUMMONS (EACH ADDRESS) | **Circuit** |

| | | |
|---|---|---|
| **Return To**<br>CHANCERY SUSSEX | **Date Received**<br>03/03/2005 | **Date Expired**<br>04/29/2005 |

**Party to be Served**
PATRICIA A MEYERS

| **Last Name**<br>MEYERS | **First Name**<br>PATRICIA | | **Middle Name**<br>A | **Jr / Sr** |
|---|---|---|---|---|
| **Date Of Birth** / / | **Social Security Number** | | **Sex** UNKNOWN | |

**Home Address**
RD 4 BOX 103A FRANKFORD, DE, 19945

**Work Name**

**Work Address**
..

| **Home Phone** | **Bus Phone** | **Work Phone** | **Alt Phone** |
|---|---|---|---|

| **Served On** 03/11/2005 | **Service Fee** $ 30.00 | **Mileage Charges** $ 0.00 |
|---|---|---|

**Additional Notes**

```
Deputy Lisa Baker served Dennis Smith
         (Name of person served & relationship)


So Answered  _____  Sheriff


Returned  _____
              Deputy/Clerk
```

NOTE: DENNIS SMITH PICK UP PAPERS FOR PATRICIA A MEYERS AT
THE SHERIFF'S OFFICE

**Reason for papers not served:**
_____ Wrong address for defendant
_____ Defendant has moved
_____ Other Reason _____

**Papers Served** _____

        (c) 1994 - 2004 Information Technologies, Inc  St. Louis, MO (314) 991-9115

Date

Notes

*Exhibit C*

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| **Steven Krebs d/b/a Kreative Garden Center** | CIVIL ACTION NO.  1120-S |
| | SUMMONS |
| -v-<br>**Patricia A. Meyers** | |

## THE STATE OF DELAWARE,
## TO THE SUSSEX COUNTY SHERIFF;
## YOU ARE COMMANDED:

To Summon the above named defendant, so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Alan Davis, Esq.  whose address is Henry Clay Davis, III P.A., 303 N. Bedford Street, P.O. Box 744, Georgetown, DE 19947 an answer to the complaint.

To serve upon defendant a copy hereof and of the complaint.

## TO THE ABOVE NAMED DEFENDANT:

In the case of your failure 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint

Dated:  2-28-05

Register in Chancery

*Exhibit D*

EFiled: Jan 19 2006 10:39AM EST
Transaction ID 10366417

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

|  |  |
|---|---|
| **STEVEN KREBS d/b/a** | : C.A. No. 1120-S |
| **KREATIVE GARDEN CENTER,** | : |
|  | : |
| **Plaintiff,** | : |
|  | : |
| v. | : |
|  | : |
| **PATRICIA A. MEYERS[,] AND** | : |
| **DENNIS L. SMITH,** | : |
|  | : |
| **Defendant[.]s.** | : |

### AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action for declaratory and injunction relief. Plaintiff seeks a determination from this Court that a lease executed by Patricia A. Meyers is a binding, enforceable contract entitling Plaintiff to the quiet enjoyment of the leased premises, and that the provisions regarding the contract extension have been adequately complied with. Plaintiff further seeks injunctive relief against Defendant to prevent her or her agents from continued interference with Plaintiff's rights under the lease. In this action, Plaintiff seeks to strike the appearance of Dennis L. Smith, who is not a member of the Delaware Bar, and to add Dennis L. Smith as a Defendant.. In support of its claims, Plaintiff alleges as follows:

*Take Notice*

1.  Plaintiff, Steven Krebs d/b/a Kreative Garden Center (hereinafter "Kreative") is a resident of the State of Delaware.

Date

Notes

*Exhibit E*

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : | |
| | : | C.A. No.: 1120 - S |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA A. MEYERS[,] AND DENNIS L. SMITH, | : | |
| | : | |
| Defendant[.]s. | : | |

## MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Defendant, Ms. Patricia A. Meyers, ( hereinafter " Meyers " ) who is

pro se, of RR 4, Box 103A, Frankford, Delaware 19945, by and through her attorney-in-

fact/agent, Dennis L. Smith ( hereinafter " Smith " ) who is also pro se, and a witness. This is

an action to dismiss Plaintiff's action for declaratory and injunction relief. Meyers

seeks a determination from this Court that a lease executed by Kreative is not

binding because this lease is a moot issue now, therefore not a enforceable contract

entitling Plaintiff to the quiet enjoyment of the leased premises, and that the provisions

regarding the contract extension is deceitful, unconscionable, ambiguous, poorly written

and

moot, because this lease terminated on March 28, 2005. Plaintiff stated, "... further seeks

injunctive relief against defendant to prevent her or her agents from continued interference

with plaintiff's rights under the lease. In this action, Plaintiff seeks to strike the

appearance of Dennis L. Smith, who is not a member of the Delaware Bar, and to add

*Take Notice*

Dennis L. Smith as a Defendant". This quote of Plaintiff's is moot, because this lease terminated on March 28, 2005." In support of ~~its~~ her claims, Meyers alleges as follows:

1. Paragraph One is Admitted.

2. Paragraph Two is Admitted.

3. Paragraph Three is Admitted at to the fact that attorney-in-fact/agent Smith is a resident of the State of Delaware, and has a power of attorney recorded in the Recorder of Deeds book 00776, page 041 dated October 27, 2003, giving him the authority to act for Meyers. Meyers denies Plaintiff Mr. Steven S. Krebs' ( hereinafter " Kreative" ) " false and slanderous claim that " The actual relationship between the parties is not known,..." concerning Smith and Meyers, and states that the power of attorney on its face, clearly states the relationship between the parties as follows, " ... Grantor, do hereby make and grant a general power of

attorney to my close friend of the family, Dennis L. Smith Sr. ...," which clearly ratifies his actions.

4. Paragraph Four: Answer to Plaintiff's paragraph four is <u>MOOT</u> and Plaintiff's paragraphs 5, 6, 7 a, b, c, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 a, b, c, d, e, all of those just mentioned paragraphs and sub-paragraphs are <u>MOOT</u> because Kreative's lease terminated on March 28, 2005. Therefore, see agent's response letter dated January 19, 2006, to Attorney Tarburton's letter dated November 11, 2005. Meyers' letter dated January 19, 2006, with exhibits supports of her claims, Meyers alleges as follows in her attached letter:

**Note: Meyers' response letter dated January 19, 2006, will be the first time Attorney Tarburton received this letter.**

WHEREFORE  Defendants Pray this Honorable Court Rescind the January 31, 2002,

contract and dismiss this case 1120-S, and award Meyers any and all other relief that is just.

RESPECTFULLY SUBMITTED.

Patricia A. Meyers
Route 4, Box 103A
Frankford, DE 19945

Dennis L. Smith attorney-in-fact/agent
and witness for  Patricia A. Meyers

DATE: 2/9/06

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE :
GARDEN CENTER,                 :        C.A. No.: 1120 - S
                               :
          Plaintiff,           :
                               :
     v.                        :
                               :
PATRICIA A. MEYERS,            :
                               :
          Defendant.           :

### AFFIDAVIT OF PATRICIA A. MEYERS

STATE OF DELAWARE   :
                    : SS.
COUNTY OF SUSSEX    :

BE IT REMEMBERED that on this 9TH day of February 2006, personally appeared

before me, the Subscriber, a Notary Public for the State and County aforesaid, Patricia A.

Meyers, Defendant in the above-captioned action, known to me personally to be such, who being

Duly sworn according to law did depose and say that the facts contained in the Motion to dismiss,

are true and accurate to the best of her knowledge, information and belief.


_____
Ms. Patricia A. Meyers.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.


_____
Notary Public

ELIZABETH A. INGRAHAM
NOTARY PUBLIC - DELAWARE
My Commission Expires March 8, 2007

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE
GARDEN CENTER,

          Plaintiff,

       v.

PATRICIA A. MEYERS,

          Defendant.

C.A. No.: 1120 - S

## AFFIDAVIT OF DENNIS L. SMITH

STATE OF DELAWARE  :
                 : SS.
COUNTY OF SUSSEX   :

    BE IT REMEMBERED that on this 9TH day of February 2006, personally appeared

before me, the Subscriber, a Notary Public for the State and County aforesaid, Dennis L. Smith,

Defendant's attorney-in-fact/agent and witness in the above-captioned action, known to me

personally to be such, who being duly sworn according to law did depose and say that the facts

contained in the Motion to dismiss, are true and accurate to the best of her knowledge,

information and belief.

                                     _____
                                     Mr. Dennis L. Smith

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

                                     _____
                                     Notary Public

                       ELIZABETH A. INGRAHAM
                 NOTARY PUBLIC - DELAWARE
                My Commission Expires March 6, 2007

**Dennis L. Smith**
**P. O. Box 311**
**Selbyville, DE 19975**

**January 19, 2006**

**Hand Delivered To**:    Mr. John E. Tarburton's office and to Chancellor William B. Chandler III,
of the Court of Chancery's office ( This letter – 12 pages, plus Exhibits)

To:  John E. Tarburton, Attorney       To:   Chancellor William B. Chandler III
     Procino  & Tarburton LLP                 Court of Chancery
     123 Pennsylvania Avenue                   P. O. Box 581
     Seaford Delaware 19973                    Georgetown, Delaware 19947

Re:  **Request to dismiss** civil case # 1120-S, based on the fact that Mr. Krebs' lease dated January 31,
     2002, ended on March 28, 2005, which contains issues of facts, which are **deceit**, unconscionable,
     ambiguous and equal protection of the law.  Therefore, Attorney Tarburton's request for his
     " Motion to Amend Complaint to Join Additional Defendant " dated January 13, 2006, is **MOOT**.
     Steven Krebs, d/b/a Kreative Garden Center -v- Patricia A. Meyers through her attorney-in-fact /
     agent / witness (Mr. Dennis L. Smith, who has a power of attorney for the leased 2.5 acres issues).
     **See Exhibit A**

Dear Mr. Tarburton and Chancellor William B. Chandler III:

First of all, attorney Tarburton's letter dated November 11, 2005, will be answered at the end of this
letter, and the " MOOT " issue as mentioned above.

Ms. Meyers through her attorney-in-fact/agent/ witness (Mr. Dennis L. Smith), is making a **request that**
this court dismiss this case numbered 1120 – S, based on the following **reasons**, all filed documents with
this court and/or reasons and understanding listed below:

**REASON ONE** – This lease below does not confirm who **prepared** this lease:
First of all, Mr. Krebs' lease dated January 31, 2002, does not indicate who it, was prepared by, but is
believed to be prepared by Mr. Krebs and/or his prior attorney, because Mr. Krebs at one time told me
that he prepared this lease, and at another time Mr. Krebs' prior attorney name Mr. Alan G. Davis' also
told me that he prepared this lease. The **fact is**, this lease does not confirm who prepared it thereon.
**See four pages of – Exhibit B**

**REASON TWO**  – Section Eight lease **term** of Mr. Krebs' lease is Ambiguous:
**Please, follow this sequence of understanding**, starting in this paragraph and then through to, a, b, c, d,
e, f, g, h, i, and j, sub-paragraphs listed below, concerning this ambiguous lease term Section Eight.  In
the Black's Law Dictionary **the** Test for the word Ambiguous, is as follows: " Test for determining
whether a contract is " ambiguous" is whether reasonable persons would find the contract **subject** to more
than one interpretation." This Dictionary meaning of the word Ambiguous is as follows: " Language in
contract is  " ambiguous " when it is reasonably capable of being understood in more than one sense."
 "…when good arguments can be made for either of two **contrary positions** as to a meaning of **a term** in
a document."
**See See four pages of – Exhibit B**

Continue on page 2

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 2

(a) Sub-paragraph - Section Eight of this lease dated January 31, 2002, is **AMBIGUOUS**, because it has two contrary positions as to the meaning of Section Eight **term**. Therefore, see the **first** contrary position, of interpretation quoted from Mr. Krebs' and/or his prior attorney's drafted Section Eight of page two (2), as follows: " In consideration of **rent** and the additional signing bonus mentioned above, lessor hereby waives **any right to terminate** the lease **at the end** of the original three-year lease … ." ----- This deceitful contrary position means that Ms. Meyers does not have **any right to terminate**.

<div align="center">**vs.**</div>

(b) Sub-paragraph - **Second**, contrary position, of interpretation quoted from this same Section Eight of this lease, of page two (2) as follows: "… **and grants to lessee the right to request** an extension of the lease term for three years or five years, **at his option**." ----- In the Black's Law Dictionary " **Option** " means: " Right of election to exercise a privilege. Contract made for consideration to keep an offer open for prescribed period."

(c) Sub-paragraph - " Prescribed period," for right **to request**, which only started and ended **on March 28, 2005**, in **accordance** with this ambiguous Section Eight **term**. See quotes from this Section Eight, "…waives any right to terminate the lease **at the end** of the original three-year lease term, **and** grants to lessee the right to request…." Now, also in accordance with this lease term, **if Mr. Krebs interprets**, that he had the right to claim that Ms. Meyers, "…waives any right to terminate the lease **at the end** of the original three-year lease term… ," therefore, likewise in accordance with this same lease term, **Ms. Meyers had the right to interpret** and claim, that Mr. Krebs, "… **at the end** of the original three-year lease term **and** grants to lessee the **right to request (ask)** …," concerning **Equal Protection of the Law**. Also, in accordance with this Section Eight and Section 13 – ENTIRE AGREEMENT of this same lease, Ms. Meyers had the **right to answer** Mr. Krebs' " **request**," by **approved** or **denied** in writing, but **at the end** of the original three-year lease term, which was on March 28, 2005, Mr. Krebs **failed** or **chose** not to make a request in writing for an extension to this lease, on this prescribed period of time, as mentioned in this paragraph.

(d) Sub-paragraph - Now, **please keep in mind**, after Mr. Krebs failed or chose not to make his request as explain in the above paragraph, therefore, this same ambiguous Section Eight, **next** in sequence, stated: " Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension." After this quote just mentioned, " Such extension " **can not** exist or continue **in accordance** with this Section Eight lease term because, again as explained, for one reason Mr. Krebs failed or chose not to make a request on the prescribed period, which was on March 28, 2005.

(e) Sub-paragraph - In the Black's Law Dictionary - " **Request** " means: " To **ask** for something or for **permission** or authority to do, see, hear, etc, something; to solicit." Also, in this same Dictionary – " **Such** " means: " That or those; **having just been mentioned**," which in this case was the " **right to request** " concerning the ambiguous Section Eight lease term.

Continue on page 3

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 3

**Conclusion of Mr. Krebs' Ambiguous Section Eight lease <u>term</u>,
in Sub–paragraphs, f, g, h, j, and i listed below:**

(f) — Sub-paragraph - In the conclusion of Section Eight lease term, which states: " Lessee shall give
lessor, **within 60 days** of the natural expiration of the lease term, notice of his intention to either
terminate the lease or extend the lease for an additional three years or an additional five years."
This quote from the conclusion of this ambiguous Section Eight, **contradicts** the prior **remaining**
part of this Section Eight, because it **does not** contain anything about the **prescribed period** of Mr.
Krebs' **right to request**, which was **on March 28, 2005**, and therefore makes no sense.

(g) Sub-paragraph - " SECTION 13 – ENTIRE AG REEMENT " maybe, another reason that Mr.
Krebs failed or chose not to make his request on March 28, 2005, because this section of the lease
states, " The terms and conditions herein constitute the entire agreement of the parties. No
**additions**, modifications, or alterations to the agreement shall be **valid** or **enforceable** unless **in
writing** and **signed** by the parties."

(h) Sub-paragraph - **I (Mr. Smith), Ms. Meyers' agent, who was also deceived and/or mislead** by
this ambiguous Section Eight **interpretation** in the past. Therefore, in, a, b, c, d, e, f, and g, sub-
paragraphs just mentioned above, **involving** this Section Eight, is one of the reasons that Ms.
Meyers registered in the Court of Chancery through her agent, response documents and/or
documents dated October 29, 2004, November 12, 2004, December 18, 2004, January 27, 2005,
and the Amended Answer dated May 19, 2005. In these documents or document or others
document or documents filed, you will find that, in the past before **December 2, 2004**, that it was
made clear to Mr. Krebs, that if Mr. Krebs use his right to request an extension at the **end** of the
original three-year lease term, that Mr. Krebs' request will be denied. In a letter dated December 2,
2004, from Mr. Krebs prior attorney, it stated, " I write today to inform you that my client intends
to exercise his rights under Section Eight of the Lease Agreement and gives you notice of his
intention to extend the lease for an additional five years." Therefore, according to and in
accordance with this Section Eight, the only time Mr. Krebs had **a** right to request an extension,
was on **March 28, 2005**, but failed or chose not to use his right to make his request. Also, Mr.
Krebs' prior attorney' letter does not contain anything about the **prescribed period** of Mr. Krebs'
**right to request**, which was **on March 28, 2005**, and therefore, this also makes no sense.
**<u>See Exhibit C</u>**

(i) Sub-paragraph - I (Mr. Smith), Ms. Meyers' agent, who at one time, also believed the deceit, that
the conclusion quote from this ambiguous Section Eight lease term, which states: " Lessee shall
give lessor, **within 60 days** of the natural expiration of the lease term, notice of his intention to
either terminate the lease or extend the lease for an additional three years or an additional five
years," was part of the **request issue**, but later found that this interpretation is **not true**, as pointed
out in all sub-paragraphs just mentioned above. Therefore, concerning Mr. Krebs' prior attorney'
letter dated December 2, 2004, Ms. Meyers for her safety, through her agent, responded to this
letter, in a letter dated December 18, 2004, page number six (6), which **denied** Mr. Krebs **implied**
Continue on page 4

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 4

extension concerning this conclusion part of this ambiguous Section Eight, which again make no sense to the prior **remaining** part of this Section Eight.

**See Exhibit D**

(j)     Sub-paragraph - In the Black's Law Dictionary -  **" four corners "** means:  " The face of a written instrument. The phrase derives from the ancient custom of putting all instruments (such as contracts) on a single sheet of parchment, as opposed to **multiple pages**, no matter how long the sheet might be. **At common law**, this custom **prevented** people from *fraudulently inserting materials into a fully signed agreement*. The requirement was that every contract could have only four corners.  Therefore, the point is, **Ms. Meyers through her agent, points out the fact that page one (1) and four (4) of this lease dated January 31, 2002, contains her initials and/or name, evidencing Ms. Meyers' agreement to the terms contained thereon, Ms. Meyers therefore denies having agreed to the terms contained on Mr. Krebs' and/or his prior attorney's page two (2) and three (3) of this lease.**

Conclusion, concerning this ambiguous Section Eight term. Section Eight **first** contrary position, of **interpretation** is unconscionable, and when added **together with the second** contrary position of interpretation, it becomes ambiguous and the conclusion quote from this Section Eight lease term, which states: " Lessee shall give lessor, **within 60 days** of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years," **contradicts** the prior **remaining** part of this Section Eight. This **Section Eight is also poorly written**. Furthermore, in agent's response letter dated December 18, 2004, on page 7, it states, " Concerning **one** of Mr. Krebs' original lease dated January 31, 2002, please find enclosed a copy of each page which was never stapled together." **Mr. Krebs gave this unstapled copy to Ms. Meyers on January 31, 2002**. Also, this letter states, " Ms. Meyers told me (agent), before she signed **both of** Mr. Krebs' lease dated January 31, 2002, that papers **were moved to the floor from the table and from the floor to the table** as Mr. Krebs read each page and had Ms. Meyers signed the last page of the lease." *Note: Mr. Krebs also had Ms. Meyers to initial only the first page on each lease*.

*E    F*

**REASON THREE** – Mr. Krebs' **unpaid** rent/prior to March 28, 2005, issue, in the amended answer dated May 19, 2005, also see exhibits **D** and **E** for proof.  " SECTION 13 – ENTIRE AG REEMENT " of Mr. Krebs' lease dated January 31, 2002, states,     " The terms and conditions herein constitute the entire agreement of the parties.  No **additions**, modifications, or alterations to the agreement shall be valid or enforceable unless **in writing** and signed by the parties." See a, b, c, and d listed below:

Continue on page 5

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 5

(a) Fact – Located in the amended answer under **exhibit D**, you will find an **additional agreement** dated **September 2, 2002**, which is a part of Mr. Krebs' January 31, 2002, lease agreement. This additional agreement was **signed by both parties, in accordance** with Section **13 – ENTIRE AGREEMENT** lease term, to trade Ms. Meyers a mobile trailer for nine hundred fifty ($ 950.00) dollars **rent** deduction for the leased two and half acres. This mobile trailer is not the agreed size and Ms. Meyers never received a title of ownership from Mr. Krebs. The details can be found in the amended answer and evidence can be found in **exhibit E**, concerning the true owner of this mobile trailer, who is Mr. F William Simpson of Bishopville, Maryland. You will find in **exhibit E**, that Mr. Simpson confirm in writing that Mr. Krebs has an " Outstanding balance in landscape materials of $ 115.00 is still due from Steven Krebs." Therefore, Mr. Krebs **illegally sold** Ms. Meyers a mobile trailer to live in, in the State of Delaware, and knowingly without a title. Furthermore, Mr. Krebs **illegally moved** this mobile trailer out of the State of Maryland **without a permit, from the State of Maryland.** Also, Mr. Krebs **illegally moved** this mobile trailer into the State of Delaware **without a permit** and **illegally placed** this mobile trailer in Ms. Meyers' back yard **without a permit**. Conclusion, **Mr. Krebs breached this September 2, 2002, additional, agreement** as pointed out, and Ms. Meyers wants Mr. Krebs to move this **illegal mobile house trailer**. Prior to March 28, 2005, Mr. Krebs has an outstanding balance owed to Ms. Meyers for **rent** of nine hundred ($ 950.00) dollars. ---- Also, this outstanding balance for **rent is a breach** of the **ambiguous Section Eight and Section Nine** of Mr. Krebs lease dated January 31, 2002.

**See Exhibit E and five pages of -- Exhibit F**

(b) Fact – As of March 11, 2004, based on Mr. Krebs' **illegal act(s) and/or wrongful act(s)** Ms. Meyers refused to be a partaker with Mr. Krebs and therefore, will not accept **any rent** from Mr. Krebs for the lease two and half acres parcel, although this rent now total to **approximately eight thousand ($8,000.00) dollars**.

(c) Fact – **Illegally without a State of Delaware permit**, Ms. Meyers stated, that Mr. Krebs told her that he will help her to **replace** her 14 feet wide mobile house trailer with the mobile house trailer which she agreed and believed to be a 16' or 14' x 60,' **at midnight when no one would notice**, but Ms. Meyers **refused** to participate in or sanction this illegal act, and at that time, again requested the title so that she could get the **necessary permits**.

(d) Fact – **County Constable's Office of Georgetown, Delaware** Mr. Pete Dirks confirm that this mobile trailer, which is mentioned in (c) above, must be moved because it is **illegally placed without a permit**. Ms. Meyer's agent promised to give Mr. Pete Dirks the proof of the true owner and who, illegally moved, and illegally placed this mobile trailer in Ms. Meyers' back yard.

**Conclusion, Ms. Meyers, and agent will report to the State of Delaware and the State of Maryland Attorney General's Office, to see what can be done about Mr. Krebs fraud concerning the deceitful size and illegally selling a mobile house trailer to live in for money, but without a title. With common sense, Mr. Krebs knew that he was not the owner of this trailer, and never paid Ms. Meyers' $ 950.00 dollars back prior to March 28, 2005. *This is also a criminal issue.***

Continue on page 6

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 6

*p.ⁿ*
*D.2*
*noⁿ*

**REASON FOUR – January** 31, 2002, lease Section Nine **Mr. Krebs did accept " Asking price "** sixty days prior to March 28, 2005. **Enclosed** is a copy of Mr. Krebs' prior attorney' letter dated November 23, **2004**, in the first paragraph he stated, "... my **client** would like to make an offer to purchase that **2.5 acres piece of property**." These boundaries for this " 2.5 acres piece of property " was designed by Mr. Krebs against Ms. Meyers' will and/or agreement as pointed out in letters, (a) (b) (c) and (d), in the paragraphs below. Now, keep in mind that Mr. Krebs' prior attorney filed Mr. Krebs' lawsuit on February 23, 2005. Therefore, since November 23, 2004, through to February 23, 2005, and to date, again those boundaries remains as Mr. Krebs illegal designed them against Ms. Meyers will and/or agreement. **Common sense question is**, how can Mr. Krebs make a **request** to purchase this 2.5 acres piece of property, if he does not know of his **own illegal designed boundaries?**

<u>**See two pages of –Exhibit G**</u>

(a) For boundaries details, for now see, Ms. Meyer's agent's letters dated December 18, 2004, and letter dated June 7, 2005, for detail understanding. Ms. Meyers continues to own this leased " 2.5 acres piece of property " to date, for legal issues also.

(b) Now, after Ms. Meyers **only** signed her name and/or her initials on pages 1 and 4, of Mr. Krebs lease dated January 31, 2002, Mr. Krebs continued to create **Parcel B's** boundaries which can be seen on **video tape**. Ms. Meyers only agreed that Mr. Krebs may lease 2.5 acres with a 175 feet of Road frontage starting from the well point, but Mr. Krebs illegally added 158 feet more of road frontage and created Parcel B boundaries, by installing the fence too far Northwest. *Also in one location in the back of the 2.5 acres, Mr. Krebs used string for a boundary, and in another location in the back of this same 2.5 acres Mr. Krebs used fence for a boundary, can be seen on video tape.* Parcel B is only Mr. Krebs' "... mutual agreement on-site," but it is not Ms. Meyers' verbal "... mutual agreement on-site." Ms. Meyers told Mr. Krebs that he went too far northwest concerning the Road frontage. Ms. Meyers told me that Mr. Krebs responded to her by saying there is nothing that she can do about this now. Also, under Section 7, of Mr. Krebs lease he stated, *" Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties, "*

<u>**See Video Tape – Exhibit H**</u>

(c) On January 17, 2006, in a phone conversation with Mr. Krebs' new attorney Mr. John E. Tarburton, who stated that, "... new information came to my attention at the end of last week and ah the **client**, and I agreed with him ah we believe that ah it was importance to go ahead and get the matter filed now. Apparently it was some deeds that has been filed, and some land that changed hands." " You have conveyed title to certain property by recording deeds **during the time** that you and I have been talking." Agent's **response was no, (not true)**. Keep in mind, attorney Tarburton, I (Mr. Smith) started talking to you on November 14, 2005, and last spoke with you on January 17, 2006. Therefore, **respectfully my advice to you**, please check the government Recorder of Deeds to confirm this **new information** to be the <u>**truth**</u> or a <u>**lie**</u>.

Continue on page 7

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 7


(d) Conclusion, in Mr. Krebs' lease dated January 31, 2002, under Section Nine, which confirms,
" **asking price.**" Therefore, in the Black's Law Dictionary - " **Asking price** " means: " The price
at which a seller lists his property for sale." In Ms. Meyers' agent's letter dated November 12, 2004,
to Mr. Krebs' prior attorney, on page two (2) of this letter, Ms. Meyers through her agent asked Three
Million Five Hundred Thousand dollars ($ 3, 500, 000. 00), for the two and a half acres, concerning
those boundaries which Mr. Krebs illegally designed. **This property is five miles from the beach,**
**being illegally used for commercial use, also it has road frontage and continues to go up in**
**price.** --- Ms. Meyers' through her agent answered Section 9, of this lease Pro Se, as I think I should,
**but nothing is to be implied that Ms. Meyers wants to sell.** ---- Again, Ms. Meyers through her
agent, points out the fact that page one (1) and four (4) of this lease dated January 31, 2002, contains
her initials and/or name, evidencing Ms. Meyers' agreement to the terms contained thereon, Ms.
Meyers therefore denies having agreed to the terms contained on Mr. Krebs' and/or his prior
attorney's page two (2) and three (3) of this lease.   **Please take notice,**--- **in** accordance with Section
9, Mr. Krebs and/or his prior attorney **did not accept or reject** this **asking price** in this paragraph.

Note: Mr. Krebs did not **accept this " Asking price " mentioned in the above** paragraph. Furthermore,
I hope that Mr. Krebs will be able to **understand the difference in the meaning,** between
**"Asking Price" vs. " Market Price."**

<div align="right">

**See Exhibit I**
</div>


**REASON FIVE – Mr**. Krebs' January 31, 2002, lease SECTION 1, and SECTION 7, fails to indicate a
**specific** location for the leased " 2.5 acre piece of property." Also, this lease does not enclose and/or
include a boundary survey plat drawing.

<div align="right">

**See four pages of – Exhibit B - again**
</div>

Therefore, in Mr. Krebs' prior attorney's letter, which states, " **Dictated But Not Read** " and dated May
31, 2005, therein Mr. Krebs prior attorney stated, " As you may know, we have applied for conditional
use because the County has required it at this point. As a part of that application process, we need a
survey to be done. However, no surveyor is willing to conduct a survey unless the entire parcel is
surveyed, not simply the portion that my client leases from you. I write today asking for your **permission**
**to allow a survey** of the entire parcel." Keep in mind, "... the entire parcel " was a 39.02 acre parcel, **at**
the time Mr. Krebs and Ms. Meyers signed and/or initialed page 1 and 4, only of Mr. Krebs' lease dated
January 31, 2002. The answer to Mr. Krebs' prior attorney' letter of **request,** which states, " **Dictated**
**But Not Read** " and dated May 31, 2005, was **denied** in agents detailed response letter dated June 7,
2005.

<div align="right">

**See Exhibit J**
</div>

(a) For this " 2.5 acre piece of property," Mr. Krebs and/or his prior attorney failed to draft a lease,
which allows a boundary survey for a **specific** location.

<div align="right">

Continue on page 8
</div>

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 8

(b) Mr. Krebs and/or his prior attorney failed to draft a lease, which makes his lease a part of Ms. Meyers' inherited 17.34 acre parcel, after it was **subdivided** from this 39.02 acres parcel, in the year of 2003. **Keep in mind**, that Mr. Krebs lease is dated January 31, 2002.

(c) Likewise, Mr. Krebs and/or his prior attorney failed to draft a lease, to stop Ms. Meyers from selling a 14.84-acre parcel of her inherited 17.34-acre parcel. Ms. Meyers continue to be the owner of this leased " 2.5 acre piece of property." Again, those boundaries to this " 2.5 acre piece of property" remain as Mr. Krebs illegal designed them, against Mr. Meyer's will and/or agreement. See attached up dated **Video Tape** of Mr. Krebs standing near the **same** boundaries only designed by him.
<div align="right">

**See Video tape – Exhibit H - again**
</div>

(d) **Mr. Krebs and/or his prior attorney failed to draft a lease, which demand consent from Ms. Meyers.**

Conclusion, Mr. Krebs, and/or his prior attorney draft a lease, which **did not** demand consent from Ms. Meyers. In Mr. Krebs' January 31, 2002, lease under term " **Section 7,**" which states, " **Consent** of the lessor is **not** necessary for lessee to make **any** future improvements,...."
<div align="center">

*AT THE SAME TIME* –See four pages of – Exhibit B – again and See Exhibit K
</div>

In the Black's Law Dictionary - " **Consent** " means: " Agreement; approval; permission;... ." Furthermore, Mr. Krebs is not the property owner of Ms. Meyers' " 2.5 acre piece of property," but Mr. Krebs used his lease term Section 7, to sign his name as property owner to install a water well into this leased " 2.5 acre piece of property," prior to March 28, 2005, without Ms. Meyers' consent and/or permission. Therefore, agent pointed out Mr. Krebs fraudulent act of signing his name on a government document as property owner, to the State of Delaware Department of Natural Resources & Environmental Control of Dover Delaware, Manager Mr. Stewart Lovell, who wrote agent a letter dated March 30, 2004, and stated, " Section Seven of the agreement allows Mr. Krebs to make improvements related to his business." -- **Clearly, Mr. Krebs and/or his prior attorney tried to designed their January 31, 2002; lease to work as a property deed and/or a power of attorney document.**
<div align="right">

**See Exhibit K - again**
</div>

**But**, another government agency, which is the State of Delaware Department of Transportation Deputy Attorney General Frederick H. Schranck, who made it very clearly to Mr. Krebs and his prior attorney that Mr. Krebs will not receive **another** entrance permit, without a **power of attorney**, which is in accordance with their policy. DOT, **will not again accept Mr. Krebs lease**. Mr. Krebs also, fraudulently signed his name as property owner on this government permit in the past.

Mr. Krebs does not respect Ms. Meyers' rights, and Ms. Meyers' agent have the evidence of violations for proof concerning her " 2.5 acre piece of property." The Mr. Krebs' illegally signing as property owner, is **another** issue for the **Criminal Department of the Attorney General's Office in the State of Delaware**.

<div align="right">

Continue on page 9
</div>

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 9

**REASON SIX – The** January 31, 2002, lease contains no provisions or remedies for Ms. Meyers in the event of a breach, whish is unconscionable. The January 31, 2002, lease contains no provisions or remedies for Ms. Meyers in the event of a breach of a tern or terms of the agreement by Mr. Krebs, which is unconscionable. Page one (1) and four (4) of this lease, contains Ms. Meyers' initials and/or name, evidencing Ms. Meyers' agreement to the terms contained thereon, Ms. Meyers therefore denies having agreed to the terms contained on Mr. Krebs' and/or his prior attorney's page two (2) and three (3) of this lease. **It is unconscionable for Mr. Krebs and his new attorney to hold Ms. Meyers responsible for page 2 and 3 of this lease, based on the fact they have no proof, contain thereon, those unsigned pages.**

(a)    The payment of approximately $ 333.00 per month or $ 4,000.00 per year in rent for a 2.5 acre parcel of land, located on a main road five miles from the beach of Fenwick Island, Delaware, is also unconscionable.

**REASON SEVEN – In** Ocean City Maryland " The Dispatch " news paper dated December 30, 2005, page 21A, under " Four Months For Sex Offender." Mr. Krebs "... sexually assaulting his **friend's** girlfriend...." Therefore, when Mr. Krebs is release from the **State of Maryland's Jail,** Ms. Meyers is concern about, whether or not; Mr. Krebs will be registered in the State of Delaware as a Sex Offender, under **11 Delaware Code, Section 4121.** Mr. Krebs remains on Ms. Meyers' " 2.5 acre piece of property," regardless of the fact that his lease ended on March 28, 2005. This property is located next door to Ms. Meyers. **Ms. Meyers now have concerns about her self, daughter, and granddaughter when they come to visit.** In agent's letter dated October 29, 2004, on page eight (8), under " retaliate issues," **in the past** agent stated, " For the record, I understand that Mr. Krebs keeps a gun (pistol) in his red Ford pick-up truck." If true, a conceal gun (pistol) will be in violation of Mr. Krebs' two (2) year probation after release from the State of Maryland's Jail. Concerning agent's experience with Mr. Krebs conduct, agent found that Mr. Krebs is very **skilled** with stories in his favor, as the **interpretation** of his January 31, 2002, lease. Therefore, see Mr. Krebs story vs. victim's story below:

<div align="right"><u>See Exhibit L</u></div>

(a) This news paper states that Mr. Krebs, "... pleaded guilty earlier this month to a fourth-degree sex offense and was sentenced to a year in jail with all but four months suspended."

(b) . This news paper stated, " **The victim said she fell asleep and a short time later woke up to <u>find</u> Krebs performing oral sex on her. She immediately <u>kicked</u> Krebs away when she realized what was happening, according to the police report on the incident."**

<div align="right">Continue on page 10</div>

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 10

(c)    This newspaper stated that **Mr. Krebs** said, " **He said at one point he went into the victim's room and began kissing her as she slept before performing oral sex on her.**"

(d)    This newspaper stated that, " *The victim said he stopped because she kicked him away, but Krebs said he stopped because he suddenly felt remorseful.*"

(e)    This newspaper stated that the police, "... placed Krebs under arrest for third- and fourth-degree sex offense."

Based on all mentioned above, Ms. Meyers **does not trust** Mr. Krebs next door to her.

**See Exhibit L - again**

Mr. Krebs' January 31, 2002, lease ended on March 28, 2005. Ms. Meyers and her attorney in fact / agent / witness, hope that the court dismiss this case, numbered 1120 – S, based on filed documents with this court and/or the reasons mentioned in this letter.

**Response to Attorney Tarburton's letter dated November 11, 2005, and the moot issue concerning attorney Tarburton's Motion to Amend Complaint below**

In your letter dated November 11, 2005, you stated, " This matter has been transferred to me as Plaintiff's former attorney has been appointed to a position in the Delaware judiciary." Former attorney Alan Davis, who was appointed to the Delaware judiciary did not add Ms. Meyers' agent as a defendant in his complaint filed on February 23, 2005. Attorney Tarburton, you have chosen to add Ms. Meyers' agent in your motion to the amended complaint dated **January 13, 2006**. The adding of Ms. Meyers' agent Mr. Dennis Smith as Defendant in your **Motion to Amend Complaint to join an additional Defendant** dated January 13, 2005, is **MOOT**, because Mr. Krebs' lease dated January 31, 2002, ended on March **28, 2005**, as mentioned above in this letter.

For understanding only, therefore in this **moot Motion to Amend Complaint to join an additional Defendant** dated January 13, 2005, you stated, " In this action, Plaintiff seeks to strike the appearance of Dennis L. Smith, who is not a member of the Delaware Bar, and to add Dennis L. Smith as a Defendant". Ms. Meyers' agent never entered his appearance as an attorney at law, but has been granted a power of attorney by Ms. Meyers to act in her name, place and stead in any way, which Ms. Meyers could do, if she were personally present. In the past Complaint filed by Former attorney Alan Davis, states in number 3, "... Smith has been acting with **apparent authority** and Defendant Meyers has **ratified his actions.**"

Continue on page 11

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 11

Ms. Meyers' agent (Mr. Dennis L. Smith) will keep his **accepted agreement**, which is written in the General Power of Attorney and recorded in the Recorder of Deeds in Book 00776, page 041, dated October 27, 2003. At the bottom of this power of attorney agreement it states, " My attorney-in-fact/agent hereby accepts this agreement, and I affirm and **ratify all acts so undertaken**." These acts also, includes Ms. Meyers' leased " 2.5 acre piece of property," to Mr. Krebs, which is identified as Tax Parcel No. 5-33 –11.00 –82.00, Parcel B.  A true and correct copy of said power of attorney is attached hereto as:
**See Exhibit A - again**

**Some claimed, reason(s) why the Motion to amend Complaint dated January 13, 2006, had to be file below:**
Attorney Tarburton on November 14, 2005, in a phone conversation you stated, "... you can't file documents in a court for a client, unless you are a lawyer and the answer and the amended answer ah the pair of copies I have was **only** signed by you." Ms. Meyers is not my client, and this statement is not true, please look at your copies again and look at the ones filed in the Court of Chancery for the truth. Attorney Tarburton, your quote in this paragraph **is not true**.

On January 17, 2006, in a phone conversation with Mr. Krebs' new attorney Mr. John E. Tarburton, who stated that, "... new information came to my attention at the end of last week and ah the **client**, and I agreed with him ah we believe that ah it was importance to go ahead and get the matter filed now. Apparently it was some deeds that has been filed, and some land that changed hands." " You have conveyed title to certain property by recording deeds **during the time** that you and I have been talking." Therefore attorney Tarburton, please check with the Recorder of Deeds for your own proof. **Furthermore, your Motion for a amended complaint that you filed dated January 13, 2006, does not contain anything about "... some deeds that has been filed, and some land that changed hands," based on your new information.** Attorney Tarburton, those quotes from your conversation in this paragraph **are not true**.

Attorney Tarburton, you promised in the past, that you would first of all, look into a past Court of Chancery case involving Ms. Meyers and her agent, under case number C.A. NO.: O69 – S, to see if it set president, for agent (Mr. Smith), action with the power of attorney dated October 27, 2003, but as of January 17, 2006, you confirm in a phone conversation that **you have forgot**.

Professional conduct rules: Rule 8.4.  Misconduct, it is professional **misconduct** for a lawyer to: (c) engage in conduct involving **dishonesty**, fraud, **deceit** or **misrepresentation**;..." This paragraph only concerns 1, 2, and 3 as just mentioned above.

**Please take notice:** Under this past civil case number 069-S, Judge Leo E. Strine Jr., explained to Ms. Meyers and her agent (Mr. Smith), that both must sign all documents. Both, Ms. Meyers and her agent Smith was Pro Se in this case.  Ms. Meyers' agent in this case, based on the power of attorney dated October 27, 2003, acted **Pro Se and as Ms. Meyers' witness** in court, and also in court Ms. Meyers acted Pro Se on her part and a witness to her agent. *Furthermore, see Judge Leo E Strine Jr's order and Attorney Tarburton's letter dated November 11, 2005, at the same time. See two pages of--Exhibit M*

Continue on page 12

Mr. Tarburton and Chancellor William B. Chandler III
January 19, 2006
Page # 12

Concerning my response letter to your letter dated November 11, 2005, on January 17, 2006, in a phone conversation, Attorney Tarburton you stated to me (Mr. Smith), " You can tell the Judge, I talked to Mr. Tarburton and he said that I had plenty of time to file this letter, and then I talked to him the following Monday and he decided to go ahead, file the amendment, **I am not going to denied that, that is what occurred.**" Therefore, the reason that Attorney Tarburton decided to brake our verbal **agreement**, was because, "... **new information** came to my **attention** at the end of last week and ah the **client**, and I agreed **with him** ah we believe that ah it was importance to go ahead and get the matter filed now. Apparently it was some deeds that has been filed, and some land that changed hands." " You have conveyed title to certain property by recording deeds **during the time** that you and I have been talking." Clearly it appears that someone **deceived** Attorney Tarburton and therefore damage our verbal agreement, which would have allowed agent's response letter before Attorney Tarburton's motion to amendment dated January 13, 2006.

As per the cover sheet for Notice of Motion dated January 13, 2006, is not correct concerning the address for Dennis L. Smith. Dennis L. Smith address alway read P. O. Box 311, Selbyville, DE 19975, as per all my documents indicate. I do not appreciate the implication that Ms. Meyers and I live at the same address.

## Any documents mentioned and needed in this letter, which is not enclosed please request for proof. Thank you.

Respectfully submitted,

Dennis L. Smith
Patricia A. Meyers

cc:   Mr. Steven Scott Krebs, by certified Mail, 7002 2410 0001 0238 2091, this courtesy copy includes all attached document. **( This act was authorized )**

Enclosed: Exhibits A, B, C, D, E, F, G, **H** is a **video tape**, I, J, K, L, and M

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE     :
GARDEN CENTER,                  :     C.A. No.: 1120 - S
                               :
       Plaintiff,                :
                               :
   v.                              :
                               :
PATRICIA A. MEYERS,         :
                               :
       Defendant[.]s.          :

## ORDER

AND NOW, TO WIT, this _____ day of _____, 2006, this Court

having duly considered Defendant's Motion to Dismiss the Amend Complaint;

IT IS HEREBY ORDERED that Defendant's Motion is hereby GRANTED.

_____
            J.

CERTIFICATE OF SERVICE

I hereby certify that two true copies of the Motion to dismiss have been Hand-Delivered this _____9th____ day of February 2006 to counsel for the Plaintiff at the following address:

> John E. Tarburton, Esq.
> Procino & Tarburton LLP
> 123 Pennsylvania Avenue
> Seaford, Delaware 19973

and that counsel has received these two copies by attorney-in-fact/agent/witness Mr. Dennis L. Smith.

A
B
C
D
E
F
G
H
I
J
K
L
M
N
O
P
Q
R
S
T
U
V
W
X
Y
Z

Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit
Exhibit

wilson jones.





65684

*Exhibit A*
**General Power of Attorney**

BK 00776 PG 041

**TO ALL PERSONS**, be it known that I, ___Patricia A. Meyers___
Drivers License No. 427897, of ___RT #4   Box 163A   Frankford, DE. 19945___,
located in Sussex County, the undersigned Grantor, do hereby make and grant a general power of
attorney to my close friend of the family, ___Dennis L. Smith, Sr___,
of ___RT 3   Box 96   Frankford, DE. 19945___, and do thereupon constitute and
appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I
myself could do, if I were personally present, with respect to the following matters, to the extent
that I am permitted by law to act through an agent: Grantor gives agent complete authority, to
any and all real estate properties, leased properties, including any and all properties sold to,
will to and/or owned by Grantor, to act and/or handle as agent choose in any matter. See most
details below of real estate powers.

Real Estate Powers

**DEAL WITH PROPERY.** To retain, invest in, sell, mortgage, lease, exchange, manage,
subdivide, develop, build, alter, repair, improve, raze, abandon, or otherwise deal with or dispose
of any property and to execute, acknowledge and deliver any and all contracts, deeds, leases,
assignments, assignments of, extensions of, satisfactions of, and releases of mortgage, subordination
agreements, and any other instrument or agreement of any kind in connection therewith and
affecting real and personal property located at County Road 382, near Johnson's Corner, Baltimore
Hundred, Sussex County, Delaware consisting of 39.02 acres with improvements and any property
hereafter owned by Grantor located anywhere, which my attorney-in-fact/agent may deem to be
necessary.

My attorney-in-fact/agent has complete authority to appoint another agent and/or agents
other than himself to have the same complete authority or limited authority, through a written
agreement. In my will, to my son ( Mack L. Davis Jr. ) and agent, also will allow my agent to
continue with complete authority as mentioned in this document.

**Notice:** Any copy of this document, received by anyone, is to prove the authority that the agent
has now and had verbally before. This idea of giving complete authority to my agent,
was initiated by me, ( Grantor ). There are four (4) of these same exact Power of
Attorney documents signed, witnessed to, and notarized, which are superior over any other
power of attorney that I had granted to my attorney-in-fact/agent, but, one (1) of these
four (4) must be recorded in the Recorder Of Deeds.

My attorney-in-fact/agent hereby accepts this agreement, and I affirm and ratify all acts so
undertaken.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this 27th day
of ___October___, A. D. 20 03 .

Witnesseth:

_____
Witness

_____
Witness

_____
Granter          Pat  A. m

_____
Attorney-in-Fact/Agent    Dennis L. Smith Sr.

STATE OF DELAWARE :
: ss.
COUNTY OF SUSSEX :

RECORDER OF DEEDS
JOHN F. BRADY

03 OCT 27 AM 11: 51

I HEREBY CERTIFY that on this 27th day of ___October___, A. D. 20 03 ,
personally came before me, a Notary Public for the State and County aforesaid, Patricia A.
Meyers, and acknowledged the foregoing Power of Attorney to be her act and deed.

SUSSEX COUNTY
SURCHARGE PAID

KAREN M. SAMSEL
NOTARY PUBLIC - DELAWARE
My Commission Expires March 10, 2005

_____
NOTARY PUBLIC





www.wilsonjones.com

*Exhibit B*

# Commercial Lease Agreement

Commercial lease agreement, made and entered into on the __31__ day of __January__ 2002, between Patricia A. Meyers of Rt. 2, Box 103A, Frankford, Delaware 19945, referred to herein as "lessor" and Steven Krebs, D/B/A Kreative Gardens, of 91 Seagull Road, Selbyville, Delaware 19975, referred to as "lessee."

In consideration of the premises and performance of the provisions of this lease agreement, the parties agree and covenant as follows:

## SECTION 1 – LEASED PREMISES

Lessor leases to lessee and lessee leases from lessor, for use in a commercial plant nursery, retail sales outlet, and associated landscaping storage, sales, service, and operations, a 2.5 acre +/- portion of lessor's six acre parcel known as Tax Parcel Number 5-33-11-82 and located northeast of Road 382 and approximately 1100 feet northwest of Road 384, referred to herein as "premises." Lessor and lessee shall, upon execution of this agreement delineate the boundaries of said portion of the larger parcel by mutual agreement on-site.

## SECTION 2 - TERM

The term of this lease shall be for a period of three years commencing on March ~~1~~, 2002 and continuing in force until midnight ~~February 28~~, 2005, unless terminated earlier as provided for in this lease or by operation of law. *March 2nd*

## SECTION 3 – RENT

Lessee, in consideration of the leasing of the premises, agrees to pay rent in the sum of $4000.00 per year, payable in two installments of $2000.00. Rent installments shall be due on March 10 and October 10 at the lessor's address above or at other locations as lessor, from time to time, may direct lessee. Lessor agrees to accept rental payments from lessee or his agent up to and including five days after the due date, without penalty to lessee. Lessor may require payment of a late fee of 2% of the amount due fro each month the amount remains due.

## SECTION 4 – SIGNING BONUS

Lessee shall pay to lessor, at the time of the first installment payment under this lease agreement, a one-time bonus of $1000.00. Such amount is in excess of the established rent installment, and is paid in consideration of lessor's agreement to enter into this lease, as well as items noted herein.

*Exhibit B*

## SECTION 5 – LANDSCAPING OF ADJOINING RESIDENCE

Lessee, in consideration of the leasing of the premises, shall, within six months of the commencement of the lease term, undertake the clean-up and basic landscaping of lessor's residence, which adjoins the leased premises. Such clean-up shall be a "one-time-only" event for no charge and shall not otherwise be considered an ongoing obligation of the lessee. Such service shall be to place the property in a condition presentable for customers of lessee and shall be considered a benefit for both parties.

## SECTION 6 – USE OF PREMISES

A. The premises shall be used and occupied by lessee for use in commercial enterprises related to the maintenance, storage, and sale of plants, landscaping supplies and other lawn, garden, or household materials. Lessor hereby acknowledges that lessee shall conduct retail and wholesale sales, operate landscaping services, and use the property for related enterprises; lessor explicitly consents to such use.

B. Lessee shall comply with the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the premises during the term of the lease.

C. Lessee shall not use the premises for any illegal purpose.

## SECTION 7 – IMPROVEMENTS, MODIFICATIONS, ALTERATIONS

Lessor gives lessee authority to make such improvements, alterations or additions to the premises as necessary for the establishment, maintenance and operation of the commercial enterprises of lessee. Such alterations or improvements include, but are not limited to, clearing the leased property, erection of storage buildings, greenhouses and a sales facility, placement of signage, and building and maintenance of a fence. Consent of the lessor is not necessary for lessee to make any future improvements, so long as the general use of the improvement is within the overall scope of the aforementioned uses of the property by lessee or any reasonable extension of those purposes.

Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties.

Any improvements, alterations or additions made by lessee during the course of the lease remain the property of the lessee and shall be removed by lessee, at his expense, prior to the natural termination of the lease term. Lessor retains the right to purchase any improvements to the property, and shall give lessee 90 days notice in advance of the termination of the lease term of the desire to make such a purchase. Lessee is not entitled to any payment for the initial clearing of the property. If the parties are unable to reach agreement upon a purchase price with in 30 days, lessee may begin the removal process. Upon natural termination of the lease term,

*Exhibit B*

lessee shall leave the premises clear of debris and excess material, with all holes or other evidence of removal of improvements filled or repaired.

Should this lease be cancelled, revoked or otherwise terminated by agreement or operation of law prior to the natural expiration of the lease term, lessee shall have 90 days to remove any and all improvements and return the property to the above-mentioned condition.

## SECTION 8 – EXTENSION OF LEASE TERM

In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to request an extension of the lease term for three years or five years, at his option. Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension. Lessee shall give lessor, within 60 days of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years.

## SECTION 9 – RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END

In consideration of rent and the additional signing bonus mentioned above, lessor hereby gives lessee the right of first refusal for the sale of the leased premises and/or the entire 6-acre parcel. Should lessor receive a firm offer of sale for the parcel or any portion thereof, she shall offer that property for sale to the lessee upon the same terms and conditions as would be a part of the sale to the third party. Lessee shall have fifteen days from the date he is provided with written notice of the offer to accept or reject the offer.

Sixty days prior to the expiration of the lease term and any extension thereof, lessor shall provide lessee with an asking price for the purchase of the leased premises and/or the entire 6-acre parcel.

## SECTION 10 – REGULATORY APPROVAL / EFFECT OF DENIALS

Upon execution of this lease, lessee shall take immediate and appropriate steps to secure regulatory approval of his proposed use of the property. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. If such approvals are not forthcoming within two months from the signing of this lease, or if lessee is denied approval, lessee shall have, at his discretion, the option to void the lease.

If any other regulatory agency, entity, or political sub-division imposes a requirement for approval which makes the proposed business economically, physically, or otherwise unfeasible, lessee shall have, at his discretion, the option to void the lease. Upon such election by the lessee, lessor shall be entitled to retain the signing bonus and a share of any rent paid, prorated by the number of days lessee held possession of the leased premises.

*Exhibit B*

## SECTION 11 – ASSIGNMENT, SUBLEASE, TRANSFER

This rights and obligations under this agreement may not be assigned or otherwise transferred by either party without the signed, written consent of the other party. Lessee may not sublease the parcel or any portion thereof without the signed, written consent of lessor.

Lessor hereby consents to the assignment of this lease to any business entity created by lessee to conduct the business operating on or from the property. Such an entity may be a corporation, L.L. P., or any other independently operating business form recognized by Delaware law. Upon such assignment, all rights and obligations shall accrue tot eh business entity and lessee shall have no further liability under this lease agreement. Lessee shall give lessor notice of the assignment in a timely manner.

## SECTION 12 – GOVERNING LAW

This agreement is made under, and controlled by, the laws of the Sate of Delaware.

## SECTION 13 – ENTIRE AGREEMENT

The terms and conditions herein constitute the entire agreement of the parties. No additions, modifications, or alterations to the agreement shall be valid or enforceable unless in writing and signed by the parties.

## SECTION 14 – WAIVER

Any waiver, exception, or other excuse of any provision or violation of any provision of this agreement shall not constitute a general waiver of the agreement and, further, shall not constitute a waiver of any future breach.

IN WITNESS WHEREOF, the parties have set their hands and seals:

_____ (seal)     Date: __1\31\02__
Patricia A. Meyers, lessor

_____ (seal)     Date: __1\31\02__
Steven S. Krebs, lessee





www.wilsonjones.com

*Exhibit C*

**HENRY CLAY DAVIS III, P.A.**

**H. CLAY DAVIS, III**
chaydavis@davislawoff.com

**HENRY C. DAVIS**
hcdavis@davislawoff.com

**LAW OFFICES**
303 N. BEDFORD STREET
P.O. BOX 744
GEORGETOWN, DELAWARE 19947
TEL: 302-856-9021
FAX: 302-856-1556

**ALAN G. DAVIS**
adavis@davislawoff.com
Admitted to:
Delaware-Maryland

2 December 2004

Patricia Meyers
RT 2 Box 103 A
Frankford, Delaware 19945

RE:    My Client: Steven Krebs

Dear Ms. Meyers:

As you know, I represent Steven Krebs in regards to the lease he has with you for the property on which his business sits.

I write today to inform you that my client intends to exercise his rights under Section Eight of the Lease Agreement and gives you notice of his intention to extend the lease for an additional five years.

If you have any questions or concerns, please feel free to contact me.

Sincerely,

Alan G. Davis

AGD/ala
Cc:    File
       Steven Krebs
       Dennis Smith





www.wilsonjones.com

*Exhibit D*

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
December 18, 2004
Page 6

This new information: A Deed dated June 30, 2003 , " 17.34 " acres parcel, known as Tax Map 5 - 33 11 .00 82.00 Tract No. 3 , is found in Ms. Meyers' Deed dated June 30, 2003 , but can not be found in Mr. Krebs' lease dated January 31, 2002 , why ?

Also, I will " make sure that this **39.02 acre parcel** " of deceased, Mr. George A. Evans' is corrected. from being illegally subdivided by a conspiracy, involving Sussex County Director, Lawrence D. Lank of Planning and Zoning, of P. O. Box 417 Georgetown, DE 19947, and Real Estate Attorney, " Dean A. Campbell." You will find the details to this conspiracy in my letter dated November 11, 2003, with certified No. 7099 3400 006 3821 7610, to Attorney General Ms. Jane Brady. Also this letter is a part of a past Civil Suit C. A. 69-S and it is recorded in the Court of Chancery of State of Delaware in and for Sussex County. This letter will confirm that Mr. Lank and Mr. Campbell violated 17 Delaware Code, Section 131. This property Deed contains a fifty (50) feet illegal easement and was illegally recorded in the government Record of Deeds. Also, illegally recorded was an illegal plat drawing identified by B - 403A, Project No. 94041 with the added date " 6 - 2 - 03 Easement."

        *real estate conspiracy and/or actionable negligence ends here.*

### Response to Mr. Davis Letter dated December 2, 2004 Below

I understand that you ( Mr. Davis) represents Mr. Seven S. Krebs.

Based, on the information in my letter dated October 29, 2004, the information in my letter dated November 12, 2004, and the information in this letter, Mr. Krebs' lease dated " 1 / 31 / 02 " will not receive an " extension." PLEASE TAKE NOTICE , under " SECTION 8 -EXTENSION OF LEASE TERM " it states, " In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to **request an extension of the lease term for three years or five years, at his option.**" My letter dated October 29, 2004, page # 2, points out this **AMBIGUOUS** language in detail under section 8. Therefore, Mr. Krebs' **request for an additional three years and/or** "... an additional five years " is **DENIED.**              **Response to Mr. Davis letter dated December 2, 2004, ends here.**

### " RETALIATE ISSUES "

In my letter dated October 29, 2004, on page # 8, under " RETALIATE ISSUES," I ( Mr. Smith ) stated, "Also, I hope there are no type of <u>created accident</u> or <u>accidents</u> <u>after this letter</u> , on this leased property and/or from anyone involved in those wrongful acts, indicated in this letter." But, on November 9, 2004, Mr. Krebs and/or his mother called the police on me (Mr. Smith) and falsely accused me of stalking, simply because his mother saw me driving in " Swann Estates." That evening when the Delaware State Police contacted me about the complaint, I informed the officer that I was on business shopping for home prices on Seagull road in " Swann Estate " and showed the officer a fax copy concerning my business in " Swann Estate." **The State Police Officer, clearly responded by stating, that he <u>did not</u> believe the complaint and would file the complaint as " unfounded."** ( November 11, 2004, letter from <u>**Coldwell Banker**</u>' Sales Manager, and faxed copies - Exhibits Q )

— continue on page 7 ----









**K**REATIVE **K**ARE

Landscape Service & Grounds Maintenance

*Exhibit E*

302-436-0366 • 1-800-799-1371

SEPT 2ND 2002

Lessee

- STEVEN KREBS

Leasor

- PATRECIA MEYERS

Sale of 14ft 16×60 MOBILE TRAILER TO PAT MEYERSE LEASOR FROM LEASEE & STEVEN KREBS ON DATE 9-4-02 FOR PRICE OF 950°° PUT IN REAR OF PROPERTY Drop only.

(BAL ON 2002 LEASE)

2,000.00
- 500.00  8-1-02 pd
- 950°°  9-4-02 pd.

BALANCE DUE ON 2002 SEASON LEASE PROPTY (GARDEN CENTER)

Sign + Date

9-4-02 Lessee → ___

9-4-02 Liasor  Pat My

($550.00)





Exhibit F

Oct. 13, 2004

Subject 1969 Magnolia Mobile
Home? 2 Bedroom

S/n 1975532

Was sold to Mr. Steven Krebs

for the sum of 500.00, bal 115.00.

This is not stolen property.
I think I have the title.
Was removed from 12272 Brown Rd.
Bishopville, Md.
21813

S. William Simpson
410-352-3465

---

April 20, 2005

As of this date I can not
find the title to the
Mobile home trailer Mfg.

Magnolia.

Outstanding balance on ...
Sandeepa method
of 115.00 is still due from
Steven Krebs.

S. William Simpson
12272 Brown Road
Bishopville, Md. 21813

*Exhibit F*

## KREATIVE KARE

**P.O BOX 796**
**SELBYVILLE, DE 19975**
**302-436-0366**
**1-800-799-1371**

ALL ACCOUNTS PAYABLE WITHIN **30** DAYS
OF BILLING DATE.   LATE FEE OF $25.00
WILL BE ASSESSED.

| BILLING |
| --- |
| **STATEMENT** |

№   303

DATE _9-27-02_

_Bill Simpson_
_12222 Branktan_

PLEASE DETACH & RETURN WHITE COPY WITH YOUR REMITTANCE     AMOUNT ENCLOSED $_____

| BILLING CHARGES |
| --- |
| BAL AS OF 9-24-02     345°° |
| Repair 9 job Screened Topset |
| 345.00   ✓   Del   220.00 / 10.00 |
| - 230.00 |
| BAL 9-27-02   **TOTAL DUE** |
| (115.00) |

*Thank You*

Steve Krebs owes me $115.°° in
material as of 4-18-05 on trailer.

*F.W. Simpson*

*Exhibit F*

KREATIVE KARE

**P.O BOX 796**
**SELBYVILLE, DE 19975**
**302-436-0366**
**1-800-799-1371**

BILLING
**STATEMENT**

№   305

ALL ACCOUNTS PAYABLE WITHIN 30 DAYS
OF BILLING DATE.   LATE FEE OF $25.00
WILL BE ASSESSED.

DATE  9-24-02

> Bill Simpson
> 12222 Brat Rd

PLEASE DETACH & RETURN WHITE COPY WITH YOUR REMITTANCE     AMOUNT ENCLOSED $_____

| BILLING CHARGES |
|---|
| Bal on Trailer Bought |
| $ 499 00 |
| 6.0 mile Donsonosoll 144.00 |
| Del $ 10.00 |
| 499.00 |
| - 154.00 |
| TOTAL DUE   154.00 |

Bal
9-24-02  345.00

*Thank You*

*Exhibit F*

# KREATIVE GARDEN CENTER

Mulch • Topsoil • Stones • Plants & Much More

**INVOICE**

**413**

Office: 1-800-799-1371
Cell: 302-462-5486

P.O. Box 796, Selbyville, DE 19975
Route 20, Roxana, DE

Date **6-18**

Name *Bill Simpson*

Address *17777 Brant Rd. 410-352-3465*
*Muskreet Town Rd*



**STEVEN S. KREBS**
Licensed & Insured

Landscape & Bobcat Service Co.
Mulch • Pruning • Sod/Seeding • Plant Installation
Stone Driveways • Paver/Walkway Designs • Nursery Plants/Supplies
Complete Landscape Service

Office: 302-436-4005
Pager: 1-800-799-1371
(Voice • Digital)
Mobile: 302-462-5486

P.O. Box 796
Selbyville, DE 19975

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RET'D. | PAID OUT | |
|---------|------|--------|--------|----------|--------------|----------|--|

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|----------|-------------|-------|--------|
| 6 | HARDWOOD | 25.00 | 150 00 |
| | YARDS | | |
| | 6-19-AM | | |
| | LEFT OFF (WHITE) | | |
| | MUSKRAT RD | | |
| | 12222 BRANT RD | | |
| | RIGHT WHITE | | |
| | ATEND OF ROW | | |
| | VISA | | |
| | | DELIVERY CHARGE | 73 00 |

Not responsible for delays by suppliers and weather, which are beyond our control.
No warranty on live plants and trees.
No warranty on sodding or seeding.
On special orders non-refundable deposit.

**TOTAL** | 1 73 0

*Thank You*

NO RETURNS ON LIVE PLANTS, STONE, OR MULCH
Open account charges must be paid within 30 days of date on invoice or there will be a $25. Late fee assessed.
$25. Charge for all returned checks

Rec'd by _____

Exhibit F

April 20, 2005

As of this date I warrant
I find the title to the
Mobile Home trailer info.

Magnolia.

Outstanding balance on
landscape material
of $115.00 is still due from
Steven Krebs.

S. William Simpson
12222 Brown Road
Bishopville, Md. 21813

2002 selling to Steve Krebs
10/20/04 S.A.F. William Simpson



2002 selling to Steve Krebs
10/20/04 S. William Simpson





www.wilsonjones.com

*Exhibit G*

## HENRY CLAY DAVIS III, P.A.

**H. CLAY DAVIS, III**
claydavis@davislawoff.com

**HENRY C. DAVIS**
hcdavis@davislawoff.com

**LAW OFFICES**
303 N. BEDFORD STREET
P.O. BOX 744
GEORGETOWN, DELAWARE 19947
TEL: 302-856-9021
FAX: 302-856-1556

**ALAN G. DAVIS**
adavis@davislawoff.com
Admitted to:
Delaware-Maryland

*Note: To Mr. Smith (Agent) Only*

23 November 2004

Dennis Smith
P.O. Box 311
Selbyville, Delaware 19975

RE:    Steven Krebs/Kreative Garden Center

Dear Mr. Smith:

I received your correspondence earlier this month and I have begun preparing the suit on behalf of my client. However, prior to filing that suit I wish to give you and Ms. Meyers one last opportunity to attempt to settle this matter amicably. Since you are not willing to facilitate the continued lease of the space my client occupies, my client would like to make an offer to purchase that 2.5 acre piece of property.

As a bit of background, I understand that you now have a Deed which incorporates this property under its terms. If this is true, then an additional count in the complaint that I am preparing would have to be added to seek enforcement of the first right of refusal contained in the lease signed by Ms. Meyers. If we were to prevail in Court, that Deed to you would be vacated and Ms. Meyers would likely be forced to offer the property to my client under whatever terms were applicable to the sale or transfer to you under that Deed. It is my suspicion that it is much less than the fair market value of the property.

As such, my client has authorized me to offer to pay for the 2.5 acres only, the amount of $55,000.00. That amount is admittedly under the likely fair market value of that portion of the property. However, we make the offer under circumstances in which we think that we could prevail on the loss of the business that your actions have caused my client over the course of the past year. His losses are significantly more than the proposed reduction from the fair market value of that 2.5 acres.

*Exhibit G*

Dennis Smith
23 November 2004
Page 2


I hope that you and Ms. Meyers will carefully consider this offer and report back to me at your first convenience as to whether you are willing accept. I believe it represents that last best chance to avoid an expensive court battle.

Please note that this offer is made as an offer of compromise to settle the entire matter and cannot be used against my client in a hearing. I appreciate your time and attention in this matter and look forward to a prompt response from you.

Sincerely,

Alan G. Davis


AGD/ala
Cc:     File

*note:*





www.wilsonjones.com

# EXHIBIT <u>H</u> -- PLAY <u>ENCLOSED</u> VIDEO TAPE FOR THE PROPERTY <u>BOUNDARIES</u> ISSUES

note:
Request if needed





www.wilsonjones.com

*Exhibit I*

Attorney, Alan G. Davis and Mr. Steven S. Krebs
November 12, 2004
Page 2

herself, but being forced in to answering Section 9, which states, " **Sixty days** prior to the
expiration of the lease term and any extension thereof, lessor shall provide lessee with an **asking
price** for the purchase of the leased premises and/or the entire 6-acre parcel." **I am answering
Section 9, Pro se as I think I should, but nothing is to be " Implied," that Ms. Meyers wants
to sell**. See next paragraph below for " **asking price.**"

---

### " Asking Price " conclusion

Clearly, in Section 9, Mr. Krebs **did not** state, " **MARKET PRICE,** " but clearly stated,
"**ASKING PRICE.**" Therefore, for the record, as of the date of this letter and/or the date that
Mr. Krebs and/or Mr. Krebs' agent and/or Mr. Krebs' attorney receives this letter, this letter will
serve as **NOTICE** , that the " **asking price** " is, **Three Million Five Hundred Thousand
dollars  ( $ 3, 500, 000. 00 )** for the two and a half acres located in Sussex County, Tax Map
parcel number  5 -33 -11.00 - 82.00, which Mr. Krebs is leasing  **and** Mr. Krebs' business is
located.  *( Note:  This property is five miles from the beach , also being used for commercial use,
road frontage, and continues to go up in price)*

---

### Real Estate Conspiracy plot and/or Actionable Negligence and/or Breach of lease, because of Mr. Krebs' Involvement with Bay Twenty L.L.C., on the Leased property

Again, concerning  Civil Case, " C.A. No. 069-S," at trial, it was found that Bay Twenty L.L.C.,
recorded an **ALTERED DOCUMENT** in the **government Recorder of Deeds** on August 26,
2003, at 11:36 A.M., **to take property which Bay Twenty L.L.C., never leased.** Also, Vice
Chancellor Leo E. Strine, Jr., found the lease to be, an **UNCONSCIONABLE** lease agreement
on July 14, 2004. This lease had an altered plat drawing attached, which was illegally recorded
on August 26, 2003, and designed for Bay Twenty L.L.C, to go through **Mr. Steven S. Krebs'**
leased two and a half acres, which his business is located on. Mr. Krebs, also allowed Bay
Twenty to drive through according to this altered plat drawing designed, on **March 26, 2004.**

1.  See Video tape dated **March 26, 2004** for proof, **Exhibit K.**
2.  See altered plat drawing, which was illegally recorded in the government Recorder of Deeds
    on August 26, 2003, **Exhibit L.**
3.  Expert witness, Mr. Elton M. Murray of Land Tech, LLC surveyors. Mr. Murray at trail on
    July 9, 2004, confirmed that Bay Twenty's driveway was designed to go through Mr. Krebs'
    leased two and a half acres, **Exhibit M.**
4.  Now, see **Exhibit D** and **Exhibit E** from my letter dated October 29, 2004, with certified
    Numbers, 7002 2410 0001  0238 1896 and  7002 2410 0001  0238 1902. Then, at the same
    time see **Exhibit K,** just mentioned in number 1 above.

    **Note:**  On **Exhibit M,** Yellow outlines Mr. Krebs two and a half acres and Blue outlines
    Bay Twenty's approximately four and a half acres.
    --- continue on page 3 ----





www.wilsonjones.com

*Exhibit J*

# HENRY CLAY DAVIS III, P.A.

**H. CLAY DAVIS, III**
claydavis@davislawoff.com

**HENRY C. DAVIS**
hcdavis@davislawoff.com

**LAW OFFICES**
303 N. BEDFORD STREET
P.O. BOX 744
GEORGETOWN, DELAWARE 19947
TEL: 302-856-9021
FAX: 302-856-1556

**ALAN G. DAVIS**
adavis@davislawoff.com
Admitted to:
Delaware-Maryland

31 May 2005

Patricia A. Meyers
RR4, Box 103A
Frankford, DE 19945

RE:   Krebs v. Meyers

Dear Ms. Meyers:

As you know I represent Steven Krebs in regards to his leased portion of your property. As you may know, we have applied for conditional use because the County has required it at this point. As a part of that application process, we need a survey to be done. However, no surveyor is willing to conduct a survey unless the entire parcel is surveyed, not simply the portion that my client leases from you. I write today asking for your permission to allow a survey of the entire parcel. *— not part of lease —*

If you have any questions or concerns, please feel free to contact me.

Sincerely,

Alan G. Davis
Dictated But Not Read

AGD/jlp
cc:   Dennis L. Smith
      Steven Krebs
      File

*note: Compare the difference between this Exhibit J and Exhibit C, concerning Mr. Krebs' claimed Right under Section Eight vs. Mr. Krebs' asking permission. now see Exhibit K.*





www.wilsonjones.com

*Exhibit K*



**STATE OF DELAWARE**
**DEPARTMENT OF NATURAL RESOURCES &**
**ENVIRONMENTAL CONTROL**
**DIVISION OF WATER RESOURCES**
**89 KINGS HIGHWAY**
**DOVER, DELAWARE 19901**

March 30, 2004

Dennis Smith
P.O. Box 311
Selbyville, Delaware 19975

Dear Mr. Smith:

You have insisted that an agricultural well which Mr. Krebs installed on certain property
he is leasing from Ms. Patricia Meyers is not legal. My staff performed an inspection of
the well and found no apparent violation of critical requirements of the Department's
regulations.   The required well identification tag was, however, not present on the
wellhead.

Remaining after the well inspection was the question of whether or not the lease
allowed for Mr. Krebs to install said well. At my request , Mr. Steven Krebs provided a
copy of the commercial lease agreement between himself and Ms. Meyers.

Section Seven of the agreement  allows Mr. Krebs to make improvements related to his
business. Mr. Krebs' business involves maintenance of stock plants. Those plants, and
other aspects of his operation, require supplemental water. No source of  water supply
existed on the property.  Mr. Krebs elected to install of  well for a source of water.  The
well in question is clearly an improvement related to his business.  The terms of the
agreement are plain and unequivocal in this respect.

The Department's remaining interest in this matter to have the identification tag affixed
to the well.  The Department will shortly direct the well installer to perform this task.
Once that is accomplished the Department  will have no further involvement on this
issue.

Sincerely,

Stewart Lovell, P.G.
Manager
Water Supply Section

c:   Steven Krebs
      Kevin Donnelly
      Matt Chesser
      Laurie Moyer
      Alan Pongratz      *Delaware's good nature depends on you!*





www.wilsonjones.com

*Exhibit L*

December 30, 2005

The Dispatch/Maryland Coast Dispatch

# ... Cops & Courts

### FROM PAGE 20A

ed to 90 days in jail with all but 10 days suspended. He was also fined $500 and placed on supervised probation for two years.

### Four Months For Sex Offender

SNOW HILL – A Selbyville, Del. man accused of sexually assaulting his friend's girlfriend in an Ocean City hotel room this summer pleaded guilty earlier this month to a fourth-degree sex offense and was sentenced to a year in jail with all but four months suspended.

Steven Scott Krebs, 40, of Selbyville, was arrested in Ocean City in August and charged with a third- and fourth-degree sexual assault after a complaint was filed by his alleged victim. On Aug. 15, Ocean City police were called to a mid-town hotel for a complaint about a woman sexually violated in her hotel room.

As the investigating officer exited a hotel elevator, he was met by two men, later identified as Krebs and Harry Scott Crawford, who told the officer, "here we are," as if they knew what he was doing there.

The officer interviewed the complainant, who told police she was staying in the hotel room with Krebs and Crawford, who was her boyfriend. The victim said the trio had gone out to dinner earlier and came back to the hotel room, and that she went to bed under the impression Crawford was going to drive Krebs

home. When she went to bed, the two men were sitting on the hotel room balcony.

<u>The victim said she fell asleep and a short time later woke up to find Krebs performing oral sex on her.</u> She immediately <u>kicked Krebs away</u> when she <u>realized</u> what was happening, according to the police report on the incident.

When interviewed by police, Krebs corroborated the victim's story. He said at one point he went into the victim's room and began kissing her as she slept before performing oral sex on her. Where the two stories differ is why Krebs stopped when he did. The victim said he stopped because she kicked him away, but Krebs said he stopped because he suddenly felt remorseful.

In either case, the victim ordered both men out of the hotel room and called the hotel desk for help. The desk clerk called Ocean City police who arrived at the unit, interviewed the victim and placed Krebs under arrest for a third- and fourth-degree sex offense.

### Vehicle Vandal Sentenced

SNOW HILL – A Pittsburgh, Pa. man who smashed a rear-view mirror from a vehicle and yelled obscenities at Ocean City police this summer pleaded guilty in Worcester County Circuit Court earlier this month to malicious destruction of property under $500 and received a suspended sentence of three days in jail.

On July 7, Ocean City police observed a man later identified as Matthew P. Micheler, 21, of Pitts-
SEE PAGE 22A

Phillips
BEACH PLA

New Year's E

Holiday Dining
Plus Full Mer

Party Fav
Champagne Toa

Dale Britt Live At Pi
Live DJ 9 p.

Please Call Deb
At 443-523-4158 F

Phillips Beach
13th Street, Oceanfron



If The Dog Is A-Rockin' ... Come On A-

New Year's Eve

New
Last
Reg





*Exhibit M*

Court: DE Court of Chancery

Judge: Leo E Strine Jr

LexisNexis File & Serve Reviewed Filing ID: 3795626

Date: 6/25/2004

Case Number: 069-S

Case Name: Bay Twenty LLC vs Patricia Meyers & Dennis Smith

This order is granted with the following modifications and additions:

1. Respondent Meyers must sign any pretrial memorandum that purports to speak on her behalf. The respondants' pretrial memorandum may only raise defenses and arguments fairly asserted in the answer filed on their behalf by Mr. Gray. At trial, the respondents may only raise defenses and arguments fairly asserted in the answer filed on their behalf by Mr. Gray.

2. On June 30, 2004, the parties must also submit with the court a list of trial witnesses. Ms. Meyers should be prepared to testify on her own behalf at trial.

3. At trial, Mr. Smith will be able to act as only his own lawyer and not Ms. Meyer's. She must represent herself. The only questions Mr. Smith may ask of witnesses are those related to this own interests as a respondent.

4. There will be no opening argument at trial. The pretrial briefs will constitute opening arguments. Closing arguments or post-trial briefs will be made or submitted only if the court so decides after hearing the evidence.

5. The petitioners' counsel shall serve this order on the respondents and provide proof of service.

IT IS SO ORDERED.

/s/ Judge Leo E Strine Jr

*Exhibit M*

# Procino & Tarburton, LLP

### Attorneys at Law

Michele Procino - Wells

John E. Tarburton (DE & MD)

November 11, 2005

Mr. Dennis L. Smith
RR 4, Box 103A
Frankford, Delaware 19945

<div align="center">

Re:    Krebs v. Meyers
C.A. No. 1120-S

</div>

Dear Mr. Smith:

This matter has been transferred to me as Plaintiff's former attorney has been appointed to a position in the Delaware judiciary. You have filed legal documents in the Court of Chancery on behalf of Patricia A. Meyers, specifically, an answer to a complaint and an amended answer to a complaint. This constitutes the unauthorized practice of law as you are not admitted to the Delaware bar. The fact that Mrs. Meyers has executed a Power of Attorney giving you authority to act on her behalf does not make you an attorney at law. Please contact me, or have your attorney contact me, as soon as you have had a chance to review this letter. Otherwise, I will file a complaint with the Commission on the Authorized Practice of Law and I will also seek other monetary sanctions as permitted by the Rules of the Court of Chancery.

Sincerely,

John E. Tarburton

JET/lkf
pc:    Steven Krebs

123 Pennsylvania Avenue, Seaford, Delaware 19973
302.628.4140 ❖ Fax: 302.628.4150

*Exhibit F*

EFiled: May 26 2006  8:51AM EDT
Transaction ID 11380553

WILLIAM B. CHANDLER III
CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Submitted: May 5, 2006
Decided: May 26, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, Delaware 19973

Patricia A. Meyers
RR 4, Box 103A
Frankford, Delaware 19945

      Re:   *Steven Krebs d/b/a Kreative Garden
Center v. Patricia A. Meyers*
Civil Action No. 1120-S

Dear Mr. Tarburton and Ms. Meyers:

On February 10, 2006, defendant filed a speaking motion to dismiss the complaint. As of today, no answering brief has been filed. Briefing shall be completed as follows:

- Plaintiff shall file an answering brief by June 9, 2006.

- Defendant shall file her reply brief by June 23, 2006.

IT IS SO ORDERED.

Very truly yours,

*William B. Chandler III*

William B. Chandler III

WBCIII:bsr


# Procino & Tarburton, LLP
## Attorneys at Law

Michele Procino - Wells

John E. Tarburton (DE & MD)

*handwritten note: Notice: letter is ... decision to take up an Action ... This is involved ... And/or out of Chancery ... Negligence is ... in ...*

June 8, 2006

***Via facsimile and first class mail***
Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, Delaware 19947

Re: **Steven Krebs d/b/a/ Kreative Gardens Center v.
Patricia A. Meyers; C.A. No. 1120-S**

Dear Chancellor Chandler:

On May 26, 2006, the Court issued an Order directing an answering brief to defendant's motion to dismiss to be filed by June 9, 2006, with a reply brief due by June 25, 2006. I received this Order by mail on May 30, 2006.

Please accept this request for an extension to file plaintiff's answering brief. It is possible for the Court to construe Defendant's motion to dismiss as:

1) a Motion to dismiss an amended complaint, the amendment to which has never been granted;
2) a Motion to dismiss the entire action, apparently under Rule 41 (b); and
3) a misidentified Motion for summary judgment under Rule 56.

In order to properly protect my client's interests, I believe that I need to prepare an answering brief that addresses all three possibilies. I respectfully request an extension until Friday, June 16, 2006 to file Plaintiff's answering brief.

I have been unable to contact Ms. Meyers about this request, as her phone number is unlisted. Please contact me if you have any questions.

Sincerely,

John E. Tarburton, Esquire

Pc:   Patricia Meyers

123 Pennsylvania Avenue, Seaford, Delaware 19973
302.628.4140 ❧ Fax: 302.628.4150

Date

Notes

*Exhibit H*

# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 18, 2006

John E. Tarburton (**Via e-Filing**)
303 N. Shipley Street
Seaford, DE 19973

Patricia A. Meyers (**Via First Class Mail**)
RR 4, Box 103A
Frankford, DE 19945

Dennis L. Smith (**Via First Class Mail**)
P.O. Box 311
Selbyville, DE 19975

*[handwritten:]* agent
Only because of Agent, letter and/or
Notice of July 8, 2006, letter, negligence
Mr. Smith's Actionable Chancellor the
concerning involving Attorney for
conspiracy III and therefore 2/23/05,
Chandler. There since III Mr. Smith
Tarburton: Since Chandler power of
First Time. Chandler "power of
Chancellor stopped "power letter
illegally using his this letter
from attorney, of court order.

Re:    *Steven Krebs d/b/a Kreative Garden*
       *Center v. Patricia A. Meyers*
       Civil Action No. 1120-S

Dear Ms. Meyers, Mr. Smith and Mr. Tarburton:

In light of Mr. Smith's July 8, 2006 letter to the Court, as well as Mr. Smith's numerous telephone calls to my office, I believe it is necessary for the Court to address an important procedural issue.

It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court.[1] It does not appear that Mr. Smith is a member of the Delaware Bar. Mr. Smith is not a party to this lawsuit. Nor is Mr. Smith an attorney admitted *pro hac vice*. Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person. The Delaware Supreme Court has recognized this critical policy in order to insure that the public will enjoy the representation of individuals who have been found to possess the

*[handwritten:]* → Therefore, see Exhibit E, which is the **February 10, 2006**, **Motion To Dismiss**, as Chancellor Chandler III, pointed out in his May 26, 2006, court order. Also in this Motion To Dismiss is a January 19, 2006, letter, therefore see page #11, paragraph #6 which **EXPLAIN** how Mr. Smith uses this "power of Attorney"

[1] *Kostyshyn v. State*, 856 A.2d 1066 (TABLE) *citing Delaware State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978).

*[handwritten:]* Chandler, Chandler III had no problem at issue at first time. These — but, now in this court order **REVENGE**.

necessary skills and training to represent others.[2]  Otherwise, anyone could, in effect, represent parties in litigation merely by acquiring a power-of-attorney.

As a result, Mr. Smith is barred from acting as an attorney representing Ms. Meyers.  Instead, Ms. Meyers must either retain a licensed attorney admitted to the Bar of the Delaware Supreme Court or represent herself *pro se*.

To this end, the Court instructs the Register in Chancery to refuse any filing in this case signed by Mr. Smith acting on behalf of, or as a representative for, Ms. Meyers.  In addition, the Register in Chancery and my chambers will not accept any further telephone calls from Mr. Smith pertaining to this case.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

William B. Chandler III

WBCIII:meg

---

[2] *See In re Snyder*, 820 A.2d 390, 392 (Del. Fam. Ct. 2001). *See also Marshall-Steele v. Nanticoke Mem'l Hosp.*, 1999 WL 458 724, at *5 (Del. Super. June 18, 1999); *Conaway v. Hawkins*, Del. Ch., C.A. No. 1942-S, Noble, V.C. (Del. Ch. May 23, 2006).

Date

Notes

**LexisNexis· File & Serve**   **Welcome:** Simmons, Arline   Resource Center | Preferences | Sign Off
DE Court of Chancery

| Home | Filing & Service | Alerts | Search |
| Case History | Cases Search | Daily Docket | Transaction Status | Advanced Search |

Home > Select Case > **Case History**

## Case History Search
Search Created:
Tuesday, July 25, 2006 11:41:48 EDT

Printable Version

| Court: | DE Court of Chancery | Judge: | Chandler, William B | File & Serve Live Date: | 2/23/2005 |
| **Division:** | N/A | **Case Number:** | 1120-S | **Document(s) Filed:** | 50 |
| **Case Type:** | Injunctive Relief | **Case Name:** | Krebs, Steven et al vs Patricia A Meyers | **Date Range:** | All |

Choose an action: -- Select --  [Go]   Show 1000 records

1-26 of 26 transactions   <<Prev Page 1 of 1 Next>>

| | Transaction ▼Date/Time | Option | Case Number Case Name | Authorizer Organization | | # Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|---|
| | 11827270 | 7/18/2006 2:56 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | | 36 Letter | Letter [view] | 0.1MB |
| | 11786496 | 7/13/2006 3:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | | 35 Letter | Letter to Chancellor Chandler and John Tarburton from Dennis Smith dated July 6 2006 [view] | 3.3MB |
| | 11662326 | 6/29/2006 9:37 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | John E Tarburton, Procino-Wells, Michele | | 34 Letter | John Tarburton, Esquire's letter in response to Dennis Smith's June 25, 2006 letter [view] | 0.1MB |
| | 11642197 | 6/27/2006 1:51 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | | 33 Letter | Letter [view] | 0.1MB |
| | 11638288 | 6/27/2006 10:49 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | John E Tarburton, Procino-Wells, Michele | | 32 Letter | Letter from John E. Tarburton, Esquire requesting continuance to file answering brief [view] | 0.1MB |
| | 11637057 | 6/27/2006 8:11 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | | 31 Letter | Letter to Chancellor Chandler & Mr. Tarburton from Dennis Smith dated June 25, 2006 requesting an extension of hearing [view] | 2.9MB |
| | 11583055 | 6/20/2006 4:02 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | | 30 Letter | Scheduling Letter [view] | 0.1MB |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 📄 | 11554598 | 6/16/2006 2:39 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 📄 | 27 Letter | Letter to Mr. Tarburton and Chancellor Chandler dated June 12 2006 [view] | 1.5MB |
| | | | | | | 📄 | 28 Brief | Plaintiff's Answering Brief To Defendant's Motion To Dismiss [view] | 2.4MB |
| | | | | | | 📄 | 29 Appendix | Appendix To Plaintiff's Answering Brief To Defendant's Motion To Dismiss [view] | 0.3MB |
| | | | | | | 📄 | Other | Attachments to Plaintiff's Answering Brief [view] | 4.4MB |
| | | | | | | 📄 | Certificate of Service | Certificate Of Service [view] | 0.1MB |
| | | | | | | 📄 | Other | Attachments To Appendix To Plaintiff's Answering Brief To Defendant's Motion To Dismiss [view] | 3.3MB |
| 📄 | 11490359 | 6/9/2006 12:17 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 📄 | 26 Letter | Letter Revising Briefing Schedule [view] | 0.1MB |
| 📄 | 11380553 | 5/26/2006 8:51 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 📄 | 25 Letter | Letter [view] | 0.1MB |
| 📄 | 10640628 | 2/23/2006 8:48 AM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 📄 | 24 Motion | Corrected Page 6 in the Motion To Dismiss Plaintiffs Amended Verified Complaint for Declaratory and Injunctive Relief [view] | 0.1MB |
| 📄 | 10551029 | 2/10/2006 3:53 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 📄 | 23 Motion | Motion To Dismiss Plaintiff's Amended Verified Complaint For Declaratory And Injunctive Relief filed by Dennis Smith [view] | 0.4MB |
| | | | | | | 📄 | Proposed Order | Order [view] | 0.1MB |
| | | | | | | 📄 | Exhibits | Exhibits [view] | 0.5MB |
| 📄 | 10366417 | 1/19/2006 10:39 AM EST | File Only | 1120-S Krebs, Steven et al vs Patricia A Meyers | Michele Procino-Wells, Procino-Wells, Michele | 📄 | 17 Proposed Order | Notice of Motion, Motion to File Amended Complaint and Order [view] | 0.1MB |
| | | | | | | 📄 | 18 Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | 📄 | 19 Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | 📄 | 20 Exhibits | Exhibit to Motion [view] | 0.1MB |

LexisNexis File & Serve

| | | | | | | Doc | Type | Description | Size |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 21 | Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | 22 | Exhibits | Exhibit to Motion [view] | 0.1MB |
| 6482620 | 8/15/2005 9:48 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 16 | Order | Stipulation To Substitute Counsel [view] | 0.1MB |
| 5991046 | 6/10/2005 12:09 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 15 | Letter | Letter from Mr. Smith dated June 7, 2005 [view] | 0.2MB |
| 5854388 | 5/19/2005 4:09 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 11 | Amended Answer | Amended Answer filed by Mr. Smith [view] | 0.4MB |
| | | | | | | 12 | Exhibits | Amended Answer Exhibit A [view] | 0.9MB |
| | | | | | | 13 | Exhibits | Amended Answer Exhibit B-F [view] | 0.3MB |
| | | | | | | 14 | Exhibits | Amended Answer Exhibits G-J [view] | 0.1MB |
| 5760839 | 5/5/2005 4:35 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 10 | Letter | Letter from Mr. Smith Ref: Amended Answer [view] | 0.1MB |
| 5722176 | 4/29/2005 4:14 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 9 | Other | Answer To Complaint For Declaratory and Injunctive Relief [view] | 0.3MB |
| | | | | | | | Exhibits | Exhibit A to Answer [view] | 0.8MB |
| | | | | | | | Exhibits | Exhibit B-G Answer [view] | 0.4MB |
| 5660122 | 4/21/2005 9:17 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 8 | Letter | Letter from Mr. Smith and Ms. Myers [view] | 0.2MB |
| 5608091 | 4/13/2005 3:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 7 | Letter | Letter from Dennis Smith and Patricia Meyers [view] | 0.1MB |
| 5550662 | 4/4/2005 5:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | | 6 | Sheriffs Return | Service was completed on Patricia A. Meyers by Dennis Smith picking up her papers at the Sheriff's office [view] | 0.1MB |
| 5469466 | 3/30/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | | 4 | Letter | Letter to Chancellor William B. Chandler, III and Alan G. Davis, Esq. from Dennis L. Smith [view] | 0.1MB |
| 5469467 | 3/30/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs | Patricia Randolph, DE Court of | | 5 | Letter | Letter with Date Correction to Mr. Davis and Chancellor | 0.1MB |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Patricia A Meyers | Chancery | | | Chandler from Dennis L. Smith and Patricia A. Meyers [view] | |
| 5250045 | 3/1/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 3 Other | Sent Summons To Sheriff 3/1/05 [view] | 0.1MB |
| 5203826 | 2/23/2005 4:06 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Alan G Davis, Davis, Henry Clay III PA | | 2 Praecipe | Praecipe [view] ● Linked to (1) | 0.1MB |
| | | | | | | Affidavit | Affidavit of Steven Krebs [view] ● Linked to (1) | 0.1MB |
| | | | | | | Exhibits | Exhibit A: Commercial Lease Agreement [view] ● Linked to (1) | 0.2MB |
| | | | | | | Exhibits | Exhibit B: Letter to Defendant [view] ● Linked to (1) | 0.1MB |
| | | | | | | Exhibits | Exhibit C: Letter from Dennis L. Smith [view] ● Linked to (1) | 0.1MB |
| 5199838 | 2/23/2005 10:08 AM EST | File Only | 1120-S Krebs, Steven et al vs Patricia A Meyers | Alan G Davis, Davis, Henry Clay III PA | | 1 Complaint | Verified Complant for Declaratory and Injunctive Relief [view] ● Linked from (5) | 0.1MB |
| | | | | | | Case Information Statement | Supplemental Information Pursuant to Rule 3(a) of the Rules of the Court of Chancery [view] | 0.1MB |
| | | | | | | Proposed Order | Proposed Order [view] | 0.1MB |
| | | | | | | Proposed Order | Order [view] | 0.1MB |

1-26 of 26 transactions    <<Prev Page 1 of 1 Next>>

**LexisNexis·** *File & Serve*

06 - 455

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEVEN KREBS d/b/a KREATIVE GARDENS CENTER

## DEFENDANTS
Patricia A. Meyers

**(b)** County of Residence of First Listed Plaintiff  Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 503 North 1e Yt shibstreet, seaford pa 19973
John E. Tarburton esq.,

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | | | Under Equal Access |
|  | Employment ☐ 550 Civil Rights | | | to Justice |
|  | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
|  | Other | | | State Statutes |
|  | ☑ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1443. § 1446. § 1331 ®
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): State of Del. Court of Chancery
JUDGE Hon. William B. Chandler  DOCKET NUMBER 1120-S

DATE

SIGNATURE OF ATTORNEY OF RECORD
Dennis D Smith, power of Attorney for Patricia A. Meyers

**FOR OFFICE USE ONLY**

RECEIPT #___ AMOUNT___ APPLYING IFP___ JUDGE___ MAG. JUDGE___

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
**CLERK**

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:    C.A.#    0 6 - 4 5 5

CASE CAPTION:    Krebs    v.    Meyers

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received    JUL 2 7 2006    Signed: *Please I. forth power of attorney*
by Plaintiff:                         Pro Se Plaintiff
                                      → *Patricia A. Meyers*

Date Received    JUL 2 7 2006    Signed: *Euelle Waban*
by Clerk's office:                   Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street                If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801
                                  _____
                                        Date mailed


                                  _____
                                        By Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 4 5 5 ⋅

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ \ _____ COPIES OF AO FORM 85.

JUL 2 7 2006

(Date forms issued)

*Dennis Z Smith power of Attorney*
*→ Patricia A. Meyers*
(Signature of Party or their Representative)

*Dennis L. Smith power of Attorney*
*→ Patricia A. Meyers*
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action