The Law Office of
**John E. Tarburton, Esq.**
A Professional Association

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 AUG 28  PM 2: 14

August 25, 2006

The Honorable Kent A. Jordan
U.S. District Court
District of Delaware
Lockbox 10
844 King Street
U.S. Courthouse
Wilmington, DE  19801

Dear Judge Jordan:

    I received a letter from you dated August 16, 2006 directing me to schedule a telephone conference with your secretary to discuss dates to be adopted in a Scheduling Order.  I contacted the court this morning by telephone, and am following up that call with a letter.

    I am filing a Motion to Remand with the court today.  The Notice of Removal which was filed with the Court on July 27, 2006, was filed by a person named Dennis Lee Smith, who is not an attorney.  He was recently ordered to stop communicating with the Delaware Court of Chancery on behalf of Patricia Meyers, and filed a Notice of Removal for that reason (copy enclosed).  As he is not an attorney-at-law, I don't believe that I should participate in a scheduling conference where he purports to represent the interest of Patricia Meyers.

    Please contact me if you have any questions.

Sincerely,

John E. Tarburton

JET:bt

Enc.

cc  Steven Krebs
    Patricia Meyers

To:         John Tarburton
From:       LexisNexis File & Serve
Subject:    Notification of Transaction in Krebs, Steven et al vs
Patricia A Meyers

You are being notified of an electronic submission of documents in Krebs,
Steven et al vs Patricia A Meyers through LexisNexis File & Serve. The
details for this transaction are listed below.

Court:                              DE Court of Chancery
Case Name:                                  Krebs, Steven et al vs Patricia A
Meyers
Case Number:                        1120-S
Transaction ID:                     11827270
Document Title(s):
      Letter (2 pages)
Authorized Date/Time:               Jul 18 2006  2:56PM EDT
Authorizer:                                 William B Chandler
Authorizer's Organization:          DE Court of Chancery
Sending Parties:
      N/A

Check for additional details (and view the documents) online at:
https://fileandserve.lexisnexis.com/Login/Login.aspx?FI=11827270 (subscriber
login required)

If you are not currently a subscriber and would like to be, please visit us
at http://www.LexisNexis.com/FileAndServe and click "Sign Up" to begin.

If you have not received all 3 pages of this fax or believe you have
received this message in error, please contact LexisNexis Customer Service
by phone at 1-888-529-7587.
 <<Letter.pdf>>

EXHIBIT C

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 18, 2006

John E. Tarburton (**Via e-Filing**)
303 N. Shipley Street
Seaford, DE 19973

Dennis L. Smith (**Via First Class Mail**)
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers (**Via First Class Mail**)
RR 4, Box 103A
Frankford, DE 19945

      Re: *Steven Krebs d/b/a Kreative Garden Center v. Patricia A. Meyers*
           Civil Action No. 1120-S

Dear Ms. Meyers, Mr. Smith and Mr. Tarburton:

    In light of Mr. Smith's July 8, 2006 letter to the Court, as well as Mr. Smith's numerous telephone calls to my office, I believe it is necessary for the Court to address an important procedural issue.

    It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court.[1] It does not appear that Mr. Smith is a member of the Delaware Bar. Mr. Smith is not a party to this lawsuit. Nor is Mr. Smith an attorney admitted *pro hac vice*. Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person. The Delaware Supreme Court has recognized this critical policy in order to insure that the public will enjoy the representation of individuals who have been found to possess the

---

[1] *Kostyshyn v. State*, 856 A.2d 1066 (TABLE) *citing Delaware State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978).

necessary skills and training to represent others.[2] Otherwise, anyone could, in effect, represent parties in litigation merely by acquiring a power-of-attorney.

As a result, Mr. Smith is barred from acting as an attorney representing Ms. Meyers. Instead, Ms. Meyers must either retain a licensed attorney admitted to the Bar of the Delaware Supreme Court or represent herself *pro se*.

To this end, the Court instructs the Register in Chancery to refuse any filing in this case signed by Mr. Smith acting on behalf of, or as a representative for, Ms. Meyers. In addition, the Register in Chancery and my chambers will not accept any further telephone calls from Mr. Smith pertaining to this case.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

WBCIII:meg

---

[2] *See In re Snyder*, 820 A.2d 390, 392 (Del. Fam. Ct. 2001). *See also Marshall-Steele v. Nanticoke Mem'l Hosp.*, 1999 WL 458 724, at *5 (Del. Super. June 18, 1999); *Conaway v. Hawkins*, Del. Ch., C.A. No. 1942-S, Noble, V.C. (Del. Ch. May 23, 2006).