# ORIGINAL



## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

STEVEN KREBS,                                     )
                                         )
        Plaintiff,                                )
                                         )     C.A. No. 06-455-KAJ
     v.                                             )
                                         )
PATRICIA A. MEYERS and DENNIS          )
LEE SMITH, power of attorney/agent/emissary  )
and witness for Patricia A. Meyers            )

### MOTION FOR REMAND

FILED

AUG 2 8 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff, Steven Krebs, through undersigned counsel, files this Motion for Remand. For the reasons set forth in this motion, Plaintiff requests that this Court remand this action to the Court of Chancery for the State of Delaware.

1.     A Complaint, Captioned <u>Steven Krebs d/b/a Kreative Garden Center v. Patricia Meyers</u> was filed the Court of Chancery of the State of Delaware ("Court of Chancery") on February 23, 2005. Plaintiff caused a copy of a Praecipe and plaintiff's Complaint to be served by the Sheriff of Sussex County, Delaware on defendant Patricia A. Meyers at RR4 Box 103A, Frankford, Delaware 19945. A copy of said Praecipe and Complaint are attached hereto as Exhibit "A".

2.     On April 29, 2005, Defendant Patricia A. Meyers filed an Answer to said Complaint in the Court of Chancery. Defendant caused a copy of said Answer was served by hand delivery on Plaintiff's then-attorney, Alan G. Davis, Esquire. A copy of said Answer with Certificate of Service is attached hereto as Exhibit "B".

3.     On July 18, 2006, Dennis Smith was prohibited from communicating with the Court of Chancery and/or its staff on behalf of Patricia A. Meyers because he is not an

attorney-at-law. Although Patricia A. Meyers has appointed Dennis Lee Smith as her attorney in fact by written power of attorney, Dennis Lee Smith is not admitted to the practice of law in any state. A copy of said letter is attached as Exhibit "C".

4.    On July 27, 2006, 510 days after service and receipt of plaintiff's Praecipe and a copy of plaintiff's Complaint, defendant Patricia A. Meyers filed a notice of removal of the above-entitled action to this Court by and through Dennis Lee Smith..

5.    Defendants' notice of removal of the above-entitled action was, therefore, untimely and improperly filed, and in violation of 28 U.S.C § 1446(b), which clearly states that a notice of removal of a civil action must be filed within 30 days after receipt by defendant of a copy of the initial pleading.

WHEREFORE, plaintiff respectfully requests that the Court (1) grant oral argument on this motion; (2) grant this motion and remand this case to the Court of Chancery of the State of Delaware; and (3) order the removing defendant, Patricia A. Meyers, to pay all plaintiff's costs and expenses, including attorney's fees, incurred because to the wrongful removal of this action.

Respectfully submitted,

John E. Tarburton, Esquire
Bar I.D. No. 3918
420 Pennsylvania Avenue, Suite 2
Seaford, Delaware 19973
302-628-5499

DATE: 8/25/06

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN KREBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-455-KAJ |
| v. | ) | |
| | ) | |
| PATRICIA A. MEYERS and DENNIS | ) | |
| LEE SMITH, power of attorney/agent/emissary | ) | |
| and witness for Patricia A. Meyers | ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for Remand, it is hereby

ORDERED THAT:

1.     The plaintiff's motion to remand is GRANTED; and

2.     This cause is REMANDED to the Delaware Court of Chancery.

SO ORDERED

_____
United States District Judge

Date: _____

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN KREBS,                                          )
                                                      )
              Plaintiff,                              )
                                                      )
      v.                                              )
                                                      )
PATRICIA A. MEYERS and DENNIS                         )
LEE SMITH, power of attorney/agent/emissary           )
and witness for Patricia A. Meyers                    )

### CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that I caused 2 copies of the aforegoing Notice of

Motion, and Motion to Remand, to be served on Defendant Patricia A. Meyers by

mailing said documents to her by certified mail, return receipt requested and by regular

mail at Route 4, Box 103A, Frankford, Delaware 19945.

                              John E. Tarburton, Esquire
                              Bar I.D. No. 3918
                              420 Pennsylvania Avenue, Suite 2
                              Seaford, Delaware  19973
                              302-628-5499

DATE:  8/25/06

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN KREBS,                                    )
                                                 )
                Plaintiff,                       )
                                                 )      C.A. No. 06-455-KAJ
        v.                                       )
                                                 )
PATRICIA A. MEYERS and DENNIS                    )
LEE SMITH, power of attorney/agent/emissary      )
and witness for Patricia A. Meyers               )

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached MOTION TO REMAND will be

presented to the Court as soon as the Court schedules a hearing.

John E. Tarburton, Esquire
Bar I.D. No. 3918
420 Pennsylvania Avenue, Suite 2
Seaford, Delaware 19973
302-628-5499

DATE: 8/25/06

## SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(a)
## OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1. Caption of Case:

   Steven Krebs d/b/a Kreative Garden Center v. Patricia A. Meyers

2. Date Filed:    February 23, 2005

3. Name and address of counsel for plaintiff:



   Alan G. Davis, Esquire, Henry Clay Davis, III, P.A., 303 North Bedford Street, Georgetown, Delaware 19947

4. Short statement and nature of claim asserted:

   Plaintiff seeks a determination that a lease executed by Defendant is binding and entitles the Plaintiff to quiet enjoyment of the lease premises and that the provisions regarding the contract extension have been adequately complied with. Plaintiff further seeks relief against defendant to prevent her or her agents from continued interference with Plaintiff's right under the lease.

5. Substantive field of law involved (check one):

   | | |
   |---|---|
   | _____ Administrative law | _____ Trade secrets/trademark/ |
   | _____ Commercial law | or other intellectual property |
   | _____ Constitutional law | _____ Trusts |
   | _____ Corporation law | _____ Wills and estates |
   | _____ Guardianships | _____ Zoning |
   | _____ Labor law | __X__ Other |
   | _____ Real Property | |

6. Related case(s):

7. Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction):

8. If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought:

   Defendant will no longer interfere with Plaintiff's right to possession of the lease premises; Defendant will stop videotaping Plaintiff's customers; and Defendant shall allow DelDOT, Sussex County Planning and Zoning and Delaware Department of Agriculture to perform the needed activities so that Plaintiff can conduct business.

9. If the complaint seeks summary or expedited proceedings, check here __x__.

   _____
   Signature of Attorney of Record
   Bar ID # 3894

**EXHIBIT A**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : | C.A. No.: |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA A. MEYERS, | : | |
| | : | |
| Defendant. | : | |

### PRAECIPE

TO:   REGISTER IN CHANCERY
       Court Of Chancery Courthouse
       34 The Circle
       P.O. Box 424
       Georgetown, Delaware 19947

Please direct the Sheriff of Sussex County to serve the attached Complaint and process upon the Defendant, Patricia A. Meyers at RR4 Box 103A, Frankford, Delaware 19945.

HENRY CLAY DAVIS III P.A.

BY: _____

ALAN G. DAVIS, ESQUIRE
I.D. No.: 3894
303 N. Bedford Street
P.O. Box 744
Georgetown, Delaware 19947
(302) 856-9021
Attorney for Plaintiff

DATED: 2/22/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : : : | C.A. No.: |
| Plaintiff | : : | |
| v. | : : | |
| PATRICIA A. MYERS, | : : | |
| Defendant. | : | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action for declaratory and injunctive relief. Plaintiff seeks a determination from this Court that a lease executed by Patricia A. Meyers is a binding, enforceable contract entitling plaintiff to the quiet enjoyment of the leased premises, and that the provisions regarding the contract extension have been adequately complied with. Plaintiff further seeks injunctive relief against defendant to prevent her or her agents from continued interference with plaintiff's rights under the lease. In support of its claims, plaintiff alleges as follows:

1.    Plaintiff, Steven Krebs, d/b/a Kreative Garden Center (hereinafter "Kreative"), is a resident of the State of Delaware.

2.    Defendant, Patricia A. Meyers (hereinafter "Meyers"), is a resident of the State of Delaware, whose address for service of process is RR 4, Box 103A, Frankford, Delaware.

3.    Dennis L. Smith (hereinafter "Smith"), is a resident of the State of Delaware. Smith purports to have a power of attorney dated October 27, 2003 to act for Meyers. The actual relationship between the parties is not known, but Smith has been acting with apparent authority and Defendant Meyers has ratified his actions.

4.    By lease dated 31 January 2002 (hereinafter "Lease"), Meyers leased to Krebs 2.5 acres +/- portion of lessor's six-acre parcel known as Tax Parcel Number 5-33-22-82 and located northeast of Road 382 and approximately 1100 feet northwest of Road 384 (hereinafter "Leased Premises"). The term of the Lease is three (3) years, beginning March 28, 2002. A copy of the Lease is attached hereto as Exhibit A.

5.    As required by the terms of the Lease, Krebs paid the initial sums for rent, and has continued to fulfill his monetary and other obligations under the Lease.

6.    Subsequently, Meyers and Smith, as her agent, have interfered with Krebs' possession and quiet enjoyment of the Leased Premises by impeding entry onto the leased premises; engaging in harassing, threatening and otherwise abusive behavior; and taking actions to thwart the underlying intention of the lease. All such actions have been without just cause.

7.    The interference includes the following:

a.    Smith, as agent for Meyers, has falsely stated to DNREC, DelDOT, Sussex County Building Code Enforcement, and the Sussex County Planning and Zoning Commission that the lease is invalid. Due to the fact that Kreative has not received approvals from these agencies, Smith's false statements regarding the validity of the Lease further jeopardizes the project permitting process;

b.    Meyers refuses to sign necessary applications to be submitted to agencies, to wit: DelDOT, requesting permission to receive the permanent permit for a culvert pipe in the culvert providing access to the property; Sussex County Planning & Zoning, for re-application for conditional use approval; Delaware Department of Agriculture, for the conversion of an agricultural well to a standard well; and

c.    In addition, though Krebs has provided appropriate and adequate notice of his intention to extend the lease terms, as provided under the Lease, Myers, through Smith, has indicated that she will not honor the extension of the lease, thereby further jeopardizing the interests of Krebs. See letter of December 2, 2004 at Exhibit B and letter of January 27, 2005 at Exhibit C.

8.    Meyers and Smith, as her agent, have thereby made vulnerable the entire operation of Kreative Garden Center, and causing significant monetary damages to Plaintiff's interests.

9.    In addition, Meyers, through her agent, Smith, ostensibly in accord with the terms of the lease, has caused caused an end of lease term offer to Plainitff to be made for the purchae of the property. The offer was for $3.5 Million.

## COUNT I – DECLARATORY JUDGMENT AND SPECIFIC PERFORMANCE

10.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, above.

11.    The actions of Meyers and Smith, on behalf of Meyers, in interfering with Krebs' use and enjoyment of the Leased Premises creates an actual controversy between the parties concerning the enforceability of the Lease.

12.    Krebs is entitled to a declaration with respect to his rights under the Lease and seeks to require specific performance of Meyers' obligations under that Lease.

13.    Alternatively, if the lease is valid, but the extension is not valid, Plaintiff seeks a determination that the offer of sale made by Meyers through her agent, Smith, was in breach of the implied covenant of good faith and fair dealing, as it was grossly out of proportion with the actual value of the property and that of the surrounding properties.

## COUNT II – INJUNCTIVE RELIEF

14. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13, above.

15. The continued interference with the right of Krebs to conduct his business on the premises by Meyers' agent Smith through harassment, threats and constant surveillance of the leased premises and the activities of agents, employees and customers has created a condition whereby Plaintiff has lost considerable business and creates a present and ongoing harm.

16. The continued interference with the right of Krebs to conduct his business on the premises by Meyers and her agent Smith through providing false information regarding the validity of the lease to the various State and local agencies and failing o sign required documents for those agencies has eliminated the ability of Krebs to conduct his business in a manner that complies with the requirements of those agencies and creates a present and ongoing harm.

17. Unless Meyers and her agent Smith are restrained by injunction from interfering with Kreative's use and enjoyment of the Leased Premises and affirmatively enjoined to take actions required of the various agencies, Kreative will continue to be unable to obtain the required permits and will continue to be unable to operate his business in such a manner to meet the requirements of those agencies and will continue to lose business due to harassment and intimidation of customers and employees and agents of Krebs.

18. Plaintiff has no adequate remedy at law.

## COUNT III – DAMAGES FOR BREACH OF LEASE

19. Plaintiff incorporates be reference of the allegations of paragraphs 1 though 18, above.

20.    This Court has pendant jurisdiction over this claim, as it is ancillary to the primary claim requiring equitable relief.

21.    The actions of Meyers and Smith, as her agent, described above constitute an intentional and unjustifiable breach of the Lease.

22.    As a result of the foregoing breach of the lease by Meyers and Smith, Kreative has sustained current monetary damages in excess of $85,000 since the beginning of the interfering actions of Meyers and her agent, Smith. Those losses will continue to accumulate as long as the conditions persist.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor as follows:

(a) Declaring (i) that the Lease is a valid and binding obligation of Meyers, enforceable in accordance with its terms and effective as of January 31, 2002, (ii) that Kreative is entitled to the possession, use and quiet enjoyment of the Leased Premises in accordance with the terms of the Lease, (iii) that the extension of the lease is binding and enforceable;

(b) Temporarily, preliminarily, and permanently enjoining Meyers and their agents, to include Smith, representatives and all other persons acting in concert or participating with her, from (i) asserting or claiming to any third party that the Lease is not in effect in such a manner as to interfere with Krebs' right to the possession, use and quite enjoyment of the Leased Premises (ii) interfering with Krebs' right to enter upon the Leased Premises for the purposes set forth and/or implied in the Lease; (iii) otherwise interfering with Krebs' possession, use and quiet enjoyment of the Leased Premises by intimidation, harassment or surveillance; (iv) and further to include an affirmative injunction requiring Myers or her alleged Power of Attorney, Smith, to sign any documents

required by the various State and local agencies for
applications, permits, and or other necessities of operating
the business within the requirements of those agencies;

(c) Requiring Meyers to pay damages to Krebs for the breach of
the Lease, in an amount to be determined at trial; and

(d) awarding such other and further relief as is just and
appropriate.

HENRY CLAY DAVIS III P.A.

BY: _____
ALAN G. DAVIS, ESQUIRE
I.D.No.: 3894
303 N. Bedford Street
P.O. Box 744
Georgetown, Delaware 19947
(302) 856-9021
Attorney for Plaintiff

DATED: February 22, 2005

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : | C.A. No.: |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA A. MYERS, | : | |
| | : | |
| Defendant. | : | |

## AFFIDAVIT OF STEVEN KREBS

STATE OF DELAWARE   :
                    : SS.
COUNTY OF SUSSEX    :

    **BE IT REMEMBERED,** that on this _22_ day of ___February___ 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, STEVEN KREBS, owner of Kreative Garden Center, in the foregoing Complaint, known to me personally, to be such, who being duly sworn according to law did depose and say that the facts contained herein are true and correct to the best of his knowledge and that the Complaint is not made out of levity or by collusion.

                _____(SEAL)
                STEVEN KREBS

    **SWORN AND SUBSCRIBED** before me the day and year aforesaid.

                _____
                Notary Public

*ATTY - AT - LAW*

*NON - EXPIRING NOTARIAL AUTHORITY*

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| **STEVEN KREBS, d/b/a, KREATIVE** | : | |
| **GARDEN CENTER,** | : | **C.A. No.:** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICIA A. MEYERS,** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

**NOW,** this _____ day of _____, A.D. 2005, upon consideration of Petitioner's Verified Complaint for Declaratory and Injunctive Relief,

**IT IS HEREBY ORDERED AND DECREED** as follows:

(a)     That Meyers, and all agents, representatives and all others persons acting in concert or participating with her, are temporarily and preliminarily enjoined from interfering with Krebs' right to the possession, use and quiet enjoyment of the Leased Premises for the purpose of conducting his business on the Leased Premises.

(b)     Specifically, Meyers and/or her agents shall cease to videotape activities, employees and customers of Krebs or take other action hostile or threatening to the commercial use of the property.

(c)     That either Meyers, as owner of the Leased Premises, or her agents or assigns, must sign any document(s) presented to her by Krebs and/or his agents within twenty-four (24) hours, necessary to obtain permission from DelDOT for a permanent entrance permit, from Sussex County Planning & Zoning for a new conditional use, from the Delaware Department of Agriculture for the conversion of an existing well, and from Sussex County Code Enforcement for a certificate of occupancy, and any other documents reasonably necessary for Krebs to carry out the purposes of the Lease.

**IT IS SO ORDERED** this _____ day of _____, A.D. 2005.

_____
Chancellor / Vice-Chancellor

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE        :
GARDEN CENTER,                        :     C.A. No.:
                                      :
            Plaintiff                 :
                                      :
      vii.                            :
                                      :
PATRICIA A. MYERS,                    :
                                      :
            Defendant.                :

## ORDER

      **NOW,** this _____ day of _____, A.D. 200__, upon consideration of Petitioner's Verified Complaint for Declaratory and Injunctive Relief,

      **IT IS HEREBY ORDERED AND DECREED** as follows:

  (a) That the lease is a valid and binding obligation of Meyers, enforceable in accordance with its terms and effective as 31 January 2002, and that Kreative is entitled to the possession, use, and quite enjoyment of the Leases Premises in accordance with the terms of the Lease; and

  (b) Meyers and all agents, representative and all other persons acting in concert or participating with them, are temporarily and permanently enjoined from (i) asserting or claiming to any third party that the Lease is not in effect in such a manner as to interfere with Krebs' right to the possession, use and quite enjoyment of the Leased Premises (ii) interfering with Krebs' right to enter upon the Leased Premises for the purposes set forth and/or implied in the Lease; (iii) otherwise interfering with Krebs' possession, use and quiet enjoyment of the Leased Premises by intimidation, harassment or surveillance; (iv) and further, Myers or her alleged Power of Attorney, Smith, are affirmatively enjoined to sign any documents required by the various State and local agencies for applications, permits, and or other necessities of operating the business within the requirements of those agencies.

      **IT IS SO ORDERED** this _____ day of _____, A.D., 2005.

                                    _____
                                      Chancellor / Vice-Chancellor

# Commercial Lease Agreement

Commercial lease agreement, made and entered into on the 31 day of January, 2002, between Patricia A. Meyers of Rt. 2, Box 103A, Frankford, Delaware 19945, referred to herein as "lessor" and Steven Krebs, D/B/A Kreative Gardens, of 91 Seagull Road, Selbyville, Delaware 19975, referred to as "lessee."

In consideration of the premises and performance of the provisions of this lease agreement, the parties agree and covenant as follows:

## SECTION 1 – LEASED PREMISES

Lessor leases to lessee and lessee leases from lessor, for use in a commercial plant nursery, retail sales outlet, and associated landscaping storage, sales, service, and operations, a 2.5 acre +/- portion of lessor's six acre parcel known as Tax Parcel Number 5-33-11-82 and located northeast of Road 382 and approximately 1100 feet northwest of Road 384, referred to herein as "premises." Lessor and lessee shall, upon execution of this agreement delineate the boundaries of said portion of the larger parcel by mutual agreement on-site.

## SECTION 2 - TERM

The term of this lease shall be for a period of three years commencing on March 4, 2002 and continuing in force until midnight ~~February 28,~~ 2005, unless terminated earlier as provided for in this lease or by operation of law.

## SECTION 3 – RENT

Lessee, in consideration of the leasing of the premises, agrees to pay rent in the sum of $4000.00 per year, payable in two installments of $2000.00. Rent installments shall be due on March 10 and October 10 at the lessor's address above or at other locations as lessor, from time to time, may direct lessee. Lessor agrees to accept rental payments from lessee or his agent up to and including five days after the due date, without penalty to lessee. Lessor may require payment of a late fee of 2% of the amount due fro each month the amount remains due.

## SECTION 4 – SIGNING BONUS

Lessee shall pay to lessor, at the time of the first installment payment under this lease agreement, a one-time bonus of $1000.00. Such amount is in excess of the established rent installment, and is paid in consideration of lessor's agreement to enter into this lease, as well as items noted herein.

SECTION 5 – LANDSCAPING OF ADJOINING RESIDENCE

Lessee, in consideration of the leasing of the premises, shall, within six months of the commencement of the lease term, undertake the clean-up and basic landscaping of lessor's residence, which adjoins the leased premises. Such clean-up shall be a "one-time-only" event for no charge and shall not otherwise be considered an ongoing obligation of the lessee. Such service shall be to place the property in a condition presentable for customers of lessee and shall be considered a benefit for both parties.

SECTION 6 – USE OF PREMISES

A. The premises shall be used and occupied by lessee for use in commercial enterprises related to the maintenance, storage, and sale of plants, landscaping supplies and other lawn, garden, or household materials. Lessor hereby acknowledges that lessee shall conduct retail and wholesale sales, operate landscaping services, and use the property for related enterprises; lessor explicitly consents to such use.

B. Lessee shall comply with the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the premises during the term of the lease.

C. Lessee shall not use the premises for any illegal purpose.

SECTION 7 – IMPROVEMENTS, MODIFICATIONS, ALTERATIONS

Lessor gives lessee authority to make such improvements, alterations or additions to the premises as necessary for the establishment, maintenance and operation of the commercial enterprises of lessee. Such alterations or improvements include, but are not limited to, clearing the leased property, erection of storage buildings, greenhouses and a sales facility, placement of signage, and building and maintenance of a fence. Consent of the lessor is not necessary for lessee to make any future improvements, so long as the general use of the improvement is within the overall scope of the aforementioned uses of the property by lessee or any reasonable extension of those purposes.

Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties.

Any improvements, alterations or additions made by lessee during the course of the lease remain the property of the lessee and shall be removed by lessee, at his expense, prior to the natural termination of the lease term. Lessor retains the right to purchase any improvements to the property, and shall give lessee 90 days notice in advance of the termination of the lease term of the desire to make such a purchase. Lessee is not entitled to any payment for the initial clearing of the property. If the parties are unable to reach agreement upon a purchase price with in 30 days, lessee may begin the removal process. Upon natural termination of the lease term,

lessee shall leave the premises clear of debris and excess material, with all holes or othe evidence of removal of improvements filled or repaired.

Should this lease be cancelled, revoked or otherwise terminated by agreement or operation of law prior to the natural expiration of the lease term, lessee shall have 90 days to remove any and all improvements and return the property to the above-mentioned condition.

SECTION 8 – EXTENSION OF LEASE TERM

In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to request an extension of the lease term for three years or five years, at his option. Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension. Lessee shall give lessor, within 60 days of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years.

SECTION 9 – RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END

In consideration of rent and the additional signing bonus mentioned above, lessor hereby gives lessee the right of first refusal for the sale of the leased premises and/or the entire 6-acre parcel. Should lessor receive a firm offer of sale for the parcel or any portion thereof, she shall offer that property for sale to the lessee upon the same terms and conditions as would be a part of the sale to the third party. Lessee shall have fifteen days from the date he is provided with written notice of the offer to accept or reject the offer.

Sixty days prior to the expiration of the lease term and any extension thereof, lessor shall provide lessee with an asking price for the purchase of the leased premises and/or the entire 6-acre parcel.

SECTION 10 – REGULATORY APPROVAL / EFFECT OF DENIALS

Upon execution of this lease, lessee shall take immediate and appropriate steps to secure regulatory approval of his proposed use of the property. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. If such approvals are not forthcoming within two months from the signing of this lease, or if lessee is denied approval, lessee shall have, at his discretion, the option to void the lease.

If any other regulatory agency, entity, or political sub-division imposes a requirement for approval which makes the proposed business economically, physically, or otherwise unfeasible, lessee shall have, at his discretion, the option to void the lease. Upon such election by the lessee, lessor shall be entitled to retain the signing bonus and a share of any rent paid, prorated by the number of days lessee held possession of the leased premises.

SECTION 11 – ASSIGNMENT, SUBLEASE, TRANSFER

This rights and obligations under this agreement may not be assigned or otherwise transferred by either party without the signed, written consent of the other party. Lessee may not sublease the parcel or any portion thereof without the signed, written consent of lessor.

Lessor hereby consents to the assignment of this lease to any business entity created by lessee to conduct the business operating on or from the property. Such an entity may be a corporation, L.L. P., or any other independently operating business form recognized by Delaware law. Upon such assignment, all rights and obligations shall accrue tot eh business entity and lessee shall have no further liability under this lease agreement. Lessee shall give lessor notice of the assignment in a timely manner.

SECTION 12 – GOVERNING LAW

This agreement is made under, and controlled by, the laws of the Sate of Delaware.

SECTION 13 – ENTIRE AGREEMENT

The terms and conditions herein constitute the entire agreement of the parties. No additions, modifications, or alterations to the agreement shall be valid or enforceable unless in writing and signed by the parties.

SECTION 14 – WAIVER

Any waiver, exception, or other excuse of any provision or violation of any provision of this agreement shall not constitute a general waiver of the agreement and, further, shall not constitute a waiver of any future breach.

IN WITNESS WHEREOF, the parties have set their hands and seals:


_____ (seal)          . Date: _1/31/2002_
Patricia A. Meyers, lessor


_____ (seal)          Date: _1/31/02_
Steven S. Krebs, lessee

FILE COPY

HENRY CLAY DAVIS III, P.A.

H. CLAY DAVIS, III
claydavis@davislawoff.com

**HENRY C. DAVIS**
hcdavis@davislawoff.com

**LAW OFFICES**
303 N. BEDFORD STREET
P.O. BOX 744
GEORGETOWN, DELAWARE 19947
TEL: 302-856-9021
FAX: 302-856-1556

**ALAN G. DAVIS**
adavis@davislawoff.com
Admitted to:
Delaware-Maryland

2 December 2004

Patricia Meyers
RT 2 Box 103 A
Frankford, Delaware 19945

RE:    My Client: Steven Krebs

Dear Ms. Meyers:

As you know, I represent Steven Krebs in regards to the lease he has with you for the property on which his business sits.

I write today to inform you that my client intends to exercise his rights under Section Eight of the Lease Agreement and gives you notice of his intention to extend the lease for an additional five years.

If you have any questions or concerns, please feel free to contact me.

Sincerely,

Alan G. Davis

AGD/ala
Cc:    File
       Steven Krebs
       Dennis Smith

RECEIVED

JAN 27 2005

HENRY CLAY DAVIS III, P

**Dennis L. Smith**
**P. O. Box 311**
**Selbyville, DE 19975**

January 27, 2005
This letter has a total of two (2) pages

To:  Alan G. Davis, Attorney
    303 N. Bedford Street
    P. O. Box 744
    Georgetown, Delaware 19947
    Certified: <u>7002 2510 0001  8216 9044</u>
    and/or hand delivery

To:  Mr. Steven S. Krebs
    P. O. Box 796
    Selbyville, Delaware 19975
    Certified: <u>7002 2510 0001  8216 9051</u>
    Certified: <u>7002 2510 0001  8216 9068</u>

<u>Re</u>:  Mr. Steven S. Krebs' unconscionable " Commercial Lease Agreement " dated  January 31, 2002, concerning two and a half acres located on Sussex County, Tax Map Parcel Number 5 -33 -11.00 - 82.00.

Dear  Mr. Davis and/or  Mr. Krebs:

As you and/or your attorney know, your above - referenced lease with Ms. Patricia A. Meyers ends on March 28, 2005, at 12: 01 A.M.

Concerning Mr. Krebs' " original three-year lease term," again take notice to my letters sent to you and your attorney dated October 29, 2004,  November 12, 2004, and December 18, 2004, which expressed my great concern. Therefore, rather  than to discuss any extension and/or rent increase, please take this letter as a <u>notice</u> that the lease will <u>terminate</u> on March 28, 2005, at 12: 01 A.M.   My letter dated December 18, 2005,  clearly stated that your request for an extension was <u>denied</u>.

On this above - referenced leased two and a half  (2 . 5 +/-) acres, part of a " 39.02 " acres parcel, I have no use for any of your buildings of any kind, and therefore, you should make arrangements to remove them and other  items and/or things and/or excess materials when you vacate the premises as follows: "... lessee shall leave the premises clear of debris and excess material, with all holes or other evidence of removal of improvement filled or repaired."

Furthermore, in my letter dated November 12, 2004, and my letter dated December 18, 2004, concerning Mr. Krebs' four-page lease to Ms. Meyers dated January 31, 2002, which was not stapled together, I asked in both of these letters, "... where is the proof that page two (2) and three (3) were not changed ? "  But,  Mr. Krebs, you and/or your attorney clearly refused to answer that question.

continue on page # 2

Mr. Davis and Mr. Krebs
January 27, 2005
page # 2


Concerning my letter dated December 18, 2004, as just mentioned, Mr. Krebs received this certified letter on December **24**, 2004, and Attorney Davis received this letter on December **23**, 2004. In this letter, see exhibits " 0 " and " P " for comparing as pointed out below:

Exhibit " 0," is concerning a past civil case 69-S, where you will find Ms. Patricia A. Meyers' and Mr. Joe M. Farr's initials on each page of this lease agreement, which is page # 1, # 2 and # 3, confirming that both parties had seen each page. Therefore, compare this lease to Mr. Krebs' contradicting leases, both dated January 31, 2002, and you will see the proof that, Mr. Krebs' leases, fails to confirm that Ms. Patricia A. Meyers had seen page # 2 and # 3, because, there are no initials of Ms. Meyers, thereon. *Ms. Mayers Said that she never seen these pages.*

Exhibit " P," is concerning the Last Will and Testament of deceased Mr. George A. Evan's, where you will find his initials and/or signature on each page of this " Will," which is page # 1, # 2, # 3 and # 4, confirming that Mr. Evan had seen each page. Therefore, compare this " Will," to Mr. Krebs' contradicting leases, both dated January 31, 2002, and you will see the proof that, Mr. Krebs' leases, fails to confirm that Ms. Patricia A. Meyers had seen page # 2 and # 3, because, there are no initials of Ms. Meyers, thereon. *Ms. Meyers Said that she never seen these pages.*

Keep in mind, Ms. Meyers only printed her initials on page one and signed her name on page four, concerning Mr. Krebs' contradicting leases, both dated January 31, 2002.


I am not interested in continuing the lease. Thank you for your kind understanding.

Again, for the record, there are more issues.


Thank you.

Respectfully submitted,

*Dennis L. Smith*

Dennis L. Smith
Patricia A. Meyers

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE　　　:
GARDEN CENTER,　　　　　　　　　　:　　C.A. No.: 1120 - S
　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
PATRICIA A. MEYERS,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　　:

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Defendant, Ms. Patricia A. Meyers, at RR 4, Box 103A, Frankford,

Delaware 19945, by and through her attorney-in-fact/agent, Dennis L. Smith who is pro se, and

answers Plaintiff's complaint which was served upon her attorney-in-fact/agent on March 11,

2005, by the Sheriff's Department of Sussex County. Petitioner's attorney, Alan Davis, address

is Henry Clay Davis, III P.A., 303 N. Bedford Street, P. O. Box 774, Georgetown, DE 19947,

and Defendant answers the numbered paragraphs in petitioner's Complaint as follows:

1. Paragraph One is Admitted.

2. Paragraph Two is Admitted.

3. Paragraph Three is Admitted at to the fact that attorney-in-fact/agent " Smith " is

a resident of the State of Delaware, and has a power of attorney recorded in the Recorder of

Deeds book 00776, page 041dated October 27, 2003, given him the authority to act for

Defendant. Defendant denies Plaintiff's false and slanderous claim that " The actual relationship

between the parties is not known,..." concerning Mr. Smith and Defendant, and states that the

power of attorney on its face, clearly states the relationship between the parties as follows,

" ... Grantor, do hereby make and grant a general power of attorney to my close friend of the

family, Dennis L. Smith Sr. ...," which clearly ratifies his actions.

EXHIBIT B

4.  Paragraph  Four is Admitted as to the fact that Mr. Krebs' lease is dated January 31,

2002. Also, only on page <u>one</u> and page <u>four</u> of this lease, it was designed by Mr. Krebs and/or

his attorney to be between Ms. Meyers and Mr. Krebs, and not to include the other heir or heirs.

Therefore Ms. Meyers signed page four of this lease, to lease to Mr. Krebs 2.5 acres +/-

portion...", which is a part of a 39.02 acres parcel as agreed ( Attached hereto as Exhibit <u>**A**</u> and

<u>**it's**</u> enclosed exhibits <u>**F**</u> ).  Defendant denies Mr. Krebs' false statement, "... lessor's six-acre

parcel known as Tax Parcel Number 5-33-22- 82...," based on the reference to the property in

Deed Book 2437, Page 114,  which identifies property owned by Mr. George A. Evans

( deceased ) and references his <u>unsettled</u> Last Will and Testament dated December 1, 1989,

concerning a 39.02 acres parcel known as Tax Map 5 - 33 11.00 82.00.  This <u>WILL</u> was also

referenced in the Court of Chancery's document " C. M. No. 3692-S " under  " <u>AS TO ALL</u>

<u>COUNTS</u> "  No. " 4 ,"and this 39.02 acres parcel was <u>subdivided</u> and <u>Deeded</u> on August 4,

20<u>03</u>.   Defendant also disputes Mr. Krebs's reference to "...Tax Parcel Number 5-33-22-82... ."

Defendant admits that this leased 2.5 acres +/- portion  is  "... located northeast of Road 382... ,"

but denies that this leased  2.5 acres +/- portion is approximately 1100 feet northwest of  Road

384, based upon the confirmed written agreement Defendant asserts that Mr. Krebs gave his

verbal agreement that parcel line began at the  " Well Point " and would not exceed  175 feet of

Road frontage, going Northwest parallel with Road 382, which includes an old farm driveway

with <u>woods</u> and/or <u>trees</u> in front of it, clearly this  "approximately 1100 feet " point in the middle

of this leased two and a half  ( 2.5+/- ) acres part, of  the agreed road frontage of 175 feet.

Defendant admits " The term of the lease is three (3) years, beginning March 28, 2002," and

admits that a copy of Mr. Krebs' lease is attached as Exhibit A.  <u>Furthermore</u> , concerning this

leased  " 2.5 acres +/- portion " which is a part of a 39.02 acres parcel,  while Mr. Krebs and/or

his attorney <u>chose not</u> to attach a Survey  Plat Drawing outlining the agreed boundaries to the

January 31, 2002 lease agreement, but engaged in a <u>written</u> agreement and a <u>verbal</u>  agreement on

this same exact location as set forth on page on of  the lease, Mr. Krebs illegally added

approximately an additional 158 feet road frontage which was not agreed to. A copy of

Defendant's original lease which was never stapled together by Mr. Krebs dated January 31,

2002, which is attached hereto as Exhibit **B**. Also **see Paragraph Five below.**

    5. Paragraph five is Admitted as to the fact that Mr. Krebs did paid the initial sums for <u>rent</u>

concerning the leased 2..5 acres +/- portion, which is a part of a 39.02 acres parcel, but denied as

to Plaintiff's assertion that the initial sums was paid " as required " in the January 31, 20<u>02,</u>

lease agreement, page three (3) TERM, "Section 10 " which Defendant has not seen, and has not

initialed. Defendant points out the fact that pages 1 and 4 of the lease agreement contain her

initials and/or name, evidencing Defendant's agreement to the terms contained thereon, and

Defendant therefore denies having agreed to the terms contained on pages 2 and 3 of the lease

agreement. TERM, Section 10 states the following, " Payment of the <u>first</u> rent installment and

signing bonus shall not be due until <u>final</u> approval of Sussex County Planning and Zoning

and/or Sussex County Council is given for a conditional or special use sufficient for lessee to

***operate the proposed business***. Payment of the <u>first</u> rental installment and signing bonus shall

<u>also</u> be stayed <u>until</u> DelDOT provides a <u>final</u> entrance approval for the business." Therefore, on

April 1, 2002, Mr. Krebs in a <u>RUSH</u> for the leased property, <u>breached</u> TERM, Section 10, by

paying a total of three thousand dollars ( $ 3,000.00) in a check numbered " 3471" ( Attached

hereto as Exhibit **C** ) to Ms. Meyers, <u>before first</u> receiving <u>final</u> approval from the above named

government agencies. Also, since January 31, 2002, through to September 24, 2004 and/or

October 4, 2004, which equals to two (2) years and approximately eight (8) months, Mr. Krebs

<u>continues to</u> illegally operate his business, because the <u>LEASED SEQUENCE</u> is to <u>FIRST</u>

<u>RECEIVE</u> " final approval " before paying Ms. Meyers the " first rent installment and signing

bonus " of three thousand dollars ( $ 3,000.00) as above mentioned, this is <u>one</u> of the <u>reasons</u>

how Mr. Krebs' <u>breached</u> TERM, " Section 6 USE OF PREMISES - <u>C</u> ." Based on TERM,

Section 10, of the January 31, 2002, lease Mr. Krebs' had <u>control</u> to stay check numbered

3471, for <u>rent</u> due and signing bonus until <u>AFTER</u> final approvals, but Mr. Krebs failed to do so.

Defendant <u>Denies</u> that Mr. Krebs has continued to fulfill his " monetary and <u>other</u> obligation under the lease," based upon the fact that Mr. Krebs's lease dated January 31, 2002, is not valid, due to Mr. Krebs and/or his attorney's <u>failure to draft</u> a <u>TERM</u> in this lease which covers and states, " The effectiveness of this lease is subject to Landlord obtaining a subdivision of the property of which the Leased Premises is a part, which subdivision will separate Landlord's interest from the interests of the Estate of Donald Evans " ( This quote is from another lease which is dated May 30, 20<u>03</u> , see Bay Twenty LLC's Civil Case 69-S who's lease was confirmed being <u>unconscionable</u> on July 14, 2004, in the Court of Chancery ) Clearly Mr. Krebs' lease was agreed to be a part of a 39.02 acres parcel with Tax Map parcel number 5-33 -11.00 - 82.00, and was not agreed to be a part of a 17. 34 acres parcel with Tax Map parcel number 5-33 -11.00 -82.00, " Tract No. 3." Defendant's DEED is dated June 30, 20<u>03</u>, and Mr. Krebs lease is dated January 31, 20<u>02</u>. Furthermore, Defendant's approximately 19<u>84</u> , <u>14</u> feet wide mobile house trailer which serves as her residence needs work, therefore, based on Mr. Krebs' January 31, 2002, lease agreement page four (4) TERM, SECTION 13 - ENTIRE AGREEMENT, Mr. Krebs drafted three (3) documents (Attached hereto as Exhibit **D**, a total of three documents) which are " <u>additions</u> " and a part of this lease as follows: (1). Additional document agreement dated August 1, 2002, (2). Additional document agreement dated September 2, 2002, and (3). Additional document agreement dated September 18, 2002. All additional document agreements were signed by Plaintiff and Defendant and concerned a <u>rent deduction</u> issue. This " <u>rent deduction</u> " agreement document dated September 2, 2002, is a "Sale" agreement, selling Defendant what she believed to be a " 16 or 14 x 60 mobile house trailer " for nine hundred fifty ($ 950.00) dollars, to serve as her residence. This ($ 950.00) dollars was deducted from the January 31, 2002, lease <u>rent</u> agreement, concerning TERM, " SECTION 3 - RENT." But, Ms. Meyers never received the mobile house trailer's title from Mr. Krebs, although Defendant asserts that she asked Mr. Krebs for this title many times, so that she could get the *necessary permits* to use this mobile house trailer to live in. Therefore, on October of 2004, and April of

2005, the undersigned investigated the matter further and determined that: (a) This mobile house trailer is being sold to Mr. Krebs for five hundred ($ 500.00 ) dollars worth of landscaping materials. (b). <u>Since</u> September 27, 2002, Mr. Krebs has an outstanding balance of one hundred fifteen ( $ 115.00 ) dollars of landscaping material owed to a Mr. F William Simpson of Bishopville, MD on this approximately 1969, and <u>12</u> wide x 57, mobile house trailer. (c). On April 20, 2005, Mr. F William Simpson stated in a note, " As of this date I can not find the <u>title</u> to the mobile home trailer," and again stated, " Outstanding balance in landscape material of $ 115. 00 is still due from Steven Krebs," which is a <u>lien</u> , because of Mr. Krebs <u>failure</u> to pay his monetary and obligated <u>debt</u>. (d). Defendant's agreement with Mr. Krebs in their "Additional document agreement dated September 2, 2002," stipulated that this mobile house trailer was to be a 16 or 14 x 60, but Mr. Krebs misrepresented same to Defendant by stating the size of the mobile home incorrectly (e). Ms. Meyers stated that, Mr. Krebs verbally told her that this <u>believed</u> to be 16 or 14 wide x 60 mobile house <u>trailer</u> , is newer than her 1984, mobile house trailer, which <u>was not true</u>. (f). Sussex County Code, 115-20,1. h - does not allow an newer mobile house <u>trailer</u> to be replaced by an older mobile house <u>trailer</u>. (g). On April 26, 2005, Motor Vehicle of the State of Delaware in and for Sussex County, that Mr. Krebs need<u>ed</u> to get a Maryland bill of sale <u>with</u> the Maryland mobile house trailer's title first, from Maryland residence Mr. F William Simpson, <u>believed to be</u> the mobile house trailer's <u>title</u> owner. Then only after such title was recorded in Mr. Krebs' name in the State of Delaware, could Mr. Krebs have then sold this mobile house trailer with a Delaware <u>title</u> to Ms. Meyers and <u>added</u> a bill of sale concerning a <u>rent deduction</u>. But Mr. Krebs failed to so, and without having ownership of the mobile house trailer's <u>title</u> , on September 4, 20<u>02</u> , illegally sold Ms. Meyers this <u>12 wide</u> x 57, mobile house trailer which Ms. Meyers <u>did not</u> agree to in the written " additional agreement dated September 2, 2002," also this agreement does not have this trailer's <u>serial number</u> written thereon. <u>CONCLUSION</u> , Mr. Krebs did not fulfill his monetary and other obligations owed to

Mr. F. William Simpson as above mentioned. Mr. Krebs did not fulfill his monetary and other

obligations owed to Ms. Meyers as above mentioned, based on the facts and understanding as

follows: (1). The 12 wide x 57, mobile house trailer is not the width Ms. Meyers wanted and not

what she agreed to, in writing (2). This 12 wide x 57, mobile house trailer, which has a lien in

the State of Maryland, was sold illegally by Mr. Krebs to Ms. Meyers without a title.

(Attached hereto as **Exhibit E,** a total of five documents, one includes **evidence pictures**)

(3). Verbally, Mr. Krebs deceived ( TRICKED) Ms. Meyers into believing that this 12 wide x

57, mobile house trailer was newer than Ms. Meyers' mobile house trailer, which was found to be

not true. (4). Ms. Meyers stated, that Mr. Krebs told her that he will help her to replace her 14

feet wide mobile house trailer with the believe to be 16 or 14 x 60, mobile house trailer at

**midnight** when no one will notice, but Ms. Meyers refused to participate or sanction this illegal

act, and at that time, again requested the title so that she could get the necessary permits. But

after October of 2004, and April of 2005, discerning the misrepresentation of the size of the

mobile house trailer, no longer wanted same, also did not want this trailer in the past because of

no title for ownership. These facts breached Mr. Krebs' " additional agreement dated September

2, 2002," signed by both parties, valid and enforceable concerning a RENT DEDUCTION of

nine hundred fifty ($ 950.00) dollars , which is an addition of Mr. Krebs' January 31, 2002,

lease agreement under TERM Section 13 - ENTIRE AGREEMENT. Therefore, Defendant is

not legal owner of this believe to be 16 or 14 x 60, mobile house trailer, based on the fact that

Ms. Meyers has been deceived ( TRICKED ) as above mentioned and has not received the

believe to be 16 or 14 x 60, mobile house trailer's title in the original three (3) year lease term,

which has expired on March 28, 2005. Therefore, Mr. Krebs owes Defendant an outstanding

past due RENT of nine hundred fifty ($ 950.00) dollars. This "outstanding past due RENT "

breached the January 31, 2002, lease TERM SECTION - 8 EXTENSION OF LEASE TERM and

TERM SECTION 9 - RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END,

because in both of this terms it states, " In consideration of <u>rent</u> and the additional signing

<u>bonus</u>... ." In my letter dated January 27, 2005, I told Mr. Krebs and his attorney to "...please

take this letter as a notice that the lease will terminate on March 28, 2005, at 12:01 A. M.

midnight. My letter dated December 18, 2005, clearly stated that your request for an extension

was denied," this document is also <u>Plaintiff's Exhibit C</u>. <u>Also</u> , Ms. Meyers did not accept a

total of Six thousand ( $ 6,000.00 ) dollars in past due <u>rent</u> from Mr. Krebs, because of his

wrongful acts involving the leased property. **( Note: Defendant and agent wants Mr. Krebs to**

**move trail from the property, for reasons above mentioned.)**

     6.  Paragraph  Six is denied. But I have the right to video tape, for evidence and report to

government agencies, when Mr. Krebs engages in illegal wrongdoing on the leased property;

such as illegal trash burning, using the property  for a illegal landfill, signing his name as

property owner on government documents, building without permits, building code conspiracy

between Mr. Krebs and Mr. Van W. Millagan who admitted his wrongdoing in helping Mr.

Krebs on the leased property, etc., ( Attached hereto as **Exhibit A** and **Exhibit F**, a total of five

page concerning  government  warning or violation involving Plaintiff's lease property ). On

Mr. Krebs' "Application for Zoning Map Amendment or  Conditional Use " dated 4 / 5 / 05, at

the bottom of  this " application " it has instruction for  " Owner's Consent," to be given on the

line above, which means that the owner himself or herself  with a pen in his or her <u>hand</u>, may

sign his or her own <u>NAME</u> on the "<u>above line</u>" to confirm the following:  (a) Agreement

(b) Approval  (c) Permission.  But, Mr. Krebs <u>failed</u> to draft a lease with a <u>TERM</u> , which

states,  " Landlord agrees to <u>execute</u>  ( also means to **sign** ) any documents reasonably required by

Tenant to enable Tenant to utilize the Leased Premises for its Intended Use... ." In TERM,

Section 7, of Mr. Krebs' lease, which Ms. Meyers has never seen, never initialed and never

agreed to, it states, "... Consent of the <u>lessor</u>  ( "owner's consent " )  is <u>not</u> necessary for lessee to

make any future improvements,... ." TERM, Section 7, quote explains why Mr. Krebs, since the

lease dated January 31, 2002, continued his business for two (2) years and approximately eight

(8) months before the first time requesting "consent." The original three (3) year TERM, ended

on March 28, 2005. Furthermore, in Black's Law Dictionary, the word implied means the

following: " This word is used in law in contrast to "express"; i.e., where the intention in regard

to the subjectmatter is not manifested by explicit and direct words,... ." But, in Mr. Krebs' lease

dated January 31, 2002, TERM, Section 7, as above mentioned concerning "consent," the words

are clearly manifested by explicit and direct words in a written instrument, this "lease." Planning

and Zoning allowed Mr. Krebs to continue his illegal business based on a **written explanation**

provided by Mr. Krebs in lieu of Defendant's signature evidencing her **written consent** , which

she did not agreed to under any of the January 31, 2002, lease terms. **Also, this lease does not**

**confirm who prepared it !!** ( Attached hereto as **Exhibit G**, Planning and Zoning **Application**

issue). **Also see Paragraph Five above.**

    7. Paragraph Seven is denied.

      a. Subparagraph 7.a. is Denied. see Paragraph Five and Paragraph Six, also see attached

Exhibit A.

      b. Subparagraph 7.b. is Denied. see Paragraph Five and Paragraph Six, also see Exhibit

attached Exhibit A. Also, Mr. Krebs illegally signed his name as property owner on government

documents with no Power of Attorney document. But, DelDOT will not allow Mr. Krebs to

continue his illegal practice signing permits as property owner without a " Power of Attorney."

Concerning Mr. Krebs January 31, 2002, lease, the Division of Water Resources illegally

allowed Mr. Krebs to install a well without a Power of Attorney, then the Division of Water

Resources Mr. Stewart Lovell, P.G. in a letter dated March 30, 2004, stated in writing that, "

Section Seven of the agreement allows Mr. Krebs to make improvements related to his

business." Also stated, " The terms of the agreement are plan and unequivocal in this respect." It

is a fact that Mr. Krebs made a false statement because he do not need a well, it has been illegally

installed Ms. Meyers did not ever signed a " Designation of Legally Authorized Agent

document " from the Division of Water Resources concerning Mr.Krebs.

     c.  Subparagraph 7.c. is Admitted. That Mr. Krebs provided notice of his intention to extend the lease term. Admitted that Ms. Meyers, through Mr. Smith, has indicated that she will not honor the extension of the lease, also for reasons in **Paragraph Five above**. Denied this further jeopardizing the interests of Krebs, because Mr. Krebs is responsible for his own wrongful action.

     8.  Paragraph Eight is Denied. See Paragraph Five and Paragraph Six. Any significant monetary damages to Plaintiff's interests are the results of his own wrongful doings, and in addition , Mr. Krebs's wrongdoing has cost Defendant and the undersigned significant emotional and hardship and has resulted in violations from government agencies through no fault of Defendant.

     9.  Paragraph Nine is Admitted. That I ( Mr. Smith ) have a Power of Attorney, given by Ms. Meyers to have " complete authority, to any and all real estate properties, leased properties... ." Ms. Meyers told me that she never agreed to sell and/or wanted to sell the leased two and a half acres to Mr. Krebs at anytime, because of many memories of the property, Ms. Meyers never seen, never initialed and never agreed to TERM Section 9 of the January 31, 2002, lease. Ms. Meyers did not contradict herself in the November 12, 2004, letter, but is being forced into answering Section 9, which clearly do not state <u>Market Price</u> which is based on " surrounding properties " prices, but it clearly states "<u>ASKING PRICE</u>." In the Black's Law Dictionary the term asking price means: " The price at which a seller <u>lists</u> his property for sale." Therefore, in this letter dated November 12, 2004, Ms. Meyers <u>listed</u> this property for Three Million Five Hundred Thousand dollars (\$ 3, 500.000.00 ), because it means that much to her. As Mr. Krebs know, this property is only five mile from the beach, the bay and the ocean. This is a growing area with <u>unbelievable</u> real estate prices. **Also see Paragraph Five above.**

     10. Paragraph Ten does not require a response.

     11. Paragraph Eleven is Denied. See Paragraph Five and Paragraph Six.

12. Paragraph Twelve is Denied. Lease has expired see Paragraph Five and Paragraph Six.

13. Paragraph Thirteen is Denied. The lease is not valid and therefore its terms are not valid. Furthermore the lease term under section 8, is AMBIGUOUS and the extension was denied. "Asking Price" see Paragraph Nine details above, but again the lease is not valid, also see **Paragraph Five above for details**.

14. Paragraph Fourteen does not require a response.

15. Paragraph Fifteen is Denied. See Paragraph Five and Paragraph Six above. For one reason, based on the breached Section 10 of the lease by Mr. Krebs, if there is any ongoing harm it is because Mr. Krebs initiated it by making payment of the first rent installment and signing bonus of three thousand ($ 3, 000.00) to Ms. Meyers without first receiving final approval from government agencies to " operate the proposed business."

16. Paragraph Sixteen is Denied. Again, see Paragraph Five and Paragraph Six above. For one reason, based on the breached Section 10 of the lease by Mr. Krebs, if there is any ongoing harm it is because Mr. Krebs initiated it by making payment of the first rent installment and signing bonus of three thousand ($ 3, 000.00) to Ms. Meyers without first receiving final approval from government agencies to " operate the proposed business."

17. Paragraph Seventeen is Denied. Again, see Paragraph Five and Paragraph Six above. For one reason, based on the breached Section 10 of the lease by Mr. Krebs, if there is any ongoing harm it is because Mr. Krebs initiated it by making payment of the first rent installment and signing bonus of three thousand ($ 3, 000.00) to Ms. Meyers without first receiving final approval from government agencies to " operate the proposed business." Mr. Krebs is operating an illegal business, and continues to perform other illegal acts on the leased property when his customers are there, therefore I video tape for evidence. See Exhibit F, where Mr. Krebs was warned for illegal burning of trash which I video tape while his customers were present.

18. Paragraph Eighteen is Denied. In the January 31, 2002, lease TERM Section 6 - C.

it states, " Lessee shall not use the premises for any illegal purpose." But, see Paragraph Five and Paragraph Six above.

19. Paragraph Nineteen does not require a response.

20. Paragraph Twenty is Denied. In Black's Law Dictionary " Pendent jurisdiction " means: " A principle applied in federal courts ... ." I understand that this case in filed in the State's Court of Chancery.

21. Paragraph Twenty One is Denied. See Paragraph Five and Paragraph Six above.

22. Paragraph Twenty Two is Denied. See Paragraph Five and Paragraph Six above. Denied that Mr. Krebs sustained any current monetary damages caused by Ms. Meyers and the undersigned since his first request for " CONSENT " in his September 24, 2004, and/or his October 4, 2004, letter or letters, because Mr. Krebs never ceased operating his business illegally on the leased property and no government agencies physically came and stop him. Furthermore, Mr. Krebs failed to install his once approved commercial greenhouse business, but however he closed this illegal business in late 2004, and reopen in some time in March of 2005.

## FIRST AFFIRMATIVE DEFENSE - UNCONSCIONABILITY

23. Defendant and Mr. Smith re-allege and incorporate by reference the facts contained in Paragraphs One through Twenty Two of this Amended Answer.

24. The value of Defendant's two and a half acres, five miles from the beach, the bay water and the ocean has increased substantially in the past months and/or year concomitant to the increase of population and development of the eastern portion of Sussex County.

25. Defendant Patricia A. Meyers is an elderly individual with a tenth-grade education and health issues. Ms. Meyers was particularly susceptible to being coaxed into a one-sided contract.

26. Plaintiff Mr. Steven S. Krebs/ Kreative Garden is a sophisticated business, and claim to have drafted the lease in question, but this lease in question does not confirm who truly drafted it thereon. Also this lease was not recorded in the Recorder of Deeds.

27. The terms of this contract are so one-sided that they are unreasonable , and no person in his senses would accept on the one hand, and no fair and honest person would accept on the other hand, to wit:

a. The leasehold price of $ 333. 34 per month is far below the rental value of this property only five miles from the beach and on a main Road.

b. Plaintiff / Tenant claims that Defendant/Landlord **waives any right to terminate** the lease at the end of the original three-year lease term and grants to lessee the right to **request** an extension of the lease term for three years or five years, **at his option**. This paragraph is also **AMBIGUOUS**.

c. The lease contains no provisions or remedies for the lessor in the event of a breach of the terms of the agreement by the lessee.

d. The lease provides for a right of first refusal **and** an option to purchase at the end of the lease term. Plaintiff clearly wants the lease property only at his option and leaving Defendant with no say or rights as if Plaintiff already owned the lease property.

## FIRST AFFIRMATIVE DEFENSE - MISREPRESENTATION

28. Defendant and Mr. Smith re-allege and incorporate by reference the facts contained in Paragraphs One through Twenty Seven of this Amended Answer.

29. Plaintiff want Defendant to believe that there is a written term in the January 31, 2002, lease which allows him to be a part of her inherited 17. 34 acres as of June 30, 2003, which is identified as Sussex County Tax Map parcel number **5-33 -11.00 82.00 Tract No. 3** , this fact is recorded in the Recorder of Deeds Book 2867, page123. Furthermore this Deed of Defendant's is dated June 30, 2003, Mr. Krebs lease is dated January 31, 2002. In Mr. Krebs' lease agreement on page one, Mr. Krebs agreed to be a part the 39.02 acres, because he put in writing and identified Sussex County " Tax Map Parcel Number **5-33 -11.00 82.00** ." There is nothing

in Mr. Krebs's lease dated January 31, 2002, which confirms that his lease is apart of the inherited " **Tract No. 3** , " Therefore, Mr. Krebs lease is not valid, due to Mr. Krebs and/or his attorney's failure to draft a TERM in this lease which covers and states, " The effectiveness of this lease is subject to Landlord obtaining a subdivision of the property of which the Leased Premises is a part, which subdivision will separate Landlord's interest from the interests of the Estate of Donald Evans "

30. On January 31, 2002, Plaintiff had two **original** leases both dated January 31, 2002. Defendant told me, before she signed each of Mr. Krebs' leases dated January 31, 2002, that pages of these leases were moved to the table from the floor and from the floor to the table by Mr. Krebs as he read each page and had Defendant to initial the first page for a claimed reason, and sign the last page of the lease. Then handed Defendant one original lease of four page, which was never **STAPLED** together, now in safe keep for evidence. Clearly Mr. Krebs proven that he understands that, initials and/or signatures and/or printed names on document confirms that the other party agree and seen the same, but **concerning two very important pages to** Mr. Krebs in these leases, which are pages 2 and 3. Mr. Krebs did not have Defendant to initial and/or sign and/or print her name thereon for evidence on January 31, 2002. Defendant denies seeing and agreeing to page 2, and 3, with those unbelievable TERMS, concerning this leases.

31. Mr. Krebs breached his ' " Additional document agreement dated September 2, 2002, which became a part of the January 31, 2002, lease agreement by Term Section 13 - Entire Agreement. This breach is based on, the misrepresentation of the size of the agreed mobile house trailer and Defendant never receive a title from Mr. Krebs for this trailer, and this mobile house trailer is older than Mr. Krebs stated. This is another reason why Mr. Krebs lease terminated on March 28, 2005.

32. The January 31, 2002, lease does not confirm who draft it thereon.

33. Plaintiff breached Term Section 10 - Regulatory Approval / Effect of Denials, by

paying Defendant first rent installment and signing bonus, before first receiving final approval

from government agencies as agreed. But, now Mr. Krebs want Defendant to believe that it is

her fault.

WHEREFORE Defendants Pray this Honorable Court Rescind the January 31, 2002,

contract and award Defendant any and all other relief that is just.

RESPECTFULLY SUBMITTED.
Dennis L. Smith attorney-in-fact/agent
and witness for Patricia A. Meyers

By: _Pat___ A. Muy_____

Dennis L. Smith attorney-in-fact/agent
and witness for Patricia A. Meyers

DATE: _April 29, 2005_

Patricia A. Meyers
Route 4, Box 103A
Frankford, DE 19945

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE    :
GARDEN CENTER,    :    C.A. No.: 1120 - S
    :
    Plaintiff,    :
    :
    v.    :
    :
PATRICIA A. MEYERS,    :
    :
    Defendant.    :

## AFFIDAVIT OF PATRICIA A. MEYERS

STATE OF DELAWARE  :
               : SS.
COUNTY OF SUSSEX   :

BE IT REMEMBERED that on this 28 day of April 2005, personally appeared before

me, the Subscriber, a Notary Public for the State and County aforesaid, Patricia Meyers,

Defendant in the above-captioned action, known to me personally to be such, who being duly

sworn according to law did depose and say that the facts contained in the foregoing Answer are

true and accurate to the best of her knowledge, information and belief.

Pat A. Mey
Patricia A. Meyers

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

Notary Public

**MARY ANN LEAGER**
Notary Public - Delaware
My Comm. Expires April 6, 2006

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STEVEN KREBS, d/b/a, KREATIVE : 
GARDEN CENTER, :     C.A. No.: 1120 - S
                                 :
          Plaintiff, :
                                 :
   v. :
                                 :
PATRICIA A. MEYERS, :
                                 :
         Defendant. :

**AFFIDAVIT OF DENNIS L . SMITH**

STATE OF DELAWARE : 
                   : SS.
COUNTY OF SUSSEX :

BE IT REMEMBERED that on this ___ day of April 2005, personally appeared before

me, the Subscriber, a Notary Public for the State and County aforesaid, Patricia Meyers,

Defendant in the above-captioned action, known to me personally to be such, who being duly

sworn according to law did depose and say that the facts contained in the foregoing Answer are

true and accurate to the best of his knowledge, information and belief.

Dennis L. Smith / Attorney-in-fact / agent / witness
for Ms. Patricia A. Meyers.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

Notary Public

**MARY ANN LEAGER**
Notary Public - Delaware
My Commission expires April 6, 2008

CERTIFICATE OF SERVICE

I hereby certify that two true copies of the foregoing Answer have been  Hand-Delivered
this _____ day of  April 2005 to counsel for the Plaintiff at the following address:

> Alan G. Davis, Esq.
> 303 N. Bedford Street
> P.O. Box 744
> Georgetown, Delaware 19947

and that counsel has received this two copies by attorney-in-fact/agent/witness Mr. Dennis
L. Smith.

Dennis L. Smith
P. O. Box 311
Selbyville, DE 19975

*Exhibit A*

October 29, 2004
This letter has a total of Seven (8) pages, plus exhibits

To: Alan G. Davis, **Attorney**
303 N. Bedford Street
P. O. Box 744
Georgetown, Delaware 19947
Certified: 7002 2410 0001  0238 1896

To: Mr. Marvin E. Roberts
Department of Transportation
South District, P. O. Box 490
Georgetown, DE 19947
Certified: 7002 2410 0001  0238 1926

To: Ms. Jane Brady Attorney General
Department of Justice
State Office Building
820 North French Street 6th Floor
Wilmington, Delaware 19801
Certified: 7002 2410 0001  0238 1940

To: Mr. Stewart Lovell
Water Supply Section
Division of Water Resources
89 Kings Highway
Dover, Delaware 19901
Certified: 7002 2410 0001  0238 1964

To: Mr. Keith R. Brady
Department of Justice
State Office Building
820 North French Street 6th Floor
Wilmington, Delaware 19801
Certified: 7002 2410 0001  0238 1988

To: Mr. Steven S. Krebs
P. O. Box 796
Selbyville, Delaware 19975
Certified: 7002 2410 0001  0238 1902

To: Mr. Frederick Schrenck
Del. D.O.T - Legal Dept
800 Bay Road, P. O. Box 778
Dover, Delaware 19901
Certified: 7002 2410 0001  0238 1933

To: Mr. Van W. Milligan
Building Code Department
Sussex County
P. O. Box 589
Georgetown, Delaware 19947
Certified: 7002 2410 0001  0238 1957

To: Secretary - Mr. Nathan Heyward III
Office of External Affairs
P. O. Box 778
Dover, Delaware 19903
Certified: 7002 2410 0001  0238 1971

To: Ms. Susan Draper
Consumer Protection
Investigator - Attorney General  Office
114 East Market Street
Georgetown, Delaware 19947
Certified: 7002 2410 0001  0238 1995

Re: From " 1 / 31 / 02," this date of Mr. Steven S. Krebs' unconscionable lease, **through to the date September 24, 2004** and/or **October  4, 2004**, equals to,  **two (2) years** and approximately **eight (8) months**. Therefore, on September 24, 2004 and/or October  4, 2004, is the first time that, Mr. Krebs and/or his attorney requested " Consent " for Mr. Krebs' business, which is on two and a half acres located in Sussex County, Tax Map parcel number  5 -33 -11.00 - 82.00. Mr. Krebs was caught being involved in Real Estate conspiracy and/or Actionable Negligence, and now, needs " Consent " to continue his business after being caught, **within**  his " original **three - year leased  term."**

This real estate conspiracy and/or actionable negligence involves the following people:

--- continue on page 2 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 2


(a).   **Mr. Stewart Lovell** and **Mr. Alan Pangratz** - State Division of Water Resources / State
       Department of Natural Resources & Environmental Control, Dover Delaware.
(b).   **Mr. Marvin E. Roberts** - State of Delaware Department of Transportation, South District,
       Georgetown, Delaware.
(c).   **Mr. Van W. Milligan** - Sussex County Building Code Department, Georgetown, Delaware.

       All parties mentioned in (a), (b) and (c) above, have done wrongful acts, whether by actionable
       negligence and/or used this unconscionable " Commercial Lease Agreement " dated 1 / 31 /
       02, <u>which is not notarized</u> as a Power of Attorney document <u>and/or</u> a designation of authorized
       agent document. In this case, this is actionable negligence <u>and/or</u> illegal acts of law, which
       violates Ms. Meyers' Fourteenth Amendment Constitutional Rights concerning " Equal
       Protection of the Laws."

**Dear**   Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties:

       To all who receive this letter, please read and find below, what is relevant to you and/or your
       office. Also, at this point in time I am <u>PRO SE</u> , and have Power of Attorney concerning the
       property and leased property " Re: " (referenced ) above.

       This letter is in response to, Attorney Alan G. Davis' letter dated September 24, 2004 and/or
       October 4, 2004." I received this letter on October 4, 2004, and per our phone conversation on
       October 6, 2004.

       Mr. Steven S. Krebs is a business man who is represented by an attorney.

       Concerning this above, referenced , unconscionable " Commercial Lease Agreement" dated
       1 / 31 / 02, between Ms. Patricia A. Meyers and Mr. Steven S. Krebs. In " SECTION 12 -
       GOVERNING LAW," it states, " This agreement is made under, and controlled by, the laws
       of the State of Delaware." Also, Section 6, states, " C Lessee ( Mr. Krebs) shall not use the
       premises for any illegal purpose."                        This lease see ---- ( **Exhibit A** )


       **Mr. Krebs' lease dated " 1 / 31 / 02 " <u>will not</u> receive an " <u>extension</u> ," see details below:**

       On 1 / 31 / 02, Mr. Steven S. Krebs negotiated a lease from Ms. Patricia A. Meyers, who is an
       elderly, uneducated individual with an approximately tenth grade education. To be clear, there
       was **no notary public** or **witness** present at that time. Mr. Krebs <u>read</u> the <u>enclosed</u> four
       (4) page unconscionable " Commercial Lease Agreement," dated 1 / 31 / 02, to Ms. Meyers
       and had her sign it, ( **see this lease for proof** ). Furthermore, the language in the
       paragraph under " SECTION 8 - EXTENSION OF LEASE TERM " of this lease, is
       <u>AMBIGUOUS</u> . Ms. Meyers stated that Mr. Krebs never read Section 8 of this lease to her,
       <u>nor</u> did she see Section 8, <u>nor</u> agree to Section 8 on 1 / 31 / 02. One part of Section 8 states,
       " lessor ( Ms. Meyers ) hereby waives any right to terminate the lease at the end of the original
       three - year lease term..." Another part of section 8 states, "... and grants to lessee (Mr. Krebs)
       the right to request an extension.... ." "... at his option." But, section 8 <u>does not</u> state, the right
       to an extension. "... at his option."

--- continue on page 3 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 3

Therefore, concerning the paragraph just mentioned above, if Mr. Krebs verbally and/or in writing, <u>chooses to use his</u> " right to request an extension " at his option within sixty (60) days of the end of the original three - year term, be advised, that Mr. Krebs' request for an extension of " three years or five years, " will be denied. For the record, as of the date of this letter and/or the date that Mr. Krebs and/or his attorney receives this letter, this letter will serve as **NOTICE**. Mr. Krebs' unconscionable " Commercial Lease Agreement," dated 1 / 31 / 02, will not be extended past the original three - year term <u>nor</u> be renewed, at the end of the original three - year term. This is a Ninety (90) and/or Sixty (60) day **NOTICE**.        See ---- ( **Exhibit A** )

**Response to Attorney Davis' letter and phone conversation as mentioned above**:

Attorney Davis, in our phone conversation on October 6, 2004, concerning the <u>unconscionable</u> " Commercial Lease Agreement," dated 1 / 31 / 02, between Mr. Steven S. Krebs and Ms. Patricia A. Meyers, you ( Attorney Davis ) stated, " ... I can tell you right now, that the contract says absolutely nothing, in, in, in , (sic) its plain terms about <u>whether</u> you are obligated to sign these things ( " re-application for conditional use, the entrance permit documentation for DELDOT, the materials for both building code inspection and the well permit " )."

Concerning the word **" Implied,"** in Black's Law Dictionary, the word Implied means the following: " This word is used in <u>law</u> in contrast to "express"; i.e., <u>where</u> the <u>intention</u> in regard to the subject matter **is not manifested** by **explicit** and **direct words**,..." **as you agreed on October 6, 2004**. Please understand, after the signing of the <u>unconscionable</u> " Commercial Lease Agreement," dated 1 / 31 / 02, there is nothing that can be **" Implied,"** which **obligates** Ms. Meyers and I, to sign your **request**, which is indicated in your letter dated September 24, 2004 and/or October 4, 2004, see why in the next paragraph below. -

In this lease dated 1 / 31 / 02, it clearly states in section seven (7), " Lessor ( Ms. Meyers ) gives lessee ( Mr. krebs ) authority to make such improvements,... ." " **Consent** ( agreement; approval; permission ) of the lessor ( Ms. Meyers ) is not necessary for lessee ( Mr. Krebs ) to make any future improvements,..." Also, in section ten (10) , it states, " **Upon execution** to this lease , lessee ( **Mr. Krebs)** <u>shall take immediate</u> and **appropriate steps** to <u>secure</u> **regulatory approval** of his proposed **use of the property**. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee ( Mr. Krebs ) to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. **If** such approvals are not forthcoming **within two months** from the signing of this lease, or <u>if</u> lessee ( **Mr. Krebs** ) is <u>denied</u> **approval**,..." Clearly, in its **plain terms,** these quotes from this lease dated " 1 / 31 / 02," <u>is</u> clearly **manifested** by **explicit** and **direct words** " in a <u>written instrument</u> .        See ---- ( **Exhibit A** )

--- continue on page 4 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 4

Mr. Krebs and/or government agents or agent, have done wrongful acts, whether by
ACTIONABLE NEGLIGENCE and/or used this unconscionable " Commercial Lease
Agreement " dated 1 / 31 / 02, which is not notarized as a POWER OF ATTORNEY document
and/or a DESIGNATION OF LEGALLY AUTHORIZED AGENT document. In this case, this
is actionable negligence and/or illegal acts of law, which violates Ms. Meyers' Fourteenth
Amendment Constitutional Rights concerning " Equal Protection of the Laws." See facts below
under CONSPIRACY:

## CONSPIRACY

### --- " RE-APPLICATION - FOR WELL PERMIT " issue ---

1.    Mr. Krebs and/or his attorney did not require Ms. Meyers and my " Consent " on 4 / 2 / 03 .
The State Division of Water Resources allowed Mr. Krebs to illegally signed his name as
property owner on an Application for a Permit to construct a Well, permit No. 192930.  **Mr.
Krebs did not tell the truth when he signed his name as property owner**. Therefore, in a
letter dated March 4, 2004, Mr. Stewart Lovell, P.G. Manager of Water Supply Section, asked
Mr. Krebs, to " Please provide me a copy of any documentation that explicitly states that you
have authority to place a well on the lands owned by Ms. Patricia Meyers." In a letter dated
March 30, 2004, to me ( Mr. Smith ) from Mr. Lovell, who stated the following quotes, " At my
request, Mr. Steven Krebs provided a copy of the commercial lease agreement between himself
and Ms. Meyers." " Section Seven of the agreement allows Mr. Krebs to make improvements
related to his business." " The terms of the agreement are plain and UNEQUIVOCAL in this
respect."  I, ( Mr. Smith ) understand and agree with this State Department, that  Section Seven
clearly confirms the fact that Mr. Krebs **do not** need Ms. Meyers and my " **Consent** "after the
date " 1 / 31 / 02, " of this lease.

This lease dated 1 / 31 / 02, does not state, that Ms. Meyers, agreed to sign and notarize a
State's DESIGNATION OF  LEGALLY AUTHORIZED AGENT document for Mr. Krebs.
**For this State Department**, Ms. Meyers **never signed one of these documents for Mr. Krebs.**
Therefore, State's manager, Mr. Lovell used Mr. Krebs' lease dated 1 / 31 / 02, for
" Consent ,"and to justify Mr. Krebs illegally signing his name as property owner on permit No.
192930.      By this State government, Mr. Krebs remains **APPROVED TO DATE**.
See - ( **Exhibit B** )

### --- " RE-APPLICATION - FOR ENTRANCE PERMIT DOCUMENTATION FOR DELDOT, " issue ---

2.    Mr. Krebs and/or his attorney did not require Ms. Meyers and my " Consent " on  07 / 05 / 02 .
The State Department of Transportation South District, Authorized Representative of Division
of Highways, Mr. Marvin E. Roberts allowed Mr. Krebs to illegally signed his name as
property owner  on an  Entrance Construction, Permit No. C - 47 - 02. Again, **Mr. Krebs did
not tell the truth when he signed his name as property owner**. The question is did Mr. Krebs
attach his unconscionable " Commercial Lease Agreement," dated  1 / 31 / 02,  to this Entrance
Permit No. C - 47 - 02, for Mr. Roberts to approve this permit **?**

--- continue on page 5 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 5

This lease dated  1 / 31 / 02, <u>does not</u> state, that  Ms. Meyers, agreed to sign and  notarize a FULL<u>Y EXECUTED POWER OF ATTORNEY FORM</u> document for Mr. Krebs.  **For this State Department,** Ms. Meyers **never signed one of these documents for Mr. Krebs.** Therefore, again did the State's Authorized Representative Mr. Roberts use Mr. Krebs' lease dated  1 / 31 / 02,  for "<u>Consent</u> ," and to justify Mr. Krebs illegally signing his name <u>as</u> property owner on permit No. 192930.

---

**------ A State's Witness concerning Perjury -----**

On October 26, 2004, in a phone conversation with <u>State</u> Department of  Transportation South District, **Ms. Penny Townsand,** under " submitting application, " I read the following to Ms. Townsand,  " The permit must be signed by the property owner.  Should the property owner desire someone to sign on his behalf a fully executed Power of Attorney Form must be submitted and attached to the Permit." Therefore, I asked Ms. Townsand if this is called policy or law ? **Ms. Townsand said, " that is a <u>Law</u>."** " ... because, if someone else signs the form and ah they are committing **PERJURY** , they are falsifying that they were the owner and they really weren't." Ms. Townsand also stated, " Right on the permit, that we issue and that **includes everybody else,** it says **PROPERTY OWNER SIGNATURE**."

---

Mr. Krebs illegal entrance permit  with permit No. 192930,  expired on or about  08 / 02 / <u>03</u> . Therefore, because this first permit, with permit No. 192930, was found to be illegal, now the <u>State</u> Department of Transportation South District,  Authorized Representative of  Division of Highways, **Mr. Marvin E. Roberts** will not allow Mr. Krebs to sign his name as property owner, a <u>second time</u> on a new entrance permit.  Base on Mr. Krebs <u>unconscionable</u> "Commercial Lease Agreement," dated  1 / 31 / 02, section ten (10) it states, **"... if lessee ( Mr. Krebs ) is denied approval."** Based on this lease, clearly, it was Mr. Krebs who was " **denied approval**."

The question is, did Mr. Krebs and/or his attorney send a copy of  this same <u>unconscionable</u> " Commercial Lease Agreement,"  dated " 1 / 31 / 02," to the <u>State</u> Department of Transportation South District <u>**as**</u> to the <u>State</u> Division of Water Resource, concerning Section 7 **?**    By this State government, Mr. Krebs remains **DENIED TO DATE**.

See ---- ( **Exhibit C** )

---

### --- " RE-APPLICATION - FOR CONDITIONAL USE," issue ---

3.    Mr. Krebs was granted special use (Conditional use) by the Board of Adjustment of Sussex County, Case No. 7742 - 2002.  Mr. Krebs, by his own <u>ACTIONABLE  NEGLIGENCE</u> failed to build " Commercial Greenhouses " between May 7, 2002 and May 7, 2003.  This document with Case No. 7742 - 2002, states clearly, " If the use is not established within one (1) year from the date below the application becomes void." But, now Mr. Krebs has started building three (3) tents and a shed, in October 2004, which looks to be completed as of  October 26, 2004. The question is, is this a Greenhouse ?    Also, did Mr. Krebs <u>first of all</u> , get a building permit before building ?                                    See ---- ( **Exhibit D** ) and ( **Exhibit E** )

--- continue on page 6 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 6

The question is, did Mr. Krebs and/or his attorney send a copy of this same <u>unconscionable</u> " Commercial Lease Agreement," dated  1 / 31 / 02, to the <u>State</u> Department of Transportation South District <u>as</u> to the <u>State</u> Division of Water Resource, concerning Section 7 **?**

### --- " <u>RE-APPLICATION</u> - FOR MATERIALS FOR BOTH BUILDING CODE INSPECTION " issue ---

4.      Mr. Krebs and/or his attorney <u>did not</u> require Ms. Meyers or my  " Consent " on " January 16, 20<u>03</u> ," concerning Mr. Krebs' letter dated  " January 16, 20<u>03</u> , " to  Mr. Van W. Millagan. of  the Building Code Department of Sussex County Delaware. In this letter Mr. Krebs requested  that Mr. Van W. Millagan, give him the following:  " a 1 year waiver granted to me Kreative Gardens concerning a septic system installation on his leased property." Also, Mr. Krebs stated, " We request a 1 year temporary waiver for the period of 15[th] March 2003 to 15[th] March 2004."

This is now, October of 2004, clearly Mr. Krebs lied when he stated in his January 16, 2003, letter,  " Septic will be installed prior to 15[th] March 2004 or connected to central sewer system if available by that time.  **Now**, see the paragraph below concerning **conspiracy**.

See --- ( **Exhibit F** )

**County Government, Mr. Van W.  Millagan** <u>admitted</u> **to illegally helping Mr. Steven S. Krebs**

------------------------------------------------------------------------------

Again, **Mr. Krebs and/or his attorney** <u>did not</u> **require Ms. Meyers or my**  " Consent " before or on " March 15, 20<u>04</u> ." Furthermore, in Mr. Krebs' **notarized letter dated " January 16, 2003, to Mr. Van W. Millagan,**  Mr. Krebs stated, "  The Kreative Garden Center is currently in various phases of construction. The building on said property will be **used by Employees / Storage / Office,...**" Therefore,  before Mr. Krebs' January 16, 2003, letter,  Mr. Van W. Millagan, **illegally** allowed Mr. Krebs to build this building which Mr. Krebs just mentioned in his quoted statement. It is illegal because that Mr. Van W. Millagan knew that Mr. Krebs must first be approved by the State of Delaware Department of  Natural Resources and Environmental Control / Delaware Division of  Water Resources for a septic system, before allowing Mr. Krebs to build this building.  **Mr.Van W. Millagan**  <u>did  admit</u> **that  he did wrong.  Mr. Millagan and Mr. Krebs wrongful act and/or acts violates** <u>law</u>. On March 15, 2004,  Mr. Millagan stated to me, " I told you I did it,  I  did, I <u>admitted</u> it." Mr. Millagan also stated to me, " I did it for him ( Mr. Krebs ), I thought I was being helpful , I thought I was helping  him ( Mr. Krebs ), doing him (Mr. Krebs ) a favor, to get him (Mr. Krebs) started. It <u>did</u> <u>not</u>  **work out that way."**

The question is, did Mr. Krebs and/or his attorney send a copy of  this same <u>unconscionable</u> " Commercial Lease Agreement," dated  1 / 31 / 02, to the <u>State</u> Department of Transportation South District <u>as</u>  to the <u>State</u> Division of  Water Resource, concerning Section 7 **?**

--- continue on page 7 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 7

———— Conclusion, base on all mentioned above, see below ————

Concerning Mr. Krebs business, **any delay** is clearly due to Mr. Steven S. Krebs and/or his attorney's conduct and/or failure to **draft a lease** which states, **" Landlord agrees to execute any documents reasonably required by Tenant to enable Tenant to utilize the Leased Premises for its Intended Use,...."** This quote is from <u>another</u> unconscionable lease, which was found unconscionable in the Court of Chancery of the State of Delaware on July 14, 2004, case No. CA 69-S. **BUT** , Mr. Krebs' <u>unconscionable</u> " Commercial Lease Agreement," dated" 1 / 31 / 02, fails to include this quote or an equal quote, and states very clearly the **opposite** in Section 7, **" Consent ( agreement; approval; permission ) of the lessor (Ms. Meyers ) is not necessary for lessee (Mr. Krebs) to make any <u>future</u> improvements,..."** from the date 1 / 31 / 02, of this lease.

Therefore, based on all above, Ms. Meyers and I, will not breach this " lease " dated " 1 / 31 / 02," by signing any documents concerning your **request**, which is indicated in your letter dated September 24, 2004 and/or October 4, 2004. Furthermore, from the dated 1 / 31 / 02, of this lease, to September 24, 2004 and/or October 4, 2004, is the first time that Mr. Krebs and/or his attorney requested " Consent, " which is only approximately four (4) months before the end of the original three - year term !!!

----------------------------------------------------------------------------------------------------

**NOTE BELOW:**

Concerning this unconscionable " Commercial Lease Agreement," dated 1 / 31 / 02. The leasehold price of $ 166. 67 per acre and one quarter per month is far below the rental value of the property. Keep in mind that this property is locate five miles from the beach. **Plus, Attorney Davis offered more money,** but please make no mistake about this understanding, I only want to show that the price per month is unconscionable, therefore, nothing is to be " Implied."

In a letter to me, ( Mr. Smith ) dated January 28, 2004, Mr. Krebs <u>did not</u> request **" Consent."**
See --- **( Exhibit G )**

In a document dated 3 - 11 - 04 of Sussex County Planning & Zoning Commission, Mr. Krebs <u>did not</u> request **" Consent."**
See --- **( Exhibit H )**

In the following Exhibits: B, C, D, E, F, G and H, as mentioned - above and enclosed. Mr. Krebs and/or his attorney never requested " Consent," from Ms. Meyers and me, but, for the first time in a letter dated September 24, 20**04** and/or October 4, 20**04**.

In this <u>unconscionable</u> " Commercial Lease Agreement," dated 1 / 31 / 02 , Section 3 - RENT states, "... Payable in two installments of $ 2, 000. 00." Now, see **Exhibit I**, where Mr. Krebs paid according to this lease, but Mr. Krebs' check No. 4923 and 5418, was not cashed by Ms. Meyers to date. **Now** , see **Exhibit J**, where Mr. Krebs **did not** in the past, pay in " two installments of $ 2, 000. 00.

--- continue on page 8 ----

Attorney, Alan G. Davis, Mr. Steven S. Krebs and Parties
October 29, 2004
Page 8

## RETALIATE ISSUES

For the record, I understand that Mr. Krebs keeps a gun ( pistol ) in his red Ford pick - up truck. I do not know if Mr. Krebs is licensed for a pistol. Also, I hope there are no type of created accident or accidents after this letter, on this leased property and/or from anyone involved in those wrongful acts, indicated in this letter.

**For the record, there are more issues.**

Thank you.

Respectfully Submitted,

Dennis L. Smith
Patricia A. Meyers

Enclosures: Exhibit A, which is the <u>unconscionable</u> " Commercial Lease Agreement," dated " 1 / 31 / <u>02</u>. **And** Exhibits B, C, D, E, F, G, H, I and J.

# EXHIBITS

# "<u>A</u>" THROUGH TO "<u>J</u>"

## "<u>A</u>"

*Exhibit A*

# Commercial Lease Agreement

Commercial lease agreement, made and entered into on the 31 day of January, 2002, between Patricia A. Meyers of Rt. 2, Box 103A, Frankford, Delaware 19945, referred to herein as "lessor" and Steven Krebs, D/B/A Kreative Gardens, of 91 Seagull Road, Selbyville, Delaware 19975, referred to as "lessee."

In consideration of the premises and performance of the provisions of this lease agreement, the parties agree and covenant as follows:

## SECTION 1 – LEASED PREMISES

Lessor leases to lessee and lessee leases from lessor, for use in a commercial plant nursery, retail sales outlet, and associated landscaping storage, sales, service, and operations, a 2.5 acre +/- portion of lessor's six acre parcel known as Tax Parcel Number 5-33-11-82 and located northeast of Road 382 and approximately 1100 feet northwest of Road 384, referred to herein as "premises." Lessor and lessee shall, upon execution of this agreement delineate the boundaries of said portion of the larger parcel by mutual agreement on-site.

## SECTION 2 - TERM

The term of this lease shall be for a period of three years commencing on March 5, 2002 and continuing in force until midnight February 28, 2005, unless terminated earlier as provided for in this lease or by operation of law.

## SECTION 3 – RENT

Lessee, in consideration of the leasing of the premises, agrees to pay rent in the sum of $4000.00 per year, payable in two installments of $2000.00. Rent installments shall be due on March 10 and October 10 at the lessor's address above or at other locations as lessor, from time to time, may direct lessee. Lessor agrees to accept rental payments from lessee or his agent up to and including five days after the due date, without penalty to lessee. Lessor may require payment of a late fee of 2% of the amount due fro each month the amount remains due.

## SECTION 4 – SIGNING BONUS

Lessee shall pay to lessor, at the time of the first installment payment under this lease agreement, a one-time bonus of $1000.00. Such amount is in excess of the established rent installment, and is paid in consideration of lessor's agreement to enter into this lease, as well as items noted herein.

SECTION 5 – LANDSCAPING OF ADJOINING RESIDENCE

Lessee, in consideration of the leasing of the premises, shall, within six months of the commencement of the lease term, undertake the clean-up and basic landscaping of lessor's residence, which adjoins the leased premises. Such clean-up shall be a "one-time-only" event for no charge and shall not otherwise be considered an ongoing obligation of the lessee. Such service shall be to place the property in a condition presentable for customers of lessee and shall be considered a benefit for both parties.

SECTION 6 – USE OF PREMISES

A. The premises shall be used and occupied by lessee for use in commercial enterprises related to the maintenance, storage, and sale of plants, landscaping supplies and other lawn, garden, or household materials. Lessor hereby acknowledges that lessee shall conduct retail and wholesale sales, operate landscaping services, and use the property for related enterprises; lessor explicitly consents to such use.

B. Lessee shall comply with the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the premises during the term of the lease.

C. Lessee shall not use the premises for any illegal purpose.

SECTION 7 – IMPROVEMENTS, MODIFICATIONS, ALTERATIONS

Lessor gives lessee authority to make such improvements, alterations or additions to the premises as necessary for the establishment, maintenance and operation of the commercial enterprises of lessee. Such alterations or improvements include, but are not limited to, clearing the leased property, erection of storage buildings, greenhouses and a sales facility, placement of signage, and building and maintenance of a fence. Consent of the lessor is not necessary for lessee to make any future improvements, so long as the general use of the improvement is within the overall scope of the aforementioned uses of the property by lessee or any reasonable extension of those purposes.

Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties.

Any improvements, alterations or additions made by lessee during the course of the lease remain the property of the lessee and shall be removed by lessee, at his expense, prior to the natural termination of the lease term. Lessor retains the right to purchase any improvements to the property, and shall give lessee 90 days notice in advance of the termination of the lease term of the desire to make such a purchase. Lessee is not entitled to any payment for the initial clearing of the property. If the parties are unable to reach agreement upon a purchase price with in 30 days, lessee may begin the removal process. Upon natural termination of the lease term,

lessee shall leave the premises clear of debris and excess material, with all holes or other evidence of removal of improvements filled or repaired.

Should this lease be cancelled, revoked or otherwise terminated by agreement or operation of law prior to the natural expiration of the lease term, lessee shall have 90 days to remove any and all improvements and return the property to the above-mentioned condition.

## SECTION 8 – EXTENSION OF LEASE TERM

In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to request an extension of the lease term for three years or five years, at his option. Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension. Lessee shall give lessor, within 60 days of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years.

## SECTION 9 – RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END

In consideration of rent and the additional signing bonus mentioned above, lessor hereby gives lessee the right of first refusal for the sale of the leased premises and/or the entire 6-acre parcel. Should lessor receive a firm offer of sale for the parcel or any portion thereof, she shall offer that property for sale to the lessee upon the same terms and conditions as would be a part of the sale to the third party. Lessee shall have fifteen days from the date he is provided with written notice of the offer to accept or reject the offer.

Sixty days prior to the expiration of the lease term and any extension thereof, lessor shall provide lessee with an asking price for the purchase of the leased premises and/or the entire 6-acre parcel.

## SECTION 10 – REGULATORY APPROVAL / EFFECT OF DENIALS

Upon execution of this lease, lessee shall take immediate and appropriate steps to secure regulatory approval of his proposed use of the property. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. If such approvals are not forthcoming within two months from the signing of this lease, or if lessee is denied approval, lessee shall have, at his discretion, the option to void the lease.

If any other regulatory agency, entity, or political sub-division imposes a requirement for approval which makes the proposed business economically, physically, or otherwise unfeasible, lessee shall have, at his discretion, the option to void the lease. Upon such election by the lessee, lessor shall be entitled to retain the signing bonus and a share of any rent paid, prorated by the number of days lessee held possession of the leased premises.

SECTION 11 – ASSIGNMENT, SUBLEASE, TRANSFER

This rights and obligations under this agreement may not be assigned or otherwise transferred by either party without the signed, written consent of the other party. Lessee may not sublease the parcel or any portion thereof without the signed, written consent of lessor.

Lessor hereby consents to the assignment of this lease to any business entity created by lessee to conduct the business operating on or from the property. Such an entity may be a corporation, L.L. P.; or any other independently operating business form recognized by Delaware law. Upon such assignment, all rights and obligations shall accrue tot eh business entity and lessee shall have no further liability under this lease agreement. Lessee shall give lessor notice of the assignment in a timely manner.

SECTION 12 – GOVERNING LAW

This agreement is made under, and controlled by, the laws of the Sate of Delaware.

SECTION 13 – ENTIRE AGREEMENT

The terms and conditions herein constitute the entire agreement of the parties. No additions, modifications, or alterations to the agreement shall be valid or enforceable unless in writing and signed by the parties.

SECTION 14 – WAIVER

Any waiver, exception, or other excuse of any provision or violation of any provision of this agreement shall not constitute a general waiver of the agreement and, further, shall not constitute a waiver of any future breach.

IN WITNESS WHEREOF, the parties have set their hands and seals:

_____ A. Mey _____(seal)       Date: 1/31/2002
Patricia A. Meyers, lessor

_____(seal)       Date: 1/31/02
Steven S. Krebs, lessee

# EXHIBIT

# "**B**"

*Exhibit B*



STATE OF DELAWARE
DEPARTMENT OF NATURAL RESOURCES &
ENVIRONMENTAL CONTROL
DIVISION OF WATER RESOURCES
89 KINGS HIGHWAY
DOVER, DELAWARE 19901     March 4, 2004

Certified Letter
Return Receipt Requested

Steven S. Krebs
P.O. Box 796
Selbyville, Delaware 19975

Dear Mr. Krebs:

As you are well aware, my office is involved a dispute that has arisen between yourself and Mr. Dennis Smith regarding the installation of the agricultural well at your company's premises Kreative Care/Kreative Florist.

Please provide me a copy of any documentation that explicitly states that you have the authority to place a well on the lands owned by Ms. Patricia Meyers.

If it exists I request any such documentation to be submitted within ten days after receipt of this letter. If I receive no such documentation I will conclude that it does not exist and my office is prepared to require that you abandon said well at your expense.

If you have any question please contact me directly at (302) 739-4793.

Sincerely,

Stewart Lovell, P.G.
Manager,
Water Supply Section

c:   Dennis Smith
     Kevin Donnelly
     Alan Pongratz
     Laurie Moyer

c:   Steven Krebs
     Kevin Donnelly
     Matt Chesser
     Laurie Moyer
     Alan Pongratz

*Delaware's good nature depends on you!*



*Exhibit B*

STATE OF DELAWARE
DEPARTMENT OF NATURAL RESOURCES &
ENVIRONMENTAL CONTROL
DIVISION OF WATER RESOURCES
89 KINGS HIGHWAY
DOVER, DELAWARE 19901

March 30, 2004

Dennis Smith
P.O. Box 311
Selbyville, Delaware 19975

Dear Mr. Smith:

You have insisted that an agricultural well which Mr. Krebs installed on certain property he is leasing from Ms. Patricia Meyers is not legal. My staff performed an inspection of the well and found no apparent violation of critical requirements of the Department's regulations. The required well identification tag was, however, not present on the wellhead.

Remaining after the well inspection was the question of whether or not the lease allowed for Mr. Krebs to install said well. At my request , Mr. Steven Krebs provided a copy of the commercial lease agreement between himself and Ms. Meyers.

Section Seven of the agreement allows Mr. Krebs to make improvements related to his business. Mr. Krebs' business involves maintenance of stock plants. Those plants, and other aspects of his operation, require supplemental water. No source of water supply existed on the property. Mr. Krebs elected to install of well for a source of water. The well in question is clearly an improvement related to his business. The terms of the agreement are plain and unequivocal in this respect.

The Department's remaining interest in this matter to have the identification tag affixed to the well. The Department will shortly direct the well installer to perform this task. Once that is accomplished the Department will have no further involvement on this issue.

Sincerely,

Stewart Lovell, P.G.
Manager
Water Supply Section

c    Steven Krebs
     Kevin Donnelly
     Matt Chesser
     Laurie Moyer
     Alan Pongratz    *Delaware's good nature depends on you!*

# EXHIBIT

# "C"

# PERMIT FOR ENTRANCE CONSTRUCTION     *Exhibit C*

STATE OF DELAWARE
DEPARTMENT OF TRANSPORTATION
DIVISION OF HIGHWAYS
P.O. BOX
DELAWARE

DISTRICT __SOUTH__  AREA __5__  PERMIT NO. __C-47-02__  DATE __07/05/02__

Type of Access: __X__ Commercial _____ Residential _____ Farm _____ Special _____

Maintenance Road No. __Route 20(382)__     Delaware Grid Coordinate: _____

Issue To: __Kreative Gardens c/o Steve Krebs__     Phone No. __(302) 462-5486__
                                    (Owner)

Address: __P.O. Box 796, Selbyville, De 19975__

Type of Security Furnished: __N/A__     Amount __N/A__
                                                                                    (150% of cost)

Estimated Construction Cost __N/A__     Completion Date __08/02/2002__

## DESCRIPTION OF CONSTRUCTION

# Temporary Commercial Permit

*Permit to construct a temporary entrance to Kreative Gardens for one (1) year only.*

__Entrance Location:__ Route 20(382)     __Tax Map #:__ 5-33-11-82

__Results of Inspection__: Permit applicant shall construct a temporary commercial entrance at the above referenced site. As previously stated, applicant will be allowed to extend existing 24' entrance up to 30'. Applicant to place a 6' section of culvert with band matching existing culvert, and place crusher run 8" deep full width of entrance for a minimum of 20'.

This permit is for one year only and at that time the Department will reevaluate the site and based on that inspection, if the traffic flow has increased, the entrance may need to be constructed to current Del DOT standards including hot mix.

This permit is for the proposed use of the Garden Center only. If in the future the proposed use changes then the owner will be required to obtain a new permit. __Please contact Marvin Roberts at (302) 853-1342 to give 72 hours notice prior to construction.__

It is agreed by the owner of the property affected and all heirs, assigns and/or successors in interest that all construction covered by this permit shall be performed in accordance with the approved construction plan and the current Standard Specifications published by the Department of Transportation. The plan and specifications are incorporated herein by reference, and made part of this permit. Work is to begin within 90 days of the date of permit and to be completed on or before the above completion date. Requests for an extension of this permit shall be submitted in writing to the Permit Section 30 days prior to expiration.

The owner agrees not to sell, lease, or change the use of the property to significantly alter the flow and/or volume of traffic and/or drainage as determined within the sole discretion of the Division and/or transfer his/her interest in the property without obtaining a new permit from the Division of Highways. Such failure automatically voids this permit.

The holder of this permit shall indemnify and save harmless the State of Delaware Department of Transportation, Division of Highways and its officers, employees and/or agents of and from all suits and damages arising from or on account of the above described construction herein permitted on State rights-of-way or the Division's acceptance thereof consistent with Section 107.14 of the Standard Specifications and all amendments thereto, incorporated herein by reference.

Traffic control and Utility alterations shall be in accordance with the current Division of Highways "Traffic Controls for Streets and Highways Construction Manual" and the Utilities Policy and Procedure Manual, incorporated herein by reference.

Permittee shall call the Division of Highways Permit Section (North: 571-2646; Central: 736-4841; South: ~~739-2475~~) and Miss Utility (1-800-282-8555) prior to any construction on State rights-of-way.

The Division of Highways may require revisions to the approved plans as required by field conditions.

The permittee shall request the Division of Highways to make final inspection of the construction when work is completed and all work must be completed to the satisfaction of said Division of Highways.

This Permit shall be wholly conditional upon the satisfactory completion of all provisions set forth herein. If, upon expiration of this permit, work is incomplete or not performed according to the aforesaid plan and specifications, and no extension is applied for and issued, this Permit shall become null and void for all legal purposes and the entrance shall be considered illegal with reference to 17 Del. C. §146.

_Marvin E. Roberts /pt_
Authorized Representative of
Division of Highways

_[signature]_     _St. Krebs_
Property Owner

_[signature]_
Property Owner Signature

# EXHIBIT

# "D"

*Exhibit D*

BEFORE THE BOARD OF ADJUSTMENT OF SUSSEX COUNTY

IN RE:      STEVEN KREBS                                    Case No. 7742 – 2002

A hearing was held after due notice on March 18, 2002. The Board members present were: Mr. Callaway, Mr. McCabe, Mr. Wheatley, Mr. Mills and Mr. Hudson.

### Nature of the Proceedings

This is an application for a special use exception for commercial greenhouses.

### Finding of Facts

The Board found that the Applicant was requesting a special use exception for commercial greenhouses on a parcel northeast of Road 382, 1,100 feet northwest of Road 384. After a hearing, the Board made the following findings of fact:

1.  The Applicant is in the landscaping business, and has a three year lease on approximately 2½ acres of land.
2.  The Applicant expects to utilize 60% of the property for storage, and 40% for retail sales.
3.  The Applicant plans to construct a 30' x 40' pole building, and two 20' x 28' greenhouses.
4.  The community supports the application.
5.  No persons appeared in opposition.

The Board granted the requested special use exception, finding that it would not substantially affect adversely the uses of adjacent and neighboring properties.

### Decision of the Board

Upon motion duly made and seconded, the application was granted. The Board members voting in favor were: Mr. Callaway, Mr. McCabe, Mr. Wheatley, Mr. Mills and Mr. Hudson; voting against – none.

                                         BOARD OF ADJUSTMENT
                                         OF SUSSEX COUNTY

                                         *Dale Callaway*

*note:*                                  Dale Callaway
                                         Chairman

If the use is not established within one (1) year from the date below the application becomes void.

*note: Expired because Mr. Krebs violation did not build "Commercial greenhouses!!*

*Note: Reduced size*

Date  *May 7, 2002*

# EXHIBIT

# "E"

EXhibit E

Before Building you must first have a building permit, clearly that is the LAW.

Front View



On October 26, 2004, Just Completed, What is it?

Notes:
Where is your building permit, find the one and make one.

Notes: Tents and Shed — just a burial in October 2004 must completed in October 2004 — I know what for dates and time is being built.

Side View



On October 26, 2004, Just Completed, What is it?

Back View



On October 26, 2004 Just Completed, What is it?

# EXHIBIT

# "F"

*Exhibit F*

# Building Code Department



lone: 302/855-7860
ax: 302/855-7869

P.O. Box 589
Georgetown, DE
19947

Sussex County

## PLAN REVIEW REPORT

5-33   11   82

PROJECT: Kreative Gardens

LOCATION: Rt Roxana

REVIEWED FOR: Office & Sales

THE PLANS SUBMITTED FOR ABOVE PROJECT HAVE BEEN "REVIEWED FOR CODE
COMPLIANCE" OF THE STANDARD BUILDING CODE OR CABO ONE & TWO FAMILY
DWELLING CODE ON :        10-17-02

THE PLANS FOR ABOVE PROJECT HAVE BEEN PROCESSED THROUGH THE OFFICE OF THE
STATE FIRE MARSHAL, AND A COPY OF THE FIRE PROTECTION PLAN REVIEW REPORT,
STATING APPROVED WITH CONDITIONS, HAS BEEN RECEIVED BY THIS OFFICE ON
      10-25-02

THE PLANS FOR ABOVE PROJECT HAVE BEEN PROCESSED THROUGH THE OFFICE OF
DIVISION OF PUBLIC HEALTH. A PLAN REVIEW REPORT FOR BATHROOM FACILITIES AND
HANDICAP ACCESSIBILITY REQUIREMENTS HAS BEEN RECEIVED BY THIS OFFICE ON
      N/A

PERMIT MAY NOW BE ISSUED, PROVIDED ALL OTHER COUNTY ORDINANCES ARE
ADHERED TO.

PROJECT CONSTRUCTION COST       $42,240

PLAN REVIEW & INSPECTION FEE       $211
(PAID WHEN PLANS WERE SUBMITTED)

VAN W. MILLIGAN

DESIGNEE

CONSTRUCTION VALUE $9500



03/05/2004 16:49 TEL 302 855 7715     Sussex County Personnel     ☑001

BUILDING CODE
REQUIRED: Yes     N

# BUILDING PERMIT APPLICATION
# SUSSEX COUNTY, DELAWARE

Exhibit F     IT NO. 211480

NEEDS TOWN PERMIT: _____ DNREC # _____ N     S & W _____ Div. of Rev. _____

LOCATION:

Route: 382  (N) S (E) (W)  Side: 1000  (ft. (N) (S) (E) (W) of S 84

Subdiv. or TP: _____  Lot No. _____  Section or Block _____

Town: _____  Street _____

District No. S33  Map No. 11.00  Parcel No. 82.00  MANU. HOME # _____

Frontage: _____  Depth: _____  Acreage: 34.02

---

## ASSESSMENT

### I. TYPE OF IMPROVEMENT

Cost of Improvements 9,500.00     Stories _____

New Building _____     Size _____

Addition _____

Relocation "Kreative GARdens"

Accessory Structure Office - 24x32

Sign & Sales

Remodeling _____

Other _____

### II. INTERIOR

No. of Bedrooms _____
No. of Bathrooms _____  1
No. of Rooms _____
Basement _____

### III. HEATING

Electric ☐  Gas ☑
Heat Pump ☐  FHA ☐
Air Cond. None

### IV. EXTERIOR WALLS

Vinyl ☐  Wood ☐
Alum. Siding ☐  Brick ☐
Other Metal

### V. INTERIOR WALLS

Dry Wall ☑
Paneling ☐
Other _____

### VI. FOUNDATION

Pad ☐  Brick ☐
Piling ☐  Conc. Blk. ☐
Other POST

### VII. FIRE PLACE

Yes ☐  No ☐
MASONARY ☐  Metal ☐

### VIII. ROOFING

Built-Up ☐  Metal ☐
Asphalt Shingle ☐
Wood Shingle ☐
Other Metal

### IX. FLOORING

Earth ☐  Wood ☑
Carpet ☐  Vinyl ☐
Concrete ☐
Other _____

---

## ZONING

### TYPE OF USE

Existing Use vacant - 27 acres
Proposed Use landscaping
Single Family ☐  Commercial ☐  Other _____
Zoning District AR1     Number of Units _____

### SETBACKS

Front Yard 0  Side Yard  See Rear Yard
Side yard on side street on corner lot _____  plot
From any dwelling of other ownership _____
From any other unit in a manufactured homepark _____
Cannot occupy more than _____ % of total lot area
Height _____
Board of Adjustment Case No. 7742  greenhouse 3/18/0.
Conditional Use Case No. _____
Approved by Planning & Zoning _____

### FLOOD

Flood Zone _____
Elevation Required above Mean sea level _____
To be measured to:
1. Finished first floor _____
2. Lowest structural member _____
Elevation Certification ☐  Height Certification ☐
Breakaway Walls ☐  Venting ☐
Placement Survey ☐

ADDITIONAL REQUIREMENTS & COMMENTS _____

---

OWNERS IDENTIFICATION:

Name: Reynes Patricia +
Address: RD - 2 BOX 193A
City: Frankford  State: D  Zip: 9975

On Lands Of: Sta-90

Name & Address of recipient of Certificate of Compliance (Builder):

Name: _____
Address: _____
City: _____  State: _____  Zip: _____

The owner of this building or land and the undersigned agree to comply with all applicable Federal, State and County Regulations and to apply for Certificate of Compliance at Completion. This does not imply approval of other Governmental Agencies or Compliance with private deed restrictions.

Signature of Applicant: _____     Phone No. 302-799-1871
Permit Fee: 34.50 + 23.75 = 58.25     Date Issued: 10/25/02 (?) W.

ZONING AND BUILDING PERMIT will expire one (1) year from date of issue. Permit may be renewed if construction has begun and continued in a normal manner and has not been discontinued for reasons other than those beyond the permit holder's control. Grading or surface-shaping of the site shall not be considered as "actual construction". Permit must be renewed prior to expiration date.

ASSESSORS AND INSPECTORS RIGHT TO GO ON PREMISES TO ASSESS AND INSPECT PROPERTY: The owner or owners of these premises do hereby consent to the Board of Assessment and Planning and Zoning Agents and Building Code Officials to enter upon said premises during the construction for which this PERMIT is granted, or within a reasonable time thereafter, for the purpose of assessing and inspecting said property, and consent being given on the signing of this permit.

 

**KREATIVE KARE**

*Exhibit F*

Landscape Service & Grounds Maintenance

302-436-0366 · 1-800-799-1371

January 16 2003

Attn: Building Code Dept
C/O Van Millagan
Georgetown, Delaware

This letter is to inform you that we request a 1 year
waiver granted to me Kreative Gardens concerning a septic
system installation on my leased property.

The loacation of the property is route 20 (382) Roxanna
Delaware; tax map number 5-33-11-82.

        The Kreative Garden Center is currently in various
phases of construction. The building on said property
will be used by Employees/Storage/Office, No customers
will occupy the building. There will be port-opots bathroom
facilities placed on the property for employees an
customers needing to use the facility an will be contrac-
tually maintained. the lot will contain various types of
landscape materials which the customer will view an purchase
from outside setting. We request a 1 year temporary
waiver for the period of 15th march 2003 to 15th march
2004. Septic will be installed prior to 15th march 2004 or
connected to centeral sewer system if available
by that time.

                                        Thank You,

                                        *Steven Krebs*
                                        Steven Krebs
                                        Kreative Gardens

Witness *Caryn W. Duncan*

CARYN H. DUNCAN
Notary Public - State of Delaware
My Commission Expires Dec. 29, 2003

Owner of
Buisness

(2½ – 3 ACRES PARCEL) TO 3.9 ACRES (LEASED)

FEET TO 4 SIDES OF BUILDING
TO PROPERTY LINES

223.5 FEET

Exhibit F

20184
ADD NEW
STRUCTURE ADDON

(BREEZEWAY)

Storage

Office/
Sales
Building

EXISTING
BUILDING

32

← 128 →
FEET

DITCH

77
FEET

REVIEWED FOR
CODE COMPLIANCE
DATE 3-4-03

← 24 →

RECEIVED
FEB 12 2003

98 FEET

Entrance

PIPE          PIPE

SITE
(PLOT PLAN)

# EXHIBIT

# "G"



Mulch • Topsoil • Stones • Plants & Much More
Route 20 - Roxanna, DE

*Exhibit G*

January 28th 2004

Office: 1-800-799-1371
Cell:  302-462-5486

Mr. Dennis Smith
p.o. box 311
Selbyville , De 19975

Dear Mr. Smith

This letter in reference to the concerns of the front
entrance and driveway area of the business that I own , Kreative Gardens is
as follows. The business has been operating for over about a year an a half
as a retail store, plants an landscape supplies. This property had a old farm
driveway where is now the pipe was there when we put the extended pieces
to each side to widen to drive area for our business, total on each side is 6
feet a rep from del dot came out an told us we can only go that far on both
sides. This business is a commercial business with the use of the front drive
area for deliveries of our products to our location. There has been no
problems traffic wise in the use of this front driveway it is in continues use
for enter an exit purpose. Thank you,

Sincerely,

Steven Krebs
Kreative Gardens
President

# EXHIBIT

# "H"

Exhibit H

Sussex County
Planning & Zoning Commission
P.O. Box 417
Georgetown, DE 19947
302-855-7878
302-854-5079 (Fax)



John L. Allen, Chairman
Robert C. Wheatley, Vice-Chairman
W. Layton Johnson
Ronald P. Lynch
Benjamin Gordy
Lawrence B. Lank, Director

Note: Mr. Krebs is now, Trying to get a "Condition Use!"

## SERVICE LEVEL EVALUATION REQUEST

DATE  3-11-04

APPLICANT NAME AND ADDRESS  KREATIVE  GARDEN  CENTER % Steve kreb

91 Sea Gull WAY
SeLByville, De. 19975

PHONE NUMBER  302- 436- 4005 office   Cell 462-5486

PRESENT ZONING  AR1

PROPOSED ZONING  AR1

INTENDED USE  LANDSCAPing , RCTAIL SALES

ESTIMATED SQUARE FOOTAGE OF BUILDINGS OR ESTIMATED AMOUNT OF
UNITS 24x32 & 20x24 = 1568 ☐☐

COMPREHENSIVE PLAN REFERENCE

LOCATION  TRACT 3
N/RT20 (FORMELY R D 382)

SQUARE AREA ( PLEASE INDICATE IF PART OF LARGER AREA)  2 1/2 Acre +/- up
6 Acres.

TAX IDENTIFICATION NUMBER  533-11-82  8/0

# EXHIBIT

# "I"

Exhibit I





# EXHIBIT

# "J"

STEVEN S. KREBS-PROPRIETOR
KREATIVE GARDENS
KREATIVE KARE LANDSCAPING
PH: 800-799-1371
P.O. BOX 796,
SELBYVILLE, DE 19975

Exhibit J

4400

62-494
311

DATE 7-29-03

PAY TO
THE ORDER OF     Panseta meyer                    $500.00

Five Dollars al 00/100                          DOLLARS

BALTIMORE TRUST COMPANY
Route 1 & Farmington Street
MERCANTILE  Fenwick Island, Delaware 19944

FOR  Payment Tenal Dec 2003 per

⑈"000044000"⑈ ⑈:031100490:⑈ 0000347701"⑈

---

**KREATIVE GARDEN CENTER**

Mulch • Topsoil • Stones • Plants & Much More

P.O. Box 796, Selbyville, DE 19975
Route 20, Roxanna, DE

Office: 1-800-799-1371
Cell: 302-462-5486

INVOICE

Name _____ RAy Meyers

Address ___ Rehin Lease Payment

2½ - 3 acres   S-33-11-8.2 %

Date 3-6-03

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| QUANTITY | | | | | | | | | |
| | | | | | | | March 28th 2003 Lease Paint 0F | 1 | 1,500.00 |
| | | | | | | | Paid Advance Sept Dt 10/15/03 BAL. | 1 | 1,500.00 |
| | | | | | | | PD Cash 3-10-03 Sept | 1 | 1,000.00 |
| | | | | | | | $1,000 BAL DUE | 1 | 1,000.00 |
| | | | | | | | | 2,000.00 | 500.00 |
| | | | | | | | TOTAL | | |

NO RETURNS ON LIVE PLANTS, STONE, OR MULCH
Open account charges must be paid within 30 days of date on
invoice or charges will be a $25. Late fee assessed
No warranty on sodding or seeding.
No warranty on live plants and trees.
Not responsible for delays by suppliers and weather, which are
beyond our control.

Thank You

*Exhibit B*

# Commercial Lease Agreement

Commercial lease agreement, made and entered into on the _31_ day of _January_ 2002, between Patricia A. Meyers of Rt. 2, Box 103A, Frankford, Delaware 19945, referred to herein as "lessor" and Steven Krebs, D/B/A Kreative Gardens, of 91 Seagull Road, Selbyville, Delaware 19975, referred to as "lessee."

In consideration of the premises and performance of the provisions of this lease agreement, the parties agree and covenant as follows:

SECTION 1 – LEASED PREMISES

Lessor leases to lessee and lessee leases from lessor, for use in a commercial plant nursery, retail sales outlet, and associated landscaping storage, sales, service, and operations, a 2.5 acre +/- portion of lessor's six acre parcel known as Tax Parcel Number 5-33-11-82 and located northeast of Road 382 and approximately 1100 feet northwest of Road 384, referred to herein as "premises." Lessor and lessee shall, upon execution of this agreement delineate the boundaries of said portion of the larger parcel by mutual agreement on-site.

SECTION 2 - TERM

The term of this lease shall be for a period of three years commencing on March ~~1~~, 2002 and continuing in force until midnight ~~February 28~~, 2005, unless terminated earlier as provided for in this lease or by operation of law. ~~march 2nd~~ _2 (P.A.M.)_

SECTION 3 – RENT

Lessee, in consideration of the leasing of the premises, agrees to pay rent in the sum of $4000.00 per year, payable in two installments of $2000.00. Rent installments shall be due on March 10 and October 10 at the lessor's address above or at other locations as lessor, from time to time, may direct lessee. Lessor agrees to accept rental payments from lessee or his agent up to and including five days after the due date, without penalty to lessee. Lessor may require payment of a late fee of 2% of the amount due fro each month the amount remains due.

SECTION 4 – SIGNING BONUS

Lessee shall pay to lessor, at the time of the first installment payment under this lease agreement, a one-time bonus of $1000.00. Such amount is in excess of the established rent installment, and is paid in consideration of lessor's agreement to enter into this lease, as well as items noted herein.

SECTION 5 – LANDSCAPING OF ADJOINING RESIDENCE

Lessee, in consideration of the leasing of the premises, shall, within six months of the commencement of the lease term, undertake the clean-up and basic landscaping of lessor's residence, which adjoins the leased premises. Such clean-up shall be a "one-time-only" event for no charge and shall not otherwise be considered an ongoing obligation of the lessee. Such service shall be to place the property in a condition presentable for customers of lessee and shall be considered a benefit for both parties.

SECTION 6 – USE OF PREMISES

A. The premises shall be used and occupied by lessee for use in commercial enterprises related to the maintenance, storage, and sale of plants, landscaping supplies and other lawn, garden, or household materials. Lessor hereby acknowledges that lessee shall conduct retail and wholesale sales, operate landscaping services, and use the property for related enterprises; lessor explicitly consents to such use.

B. Lessee shall comply with the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the premises during the term of the lease.

C. Lessee shall not use the premises for any illegal purpose.

SECTION 7 – IMPROVEMENTS, MODIFICATIONS, ALTERATIONS

Lessor gives lessee authority to make such improvements, alterations or additions to the premises as necessary for the establishment, maintenance and operation of the commercial enterprises of lessee. Such alterations or improvements include, but are not limited to, clearing the leased property, erection of storage buildings, greenhouses and a sales facility, placement of signage, and building and maintenance of a fence. Consent of the lessor is not necessary for lessee to make any future improvements, so long as the general use of the improvement is within the overall scope of the aforementioned uses of the property by lessee or any reasonable extension of those purposes.

Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties.

Any improvements, alterations or additions made by lessee during the course of the lease remain the property of the lessee and shall be removed by lessee, at his expense, prior to the natural termination of the lease term. Lessor retains the right to purchase any improvements to the property, and shall give lessee 90 days notice in advance of the termination of the lease term of the desire to make such a purchase. Lessee is not entitled to any payment for the initial clearing of the property. If the parties are unable to reach agreement upon a purchase price with in 30 days, lessee may begin the removal process. Upon natural termination of the lease term,

lessee shall leave the premises clear of debris and excess material, with all holes or other evidence of removal of improvements filled or repaired.

Should this lease be cancelled, revoked or otherwise terminated by agreement or operation of law prior to the natural expiration of the lease term, lessee shall have 90 days to remove any and all improvements and return the property to the above-mentioned condition.

SECTION 8 – EXTENSION OF LEASE TERM

In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to request an extension of the lease term for three years or five years, at his option. Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension. Lessee shall give lessor, within 60 days of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years.

SECTION 9 – RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END

In consideration of rent and the additional signing bonus mentioned above, lessor hereby gives lessee the right of first refusal for the sale of the leased premises and/or the entire 6-acre parcel. Should lessor receive a firm offer of sale for the parcel or any portion thereof, she shall offer that property for sale to the lessee upon the same terms and conditions as would be a part of the sale to the third party. Lessee shall have fifteen days from the date he is provided with written notice of the offer to accept or reject the offer.

Sixty days prior to the expiration of the lease term and any extension thereof, lessor shall provide lessee with an asking price for the purchase of the leased premises and/or the entire 6-acre parcel.

SECTION 10 – REGULATORY APPROVAL / EFFECT OF DENIALS

Upon execution of this lease, lessee shall take immediate and appropriate steps to secure regulatory approval of his proposed use of the property. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. If such approvals are not forthcoming within two months from the signing of this lease, or if lessee is denied approval, lessee shall have, at his discretion, the option to void the lease.

If any other regulatory agency, entity, or political sub-division imposes a requirement for approval which makes the proposed business economically, physically, or otherwise unfeasible, lessee shall have, at his discretion, the option to void the lease. Upon such election by the lessee, lessor shall be entitled to retain the signing bonus and a share of any rent paid, prorated by the number of days lessee held possession of the leased premises.

SECTION 11 – ASSIGNMENT, SUBLEASE, TRANSFER

This rights and obligations under this agreement may not be assigned or otherwise transferred by either party without the signed, written consent of the other party. Lessee may not sublease the parcel or any portion thereof without the signed, written consent of lessor.

Lessor hereby consents to the assignment of this lease to any business entity created by lessee to conduct the business operating on or from the property. Such an entity may be a corporation, L.L. P., or any other independently operating business form recognized by Delaware law. Upon such assignment, all rights and obligations shall accrue tot eh business entity and lessee shall have no further liability under this lease agreement. Lessee shall give lessor notice of the assignment in a timely manner.

SECTION 12 – GOVERNING LAW

This agreement is made under, and controlled by, the laws of the Sate of Delaware.

SECTION 13 – ENTIRE AGREEMENT

The terms and conditions herein constitute the entire agreement of the parties. No additions, modifications, or alterations to the agreement shall be valid or enforceable unless in writing and signed by the parties.

SECTION 14 – WAIVER

Any waiver, exception, or other excuse of any provision or violation of any provision of this agreement shall not constitute a general waiver of the agreement and, further, shall not constitute a waiver of any future breach.

IN WITNESS WHEREOF, the parties have set their hands and seals:

_____ (seal)      Date: _____
Patricia A. Meyers, lessor

_____ (seal)      Date: _____
Steven S. Krebs, lessee

Exhibit C

**KREATIVE KARE LANDSCAPING**
**STEVEN S. KREBS-PROPRIETOR**
P.O. BOX 796  PH. 800-799-1371
SELBYVILLE, DE  19975

62-49 4
311
0000347701

3471

DATE 4-1-02

PAY TO THE
ORDER OF _Patricia Meyers_ | $ 3,000.00

_Three Thousand Dollars ni too_ DOLLARS

**BALTIMORE TRUST COMPANY**
Route 1 & Farmington Street
Fenwick Island, Delaware 19944

RR N3A

MEMO _Rent lease pymt Pt 20_

⑈031100490⑈ 0000347701⑈ 3471





*Exhibit D*

**KREATIVE KARE**

Landscape Service & Grounds Maintenance

302-436-0366 · 1-800-799-1371

SEPT 2ND 2002

Lessee

— STEVEN KREBS

Lessor

— PATRICIA MEYERS

Sale of 14ft 16 × 60 MOBILE TRAILER TO PAT MEYERS LESSOR FROM LESSEE & STEVEN KREBS ON DATE 9-4-02 FOR PRICE OF 950.00 PUT IN REAR OF property Drop only.

Sign & Date

(BAL on 2002 Lease)                9-4-02 Lessee → Steven Krebs

2,000.00
— 500.00   8-1-02 pd          9-4-02 Lessor Pat My
— 950.00   9-4-02 pd.

BALANCE DUE ON 2002 Steven Lease property ($550.00)
(GARDEN CENTER)

P.O. BOX 796 · SELBYVILLE, DE. 19975

*Exhibit D*




**K**REATIVE
**K**ARE

Landscape Service & Grounds Maintenance

302-436-0366 • 1-800-799-1371

Sept - 18 - 2002

BAL Due on 2002 LEASE OF
Garden Ctr. property is AS Follows

$ 550.00

− 150.00   For Furniture Sold To mr. meyers on 8-18-0
− 50.⁰⁰   Deck TO Trailer THAT WAS purchased

BAL Due End of Dctober For Lease
2002 Season IS As Follows

$ 350.00

9-18-02 Leasee _____

9-18-02 Lenser - ____ meg ____

Exhibit D

ON this DAY                          8-1-2002

Lessee
        STEVE Knubbs

LoANed
        PATRiciA Meyers
LeAsed
        $500.00/H
     ON 8-1-2002

LoAN Will be TAKEN off of
ReNT Due 10-2002
If NOT PAid BACK Before
ThAT Time.

Signed & DATed

8/1/2002 Lessee:

8/1/2002 Lessee: Pat. Mey

pd ac 3720 ac

April 20, 2005

# Exhibit E

As of this date I cannot find the title to the Mobile Home trailer Mfg.

Magnolia.

Outstanding balance in landscape material of $115.00 is still due from Steven Krebs.

I. William Simpson
12222 Brant Road
Bishopville, Md. 21813



2002 Selling to Steve Krebs
10/20/04 I. William Simpson

2002 Selling to Steve Krebs
10/20/04 I. William Simpson

Exhibit E

April 20, 2005

As of this date I can not find the title to the Mobile Home trailer Mfg.

Magnolia.

Outstanding balance in Landeega mutual of $115.00 is still due from Steven Krebs.

J. William Simpson
12222 Branch Road
Bishopville, Md. 21813

---

Oct. 13, 2004

Subject 1969 Magnolia Mobile Home? 2 Bedroom

S/n 1975537

Was sold to Mr. Steven Krebs

for the sum of $500.00, bal 115.00.

This is not stolen property. I think I have the title. Was removed from 12222 Branch Rd. Bishopville, M.D. 21813

J. William Simpson

40-352-3465

*Exhibit E*

**KREATIVE KARE**

P.O BOX 796
SELBYVILLE, DE 19975
302-436-0366
1-800-799-1371

ALL ACCOUNTS PAYABLE WITHIN **30 DAYS**
OF BILLING DATE.  LATE FEE OF $25.00
WILL BE ASSESSED.

**BILLING
STATEMENT**

**N⁰** 303

DATE _9-27-07_

*Bill Simpson*
*12222 Green Road*

PLEASE DETACH & RETURN WHITE COPY WITH YOUR REMITTANCE      AMOUNT ENCLOSED $_____

| BILLING CHARGES |
|---|
| BAL AS OF 9-24-02    345⁰⁰ |
| Repair 9 yds SCREENED TOPSOIL |
| 220.00 |
| 345.00  ✓  Del  10.00 |
| — 230.00 |
| BAL 9-27-02    TOTAL DUE |
| (115.00) |

*Thank You*

*Steve Krebs owes me $115.⁰⁰ in
material as of 4-18-05 on trailer.*

*F.W. Simpson*

*Exhibit E*

CREATIVE KARE
**P.O BOX 796**
**SELBYVILLE, DE 19975**
302-436-0366
1-800-799-1371

**BILLING**
# STATEMENT

**№    305**

ALL ACCOUNTS PAYABLE WITHIN **30** DAYS
OF BILLING DATE.   LATE FEE OF $25.00
WILL BE ASSESSED.

DATE _9 - 24 02_

Bill Simpson
12222 Brat Rd

PLEASE DETACH & RETURN WHITE COPY WITH YOUR REMITTANCE     **AMOUNT ENCLOSED $_____**

| BILLING CHARGES |
|---|
| BAL on Trailer Bought |
| $ 499 00 |
| |
| 6.0 miled Appliance doll 144.00 |
| Dec $ 10.00 |
| 499.00 |
| - 154.00 |
| Bal.                TOTAL DUE   154.00 |
| 9-24-02  345.00 |

*Thank You*

*Exhibit E*

## KREATIVE GARDEN CENTER

Mulch • Topsoil • Stones • Plants & Much More

P.O. Box 796, Selbyville, DE 19975
Route 20, Roxana, DE

**INVOICE**

413

Office: 1-800-799-1371
Cell: 302-462-5486

Date _6-18_

Name _Bill Simpson_

Address _12102 Brant Rd.  410-352-3465_
_Musquret Town Rd_

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RET'D. | PAID OUT |
|---------|------|--------|--------|----------|-------------|----------|
|         |      |        |        |          |             |          |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|----------|-------------|-------|--------|
| 6 | HARDWOOD yards | 25.00 | 150 00 |
|  |  |  |  |
|  | 6-19-AM | | |
|  | ET OFF OF (WHITE) | | |
|  | MUSKREET RD. | | |
|  | 12222 BRAND WHITE | | |
|  | RIGHT WHITE | | |
|  | AT END OF (OFF) | | |
|  | VISA 980594 | | |
|  | DELIVERY CHARGE | | 23 00 |
|  |  |  |  |

Not responsible for delays by suppliers and weather,
which are beyond our control.
No warranty on live plants and trees.
No warranty on sodding or seeding.
On special orders non-refundable deposit.

**TOTAL** | 173 0

*Thank You*

NO RETURNS ON LIVE PLANTS, STONE, OR MULCH
Open account charges must be paid within 30 days of date on
invoice or there will be a $25. Late fee assessed.
$25. Charge for all returned checks      Rec'd by_____

---

**KREATIVE KARE**

Landscape & Bobcat Service Co.

Mulch • Pruning • Sod/Seeding • Plant Installation
Stone Driveways • Pavers/Walkway Designs • Nursery Plants/Supplies
*Complete Landscape Service*

STEVEN S. KREBS
Licensed & Insured

Office: 302-436-4005
Pager: 1-800-799-1371
(Voice • Digital)
Mobile: 302-462-5486

P.O. Box 796
Selbyville, DE 19975

*Exhibit F*



**Sussex County**
**Planning & Zoning Commission**
**P.O Box 417**
**Georgetown, DE.19947**
**302-855-7878**
**302-854-5079 (Fax)**

# SUSSEX COUNTY
## VIOLATION NOTICE

NAME Patricia Meyers & Dennis L. Smith          TAX MAP # 533-11-82

ADDRESS RR Box 103 A Frankford, De.19945

RE: **Kreative Garden Center- No conditional use approval**

Operating a business without a conditional use and you shall have until April 8,2005 to file an application or discontinue the business on your property.

RE: **Certificate of compliance**

No premises shall be used and no buildings hereafter erected or structurally altered shall be used, occupied or changed in use until a certificate of compliance shall have been issued by the Director, stating that the building or proposed use of a building or premises complies with the building laws and the provisions of these regulations.

The sales office and pole building for storage does not have a certificate of compliance and shall not be used until on is issued.

CHAPTER    115      ARTICLE XXVIII    SUBSECTION 115-223      ITEM B

CHAPTER    115      ARTICLE IV         SUBSECTION 115-22       ITEM

*Exhibit F*

You are hereby directed by the office of Planning and Zoning to cease above violation and conform to Chapter 115 of the Sussex County Code immediately upon receipt of this Notice unless otherwise directed. **Failure to comply could result in legal action from the Sussex County Constable's Office.**

The Sussex County Code provides for the imposition of criminal penalties including fines for violations of the Ordinance.

The Sussex County Planning and Zoning Office is located on the First Floor, Room 147, Sussex County Administrative Building on the Circle in Georgetown, Delaware. Phone 302-855-7878.

**March 30, 2005**
Date of Notification

Dawn Hudson, Zoning Inspector II

**April 8,2005**
Date Violation Must Be Corrected

CC: Kreative Gardens c/o Steven Krebs


*Exhibit F*

BEFORE THE BOARD OF ADJUSTMENT OF SUSSEX COUNTY

IN RE:    STEVEN KREBS                    Case No. 7742 – 2002

      A hearing was held after due notice on March 18, 2002. The Board members present were: Mr. Callaway, Mr. McCabe, Mr. Wheatley, Mr. Mills and Mr. Hudson.

Nature of the Proceedings

      This is an application for a special use exception for commercial greenhouses.

Finding of Facts

      The Board found that the Applicant was requesting a special use exception for commercial greenhouses on a parcel northeast of Road 382, 1,100 feet northwest of Road 384. After a hearing, the Board made the following findings of fact:

1. The Applicant is in the landscaping business, and has a three year lease on approximately 2½ acres of land.
2. The Applicant expects to utilize 60% of the property for storage, and 40% for retail sales.
3. The Applicant plans to construct a 30' x 40' pole building, and two 20' x 28' greenhouses.
4. The community supports the application.
5. No persons appeared in opposition.

      The Board granted the requested special use exception, finding that it would not substantially affect adversely the uses of adjacent and neighboring properties.

Decision of the Board

      Upon motion duly made and seconded, the application was granted. The Board members voting in favor were: Mr. Callaway, Mr. McCabe, Mr. Wheatley, Mr. Mills and Mr. Hudson; voting against – none.

                    **BOARD OF ADJUSTMENT**
                    **OF SUSSEX COUNTY**

                    Dale Callaway
                    Chairman

If the use is not established within one (1) year from the date below the application becomes void.

Date   May 7, 2002

*Exhibit F*

## NOTICE OF APPEAL AND REQUEST FOR VARIANCE
## OR SPECIAL USE EXCEPTION
## COUNTY BOARD OF ADJUSTMENT

To be filled out by Planning & Zoning Office and applicant. All
blanks below must be filled in for this application to be
processed.

Application No. 7742    Date 2/1/02    Fee $ $150

*OWNER OF PROPERTY OF AGENT*

Name PATRICIA A MEYERS    Phone 302-436-0227

Mailing Address Rt 2 Box 103A Frankford DE 19945

Interest in Property    (LEASE PROPERTY)
Owner: (Indicate if different than above)

*ESSEL AFFLICANT*

Name STEVEN KRABS    Phone 302-436-0366

Address 61 SEAGULL RD. SELBYVILLE DE 19975

Location: Road RT 382 (N) (S) (E) (W) side, 1100' (ft.)
or (miles) (N) (S) (E) (W) of RT 384

District No. 533    Map No. 11    Parcel No. P10 82

Subdivision _____    Lot No. ____    Zone AR1

Hundred BALTIMORE    Frontage ——    Depth ——    Acres 25 ACRES OF A 39 ACRE TRACK

Request for a special use exception as provided by:    (or)

Request for a variance from the provisions of:

(2.) Chapter 115    Article IV    Subsection 115-23    Item A (3)

Date property was acquired LEASE PROPERTY (APRIL 23rd to 28th MARCH 2002)

Plot plan or drawing attached: (Yes)    No

State specifically your request and the reason for this request.

ASKING FOR SPECIAL USE OF PROPERTY
FOR GREEN HOUSE Commercial, Plant Growing, SALES CTR.

_____
Signature of Applicant

FOR BOARD USE ONLY:

Date of Notice _____    Date of Hearing MARCH 18, 2002

Fee Receipt No. WAIVED (FREE LOL)

Decision of Board _____

Date of Decision _____

_____
Person Accepting Application

*Exhibit F*

04/25/2005
12:23:44PM

## DNREC Air and Waste Management Complaint Files

Complaint Year:   2005        Complaint Number:  1138        Date: 04/22/2005        Time: 12:25
Assigned EPO:  712           Call Taker:  DvA
County: Sussex              Division:  Air and Waste        Section:   AR
Nature:    O/B
Location:  RT 20 ROXANNA

**Object of Complaint:**
KREATIVE KARE GARDEN CENTER
RT 20
ROXANNA
DE    19975
436-4005

**Reported By:**



Invest. Date:   04/22/2005              Disposition:   Verbal Warning
Time Spent:    1.00       Reference Date:              Reference To:
Action:    Checked
Action Comment:  CLOSED
Desk Officer Comment:
EPO Comment:
THE RP CALLED TO REPORT THAT THE OC WAS BURNING ILLEGALLY. I RESPONDED AND CONTACTED MARCELLA HANSEN
WHO ADVISED ME THAT SHE ASKED HER EMPLOYEE TO BURN. SHE ALSO ADVISED ME THAT SHE HAD CONTACTED SUSSEX
CALL BOARD BEFORE ANY BURNING TOOK PLACE AND ADVISED THEM THE BUSINESS NAME, LOCATION AND PHONE
NUMBER. SHE SAID NO ONE TOLD HER THAT SHE WAS NOT ALLOWED TO BURN. I ADVISED HER OF THE BURN REGS,
ASKED HER TO PUT OUT THE FIRE (WHICH WAS DONE WHILE I WAS ON SCENE) AND ADVISED HER THAT FUTURE
VIOLATIONS WOULD LEAD TO AN ENFORCEMENT ACTION. I CONTACTED THE RP AND ADVISED HIM OF MY ACTIONS. NO
FURTHER ACTION.

Approved By:   C
Approve Comment:

*Exhibit G*

| | |
|---|---|
| DATE FEE PAID 4/6/05 | APPLICATION NUMBER |
| RECEIPT NO. 314763 | |
| AMOUNT 300.00 | DATE |

APPLICATION
FOR
ZONING MAP AMENDMENT
OR
CONDITIONAL USE

Applicant Name STEVEN KRIES / KRIAFEIL GARDEN CENTER Phone 800-799-1571

Address

Owners Name PATRICIA MEYERS & Dennis E. Carl Jr.   Phone

Address RR 4 BOX 103A   FRANKFORD DELAWARE 19945

Agent ALAN G. DAVIS   Title AGENT   Phone 302-856-7021

Address 203 NORTH BEDFORD STREET, GEORGETOWN DE 19947

Date Property Was Acquired   LEASE BEGAN MARCH 21, 2002

Present Zoning Classification   AR-1

Proposed Zoning Classification

Proposed Conditional Use   COMMERCIAL GREENHOUSE AND GARDEN CENTER (RETAIL)

Chapter 115   Article IV   Sub-Section 115-22   Item

Briefly describe use   COMMERCIAL GREEN HOUSE AND RETAIL GARDEN CENTER WITH SALES OFFICE

Property Location   RT 20 APPROX 1100 FT WESTLINES OF CR 374

District 5-33   Map 11.00   Parcel 82.00   Hundred BALTIMORE   Square Area 7800 ft²  2.5 AC (Lease)

REQUIRED INFORMATION & RECORDS:

1. Ten (10) copies of an actual and recent survey by a licensed surveyor showing the amount of acreage. Description must conform to metes and bounds survey.

2. Submit a photocopy of deed or conditional sales contract.

3. Submit a list of all property owner's and address's within 200 feet of property being considered for Re-zoning or Conditional Use.

4. CONDITIONAL USE: Ten (10) plats showing layout of buildings and parking areas, showing ingress and egress to public road.

AMENDMENT TO MAP: If proposed zoning is to be residential, ten (10) proposed subdivision plans.

STATEMENT OF APPLICANT

I, the undersigned, hereby certify that, I will supply all information listed on this application form and that statements contained in any papers or plans submitted as a part of this application are true and correct.

I, also certify that, I or an agent on my behalf will attend all public hearings before the Planning and Zoning Commission and the Sussex County Council and any other hearings necessary for this application, and that I will answer any questions to the best of my ability to respond to the present and future needs, the health, safety, morals, convenience, order, prosperity, and general welfare of the inhabitants of Sussex County, Delaware.

STEVEN KRIES / KRIAFEIL GARDEN   4-5-05
Name (Applicant or Agent)   Date   Signature (Applicant/Agent)

REFUSED - SEE ATTACHED COMPLAINT #1 COURT OF CHANCERY
Owner's Consent

*FILE*

```
To:              John Tarburton
From:            LexisNexis File & Serve
Subject:         Notification of Transaction in Krebs, Steven et al vs
Patricia A Meyers
```

You are being notified of an electronic submission of documents in Krebs,
Steven et al vs Patricia A Meyers through LexisNexis File & Serve. The
details for this transaction are listed below.

```
Court:                        DE Court of Chancery
Case Name:                           Krebs, Steven et al vs Patricia A
Meyers
Case Number:                  1120-S
Transaction ID:               11827270
Document Title(s):
         Letter (2 pages)
Authorized Date/Time:         Jul 18 2006  2:56PM EDT
Authorizer:                          William B Chandler
Authorizer's Organization:    DE Court of Chancery
Sending Parties:
         N/A
```

Check for additional details (and view the documents) online at:
https://fileandserve.lexisnexis.com/Login/Login.aspx?FI=11827270 (subscriber
login required)

If you are not currently a subscriber and would like to be, please visit us
at http://www.LexisNexis.com/FileAndServe and click "Sign Up" to begin.

If you have not received all 3 pages of this fax or believe you have
received this message in error, please contact LexisNexis Customer Service
by phone at 1-888-529-7587.
 <<Letter.pdf>>

EXHIBIT C

WILLIAM B. CHANDLER III
CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 18, 2006

John E. Tarburton (**Via e-Filing**)
303 N. Shipley Street
Seaford, DE 19973

Dennis L. Smith (**Via First Class Mail**)
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers (**Via First Class Mail**)
RR 4, Box 103A
Frankford, DE 19945

> Re:  *Steven Krebs d/b/a Kreative Garden
> Center v. Patricia A. Meyers*
> Civil Action No. 1120-S

Dear Ms. Meyers, Mr. Smith and Mr. Tarburton:

In light of Mr. Smith's July 8, 2006 letter to the Court, as well as Mr. Smith's numerous telephone calls to my office, I believe it is necessary for the Court to address an important procedural issue.

It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court.[1] It does not appear that Mr. Smith is a member of the Delaware Bar. Mr. Smith is not a party to this lawsuit. Nor is Mr. Smith an attorney admitted *pro hac vice*. Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person. The Delaware Supreme Court has recognized this critical policy in order to insure that the public will enjoy the representation of individuals who have been found to possess the

---

[1] *Kostyshyn v. State*, 856 A.2d 1066 (TABLE) *citing Delaware State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978).

necessary skills and training to represent others.[2]  Otherwise, anyone could, in effect, represent parties in litigation merely by acquiring a power-of-attorney.

As a result, Mr. Smith is barred from acting as an attorney representing Ms. Meyers.  Instead, Ms. Meyers must either retain a licensed attorney admitted to the Bar of the Delaware Supreme Court or represent herself *pro se*.

To this end, the Court instructs the Register in Chancery to refuse any filing in this case signed by Mr. Smith acting on behalf of, or as a representative for, Ms. Meyers.  In addition, the Register in Chancery and my chambers will not accept any further telephone calls from Mr. Smith pertaining to this case.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

WBCIII:meg

---

[2] *See In re Snyder*, 820 A.2d 390, 392 (Del. Fam. Ct. 2001).  *See also Marshall-Steele v. Nanticoke Mem'l Hosp.*, 1999 WL 458 724, at *5 (Del. Super. June 18, 1999); *Conaway v. Hawkins*, Del. Ch., C.A. No. 1942-S, Noble, V.C. (Del. Ch. May 23, 2006).