o

**Patricia A. Meyers**                          **Dennis L. Smith**
**Route 4  Box 103A**                           **P.O. Box 311**
**Frankford, DE 19945**                         **Selbyville, De 19975**

September 11, 2006

                                          **Civil Action No. 06-455-KAJ**

United States District Court for  the District of Delaware
Bogg'(s) Federal  Bldg.,
844 N. King Street
Lockbox 18
Wilmington, DE 19801- 3517

John E. Tarburton, Attorney
Bar I.D. No. 3918
420 Pennsylvania Avenue, Suite 2
Seaford, Delaware 19973 - 3706
**(Note: Another new address)**
**Certified Mail No.  7005 3110 0000 1602 7627**

Ref:  **Attorney, Tarburton's August 25, 2006, letter of deceit**, concerning  Steven
       Krebs d/b/a Kreative Garden Center v.  Patricia A. Meyers **Civil Action**
       **No. 06-455-KAJ**

Dearest Staff of  your Honorable Honor and Attorney Tarburton:

First of all, for the record, **before** responding to  Attorney Tarburton's referenced above
letter, Attorney Tarburton need to understand the following below:

1.      Concerning the Court of Chancery civil case No. 1120-S, Steven Krebs  vs.
        Ms.Patricia A. Meyers, therefore, agent Mr. Dennis L. Smith signed for this
        lawsuit, but Ms. Meyers did not sign for her own lawsuit,  which was under the
        control of the Court of Chancery in the past.

2.      Concerning the United States District Court, for the District of  Delawawre civil
        case No. 06-455-KAJ,  Steven Krebs  vs. Ms.Patricia A. Meyers, therefore, agent
        Mr. Dennis L. Smith signed the **civil cover sheet** dated July 27, 2006, for the
        " Notice of Removal, but Ms. Meyers did not sign this cover **civil cover sheet**.

**NOTE:**  In summary, on July 27, 2006, **before** the U.S. District Court's clerk **allowed**
agent Mr. Dennis L. Smith to sign this mentioned above cover sheet **and** file this
mentioned above  " Notice of Removal ",  therefore this court's clerk **first of all**, did the
following:   Asked me (Agent Mr. Smith) to show proof of a  Power of Attorney from
Defendant, Ms. Patricia A Meyers, and agent Mr. Smith showed this requested proof.
Then this court's clerk took this power of attorney to another department off  this same
office to **confer** with  other staff of the court, and then returned and concluded that agent
Mr. Smith may do as indicated in number # 2, mentioned above.

                              Continue on page # 2

Your Honorable Honor and Attorney Tarburton
September 11, 2006
Page # 2

3.      On August 29, 2006, in a phone conversation with the Honorable Kent A.
        Jordan's secretary Ms. Sheryl, who **instructed** agent Mr. Smith that, **ANY
        conversations** that you have with Mr. Tarburton, **have to** include Ms.
        **Meyers,** you can not represent Ms. Meyers or her interest.  Agent Mr. Smith
        made it clear that he was not representing Ms. Meyers or her interest.  For the
        record I, ( Agent Mr. Smith) am Ms. Meyers' **power of attorney / agent /
        emissary and witness** in this civil case No. 06-455-KAJ.

                        **Response to Attorney Tarburton's August 25, 2006, letter below:**
In this August 25, 2006, letter Attorney Tarburton **deceitfully** stated to Judge Kent A.
Jordan, " I received a letter from you dated August 16, 2006, **directing me** to
schedule a telephone conference with your secretary to discuss dates to be adopted in a
Scheduling Order." *Vs., the truth,* Judge Kent A. Jordan's August 16, 2006, letter
involves the following  **CITZENS** OF THE UNITED STATES: **Counsel** (Attorney
Tarburton), **Ms. Meyers** and **Mr. Smith, and**  clearly states to **all** three parties **equally**,
" Please **confer** and **jointly call my secretary** within ten days of the date of this letter to
schedule a telephone conference to discuss dates you recommend be adopted in the
Order."

Attorney Tarburton's second paragraph of his  deceitful  August 25, 2006, letter was
design to deceive (Trick) Judge Kent A. Jordan into believing his lie **as quoted**,
" ... I **don't believe** that I should participate in a scheduling conference where he purports
to represent the interest of Patricia A. Meyers." Also, Attorney Tarburton do not believe
and/or care about the Honorable Kent A. Jordan's secretary Ms. Sheryl, **directing
me** (Agent Mr. Smith) that, **ANY conversations** that you have with Mr. Tarburton,
**have to include Ms. Meyers,** you can not represent Ms. Meyers or her interest. -----
**Attorney Tarburton** and **Chancellor William B. Chandler III, both** clearly know of
the AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF, which was  E-filed on **January 19, 2006,**  and also designed to **"... strike the
appearance of Dennis L. Smith, who  is not a member of the Delaware Bar,.."** This
quote was Attorney Tarburton's **racist and incorrect claim**, but **see, all
enclosed Exhibits, which are after the date January 19, 2006,
which will prove that Attorney Tarburton *willingly* had
conversations with agent Mr. Smith only, and did not request
to include Ms. Meyers:  See Exhibit A, B, C, D, E and F
below:**

Continue on page # 3

Your Honorable Honor and Attorney Tarburton
September 11, 2006
Page # 3

**Exhibit A, cassette tape** --After January 19, 2006, Attorney Tarburton willfully had a conversation with agent Mr. Smith which did not include defendant, Ms. Meyers. ( Date of this conversation is **June 22, 2006**.)

**Exhibit B, cassette tape** --After January 19, 2006, Attorney Tarburton willfully had a conversation with agent Mr. Smith which did not include defendant, Ms. Meyers. ( Date of this conversation is **June 26, 2006**.) – **Attorney Tarburton <u>called</u> agent Mr. Smith.**

**Exhibit C, cassette tape** --After January 19, 2006, Attorney Tarburton willfully had a conversation with agent Mr. Smith which did not include defendant, Ms. Meyers. ( Date of this conversation is around or about **July 1, 2006**.) – **Attorney Tarburton is an officer of the court who requested to come to agent Mr. Smith <u>home</u> to discuss his (Attorney Tarburton's) June 8, 2006, letter.**

**Exhibit D, cassette tape** --After January 19, 2006, Attorney Tarburton **only in this case, did not want to have a conversation with agent Mr. Smith, any more**. (Date of this conversation is **August 22, 2006**.) – **Concerning the Honorable Kent Jordan's August 16, 2006, letter, therefore Attorney Tarburton promised to contact me (Agent Smith) before the deadline, which is within the ten days indicated, but Attorney Tarburton an officer of the court <u>lied</u>.**

Continue on page # 4

Your Honorable Honor and Attorney Tarburton
September 11, 2006
Page # 4

**Furthermore,** see **Exhibit E**, which is the Court of Chancery's docket sheet for civil case No. 1120-S. Therefore, use the sequence of black bold numbers on the docket sheet to locate the correct location for each attached e-filed document, which will have a black bold matching number. These e-filed documents also confirms the fact that agent Mr. Smith was allow to act as power of attorney / agent / emissary and witness for defendant Ms. Patricia A. Meyers. The racial issue became worse, after Ms. Meyers' July 8, 2006, letter concerning Actionable Negligence and/or Conspiracy was e-filed. Only then I, (Agent Mr. Smith) was attacked. Also, keep in mind, starting from 2 / 23 / 2005, through to January of 2006, agent Mr. Smith worked properly with Mr. Krebs prior Attorney Alan G. Davis.

**Conclusion,** based on all fact mentioned above, clearly Attorney Tarburton in his own deceitful letter dated August 25, 2006, chose not to follow the Honorable Kent A. Jordan's instruction in his letter dated August 16, 2006.

Everyone, please read Ms. Meyers' July 8, 2006, letter concerning Actionable Negligence and/or Conspiracy, which involves both, Chancellor William B. Chandler III and Attorney Tarburton, and then for the first time, we will undestand the truth, why Chancellor William B. Chandler III is trying to cover –up for Attorney Tarburton. Attorney Tarburton's letter dated August 25, 2006, is enclosed as Exhibit F, **with** the attached Chancellor William B. Chandler III court ordered dated **July 18, 2006. (NOTE: Racism only after Ms. Meyers' July 8, 2006, letter.** See the Court of Chancery's own docket sheet concerning the sequence of this civil case No. 1120-S.

Respectfully, Submitted,

Patricia A. Meyers
Dennis L. Smith

Cc: The Honorable Judge, Kent A. Jordan
    The Honorable Chief Judge, Sue L. Robinson
    Mr. Steven S. Krebs – Certified Mail No. 7005 3110 0000 1602 7719

Enclosed: Exhibits A, B, C, D, E and F

Exhibit

E



LexisNexis· *File & Serve*    **Welcome:** Simmons, Arline
DE Court of Chancery    ⓘ Resource Center  Preferences  Sign Off

| Home | Filing & Service | Alerts | Search |
|------|-----------------|--------|--------|

| Case History | Cases Search | Daily Docket | Transaction Status | Advanced Search |

Home > Select Case > **Case History**

## Case History Search
Search Created:
Thursday, August 31, 2006 15:43:20
EDT

Printable Version

| Court: | DE Court of Chancery | Judge: | Chandler, William B | File & Serve Live Date: | 2/23/2005 |
|--------|---------------------|--------|--------------------|------------------------|-----------|
| Division: | N/A | Case Number: | 1120-S | Document(s) Filed: | 55 |
| Case Type: | Injunctive Relief | Case Name: | Krebs, Steven et al vs Patricia A Meyers | Date Range: | All |

Choose an action:  -- Select --    [ Go ]   Show  1000   records

1-29 of 29 transactions   ‹ ‹ Prev  Page 1 of 1  Next › ›

| | Transaction | Date/Time | Option | Case Number Case Name | Authorizer Organization | | # | Document Type | Document Title | Size |
|--|-------------|-----------|--------|----------------------|------------------------|--|---|---------------|----------------|------|
| **29** | 12216946 | 8/29/2006 3:34 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | ☐ | 39 | Scheduling Order | Scheduling Order [view] | 0.1MB |
| **28** | 12216885 | 8/29/2006 3:31 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | ☐ | 38 | Letter Decision | Letter Decision [view] | 0.1MB |
| **27** | 11931138 | 7/31/2006 11:47 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | ☐ | 37 | Other | Copy of Petition sent to The District Court filed by Patricia A. Meyers and Dennis Smith [view] | 1.7MB |
| | | | | | | ☐ | | Exhibits | Exhibits [view] | 7.6MB |
| | | | | | | ☐ | | Exhibits | Exhibits [view] | 9.5MB |
| **26** | 11827270 | 7/18/2006 2:56 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | ☐ | 36 | Letter | Letter [view] | 0.1MB |
| **25** | 11786496 | 7/13/2006 3:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | ☐ | 35 | Letter | Letter to Chancellor Chandler and John Tarburton from Dennis Smith dated July 6 2006 *(False date →)* [view] | 3.3MB |
| **24** | 11662326 | 6/29/2006 9:37 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | John E Tarburton, Procino-Wells, Michele | ☐ | 34 | Letter | John Tarburton, Esquire's letter in response to Dennis Smith's June 25, 2006 letter [view] | 0.1MB |
| **23** | 11642197 | 6/27/2006 1:51 PM EDT | File And | 1120-S Krebs, Steven | William B Chandler, | ☐ | 33 | Letter | Letter [view] | 0.1MB |

*False date* (handwritten annotation)

*fals date* (handwritten annotation at right)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Serve | et al vs Patricia A Meyers | DE Court of Chancery | | | | | |
| **22** | 11638288 | 6/27/2006 10:49 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | John E Tarburton, Procino-Wells, Michele | ☐ | 32 | Letter | Letter from John E. Tarburton, Esquire requesting continuance to file answering brief [view] | 0.1MB |
| **21** | 11637057 | 6/27/2006 8:11 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | ☐ | 31 | Letter | Letter to Chancellor Chandler & Mr. Tarburton from Dennis Smith dated June 25, 2006 requesting an extension of hearing [view] | 2.9MB |
| **20** | 11583055 | 6/20/2006 4:02 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | ☐ | 30 | Letter | Scheduling Letter [view] | 0.1MB |
| **19** | 11554598 | 6/16/2006 2:39 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | ☐ | 27 | Letter | Letter to Mr. Tarburton and Chancellor Chandler dated June 12 2006 [view] | 1.5MB |
| | | | | | | ☐ | 28 | Brief | Plaintiff's Answering Brief To Defendant's Motion To Dismiss [view] | 2.4MB |
| | | | | | | ☐ | 29 | Appendix | Appendix To Plaintiff's Answering Brief To Defendant's Motion To Dismiss [view] | 0.3MB |
| | | | | | | ☐ | | Other | Attachments to Plaintiff's Answering Brief [view] | 4.4MB |
| | | | | | | ☐ | | Certificate of Service | Certificate Of Service [view] | 0.1MB |
| | | | | | | ☐ | | Other | Attachments To Appendix To Plaintiff's Answering Brief To Defendant's Motion To Dismiss [view] | 3.3MB |
| **18** | 11490359 | 6/9/2006 12:17 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | ☐ | 26 | Letter | Letter Revising Briefing Schedule [view] | 0.1MB |
| **17** | 11380553 | 5/26/2006 8:51 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | ☐ | 25 | Letter | Letter [view] | 0.1MB |
| **16** | 10640628 | 2/23/2006 8:48 AM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | ☐ | 24 | Motion | Corrected Page 6 in the Motion To Dismiss Plaintiffs Amended Verified Complaint for Declaratory and Injunctive Relief [view] | 0.1MB |
| **15** | 10551029 | 2/10/2006 | File | 1120-S | Patricia G | | 23 | Motion | Motion To Dismiss | 0.4MB |



| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | | 3:53 PM EST | And Serve | Krebs, Steven et al vs Patricia A Meyers | Randolph, DE Court of Chancery | ☐ | | | Plaintiff's Amended Verified Complaint For Declaratory And Injunctive Relief filed by Dennis Smith [view] | |
| | | | | | | ☐ | | Proposed Order | Order [view] | 0.1MB |
| | | | | | | ☐ | | Exhibits | Exhibits [view] | 0.5MB |
| **14** | ☐ | 10366417 | 1/19/2006 10:39 AM EST | File Only | 1120-S Krebs, Steven et al vs Patricia A Meyers | Michele Procino-Wells, Procino-Wells, Michele | ☐ | 17 Proposed Order | Notice of Motion, Motion to File Amended Complaint and Order [view] | 0.1MB |
| | | | | | | | ☐ | 18 Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | | ☐ | 19 Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | | ☐ | 20 Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | | ☐ | 21 Exhibits | Exhibit to Motion [view] | 0.1MB |
| | | | | | | | ☐ | 22 Exhibits | Exhibit to Motion [view] | 0.1MB |
| **13** | | 6482620 | 8/15/2005 9:48 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 16 Order | Stipulation To Substitute Counsel [view] | 0.1MB |
| **12** | | 6991046 | 6/10/2005 12:09 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 15 Letter | Letter from Mr. Smith dated June 7, 2005 [view] | 0.2MB |
| **11** | | 5854388 | 5/19/2005 4:09 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | ☐ | 11 Amended Answer | Amended Answer filed by Mr. Smith [view] | 0.4MB |
| | | | | | | | ☐ | 12 Exhibits | Amended Answer Exhibit A [view] | 0.9MB |
| | | | | | | | ☐ | 13 Exhibits | Amended Answer Exhibit B-F [view] | 0.3MB |
| | | | | | | | ☐ | 14 Exhibits | Amended Answer Exhibits G-J [view] | 0.1MB |
| **10** | | 5760839 | 5/5/2005 4:35 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 10 Letter | Letter from Mr. Smith Ref: Amended Answer [view] | 0.1MB |
| **9** | | 5722176 | 4/29/2005 4:14 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | | 9 Other | Answer To Complaint For Declaratory and Injunctive Relief [view] | 0.3MB |
| | | | | | | | ☐ | Exhibits | Exhibit A to Answer [view] | 0.8MB |
| | | | | | | | ☐ | Exhibits | Exhibit B-G Answer [view] | 0.4MB |
| **8** | | 5660122 | 4/21/2005 9:17 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A | Arline Simmons, DE Court of Chancery | | 8 Letter | Letter from Mr. Smith and Ms. Meyers [view] | 0.2MB |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Meyers | | | | | |
| **7** | 5608091 | 4/13/2005 3:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | ☐ 7 | Letter | Letter from Dennis Smith and Patricia Meyers [view] | 0.1MB |
| **6** | 5550662 | 4/4/2005 5:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | ☐ 6 | Sheriffs Return | Service was completed on Patricia A. Meyers by Dennis Smith picking up her papers at the Sheriff's office [view] | 0.1MB |
| **5** | 5469466 | 3/30/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | ☐ 4 | Letter | Letter to Chancellor William B. Chandler, III and Alan G. Davis, Esq. from Dennis L. Smith [view] | 0.1MB |
| **4** | 5469467 | 3/30/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | ☐ 5 | Letter | Letter with Date Correction to Mr. Davis and Chancellor Chandler from Dennis L. Smith and Patricia A. Meyers [view] | 0.1MB |
| **3** | 5250045 | 3/1/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | ☐ 3 | Other | Sent Summons To Sheriff 3/1/05 [view] | 0.1MB |
| **2** | 5203826 | 2/23/2005 4:06 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Alan G Davis, Davis, Henry Clay III PA | ☐ 2 | Praecipe | Praecipe [view] • Linked to (1) | 0.1MB |
| | | | | | | ☐ | Affidavit | Affidavit of Steven Krebs [view] • Linked to (1) | 0.1MB |
| | | | | | | ☐ | Exhibits | Exhibit A: Commercial Lease Agreement [view] • Linked to (1) | 0.2MB |
| | | | | | | ☐ | Exhibits | Exhibit B: Letter to Defendant [view] • Linked to (1) | 0.1MB |
| | | | | | | ☐ | Exhibits | Exhibit C: Letter from Dennis L. Smith [view] • Linked to (1) | 0.1MB |
| **1** | 5199838 | 2/23/2005 10:08 AM EST | File Only | 1120-S Krebs, Steven et al vs Patricia A Meyers | Alan G Davis, Davis, Henry Clay III PA | ☐ 1 | Complaint | Verified Complant for Declaratory and Injunctive Relief [view] • Linked from (5) | 0.1MB |
| | | | | | | ☐ | Case Information Statement | Supplemental Information Pursuant to Rule 3(a) of the Rules of the Court of Chancery [view] | 0.1MB |
| | | | | | | ☐ | Proposed Order | Proposed Order [view] | 0.1MB |
| | | | | | | ☐ | Proposed Order | Order [view] | 0.1MB |



EFiled: Jan 19 2006 10:39AM EST
Transaction ID 10366417

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

STEVEN KREBS d/b/a        :   C.A. No. 1120-S
KREATIVE GARDEN CENTER,  :
                                :
    Plaintiff,                  :
                                  :
       v.                      :
                                  :
PATRICIA A. MEYERS[,] __AND__    :
__DENNIS L. SMITH__,             :
                                  :
    Defendant[.]s.           :

### __AMENDED__ VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

      This is an action for declaratory and injunction relief. Plaintiff seeks a determination from this Court that a lease executed by Patricia A. Meyers is a binding, enforceable contract entitling Plaintiff to the quiet enjoyment of the leased premises, and that the provisions regarding the contract extension have been adequately complied with. Plaintiff further seeks injunctive relief against Defendant to prevent her or her agents from continued interference with Plaintiff's rights under the lease. __In this action, Plaintiff seeks to strike the appearance of Dennis L. Smith, who is not a member of the Delaware Bar, and to add Dennis L. Smith as a Defendant.__ In support of its claims, Plaintiff alleges as follows:

      1.    Plaintiff, Steven Krebs d/b/a Kreative Garden Center (hereinafter "Kreative") is a resident of the State of Delaware.

Case 1:06-cv-00455-KAJ    Document 8    Filed 09/14/2006    Page 11 of 34



EFiled: Feb 10 2006 3:53PM EST
Transaction ID 10551029

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STEVEN KREBS, d/b/a, KREATIVE GARDEN CENTER, | : | C.A. No.: 1120 - S |
| Plaintiff, | : | |
| v. | : | |
| PATRICIA A. MEYERS[,] AND DENNIS L. SMITH, | : | |
| Defendant[.]s. | : | |

MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Defendant, Ms. Patricia A. Meyers, ( hereinafter " Meyers " ) who is

pro se, of RR 4, Box 103A, Frankford, Delaware 19945, by and through her attorney-in-

fact/agent, Dennis L. Smith ( hereinafter " Smith " ) who is also pro se, and a witness. This is

an action to dismiss Plaintiff's action for declaratory and injunction relief. Meyers

seeks a determination from this Court that a lease executed by Kreative is not

binding because this lease is a moot issue now, therefore not a enforceable contract

entitling Plaintiff to the quiet enjoyment of the leased premises, and that the provisions

regarding the contract extension is deceitful, unconscionable, ambiguous, poorly written and

moot, because this lease terminated on March 28, 2005. Plaintiff stated, "... further seeks

injunctive relief against defendant to prevent her or her agents from continued interference

with plaintiff's rights under the lease. In this action, Plaintiff seeks to strike the

appearance of Dennis L. Smith, who is not a member of the Delaware Bar, and to add



EFiled: Feb 23 2006 8:48AM EST
Transaction ID 10640628

**Dennis L. Smith**
**P. O. Box 311**
**Selbyville, DE 19975**

**January 22, 2006**                                              CA 1120-S

**Hand Delivered To:**    Mr. John E. Tarburton's office and to Chancellor William B. Chandler III,
Of the Court of Chancery's office (This letter — 1 pages and a corrected copy of
page # 6.

To:  John E. Tarburton, Attorney          To:  Chancellor William B. Chandler III
Procino & Tarburton LLP                        Court of Chancery
123 Pennsylvania Avenue                        P. O. Box 581
Seaford Delaware 19973                         Georgetown, Delaware 19947

Re:  **A corrected page # 6**, this page # 6, is a correction of agent's letter dated January 19, 2006, to
Attorney John E. Tarburton. This letter is enclosed in the Motion to DISMISS Plaintiff's Amended
Verified Complaint for Declaratory and Injunctive Relief dated February 9, 2006, concerning civil
case # 1120-S.  Steven Krebs, d/b/a Kreative Garden Center -v- Patricia A. Meyers through her
attorney-in-fact / agent / witness (Mr. Dennis L. Smith, who has a power of attorney for the leased
2.5 acres issues.

Dear Mr. Tarburton and Chancellor William B. Chandler III:

Please find enclosed a copy of a corrected page # 6, to this January 19, 2006, letter as above mentioned.
Thank you.

Respectfully submitted,

Dennis L. Smith
Patricia A. Meyers

cc:    Mr. Steven Scott Krebs, by certified Mail, 7002 0460 0001 5100 2774, this courtesy copy
includes only page # 6. **(This act was authorized)**

Enclosed:  Page # 6.

(20)

EFiled: Jun 20 2006 4:02PM EDT
Transaction ID 11583055

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 20, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Dennis L. Smith
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers
RR 4, Box 103A
Frankford, DE 19945

Re:    *Steven Krebs d/b/a Kreative Garden*
       *Center v. Patricia A. Meyers*
       Civil Action No. 1120-S

Dear Counsel, Ms. Meyers and Mr. Smith:

Pending in this matter is defendant's motion to dismiss. Oral argument in this matter shall be held on Friday, June 30, 2006 at 9:30 a.m. in the Court of Chancery, Georgetown, Delaware. In addition, I intend to use the scheduled oral argument as a form of pre-trial conference to discuss scheduling and other procedural matters in this case.

Please mark your calendars and be present on Friday, June 30, 2006 at 9:30 a.m.

IT IS SO ORDERED.

Very truly yours,

*William B. Chandler III*

William B. Chandler III

WBCIII:meg
xc:    Marsha Alfree
       Arline Simmons
       Court Reporters



**EFiled: Jun 27 2006 8:11AM EDT
Transaction ID 11637057**



Dennis L. Smith
P.O. Box 311
Selbyville, De 19975

June 25, 2006

Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, DE 19947

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Ref:  Steven Krebs d/b/a Kreative Garden Center v. Patricia A. Meyers Civil Action No. 1120-S
      Concerning facts and a **REQUEST FOR AN EXTENTION**

Dear Chancellor Chandler III and Attorney Tarburton:

First of all, so Plaintiff's civil action 1120-S does not get dismissed by Defendant's request under
Rule 41. (b), as a result, Attorney John E. Tarburton as a professional and a officer of the Court
designed a letter dated June 8, 2006, to deceived the Court into believing that he did not have
AMPLE time SINCE February 10, 2006, to answer Defendant's motion to dismiss. Furthermore,
in this letter, Attorney Tarburton wants to blame the Court's Order dated May 26, 2006, for not
having ample time to answer, and Attorney Tarburton did not tell the TRUTH when he stated, " I
have been unable to contact Ms. Meyers about this request..." concerning an **EXTENSION**.
Therefore, the Court was deceived. This prejudice act is a violation of professional conduct Rule
8.4, and this letter, also was not efiled on **June 9, 2006**, the day of **ruling** and violates Rule 79.1:
and Administrative Directive of the Chancellor of the Court of Chancery of the State of
Delaware. Based on the fact Defendant was not **allowed any time** to respond to Attorney
Tarburton's June 8, 2006, letter of deceit, therefore, Chancellor William B. Chandler, III
secretary Ms. Mary-ellen Greenly gave Ms. Meyers' agent until June 16, 2006, to respond to
Attorney Tarburton's letter dated June 8, 20006. **See some of the Evidences listed below,
which will prove that Attorney Tarburton's letter dated June 8, 2006, was deceitful
to the Court and prejudice to Defendant Ms. Meyers:**

1.  Evidence -  **Defendant's letter dated June 12, 2006, which was efiled on
               June 16, 2006, as allowed.** ——————————————— **Exhibit D**

2.  Evidence -  **Ample Time issue** – Chancellor William B. Chandler III Order dated
               May 26, 2006, states, " On **February 10, 2006**, defendant filed a
               speaking motion to dismiss the complaint. As of today, no answering
               brief has been filed." ——————————————— **Exhibit E**

3.  Evidence –  **Attorney Tarburton's deceitful letter dated June 8, 2006,** which was
               not efiled on **June 9, 2006**, the day of ruling. Also, in this deceitful
               letter Attorney Tarburton did not tell the TRUTH when he stated, **" I have
               been unable to contact Ms. Meyers about this request..."** – **Exhibit F**

Continue on page # 2

(23)

EFiled: Jun 27 2006 1:51PM EDT
Transaction ID 11642197

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 27, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Dennis L. Smith
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers
RR 4, Box 103A
Frankford, DE 19945

Re:    *Steven Krebs d/b/a Kreative Garden*
*Center v. Patricia A. Meyers*
Civil Action No. 1120-S

Dear Counsel, Ms. Meyers and Mr. Smith:

In response to Mr. Smith's unopposed request, in the above-captioned case, in which he asks for an extension to file his reply brief, I have extended the date to file his reply brief to July 28, 2006. The hearing on June 30, 2006, is cancelled and will not be rescheduled as I intend to decide the motion to dismiss on the briefs.

IT IS SO ORDERED.

Very truly yours,

*William B. Chandler III*

William B. Chandler III

WBCIII:meg

xc:    Marsha Alfree
Arline Simmons
Court Reporters





EFiled: Jun 29 2006 9:37AM EDT
Transaction ID 11662326

June 27, 2006

*Via facsimile and first class mail*
Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, Delaware 19947

Re: **Steven Krebs d/b/a/ Kreative Gardens Center v.**
**Patricia A. Meyers; C.A. No. 1120-S**
**Defendant's request for continuance**

Dear Chancellor Chandler:

Mr. Smith contacted me on Friday, June 23, 2006, and requested a continuance for the hearing scheduled for June 30, 2006. The reason he gave was that his wife had a medical problem which would preclude him from attending. I called Mr. Smith on Monday, June 26, 2006, and told him that I had no objection to his request. The remaining assertions contained in his letter request of June 23, 2006 (and attachments) regarding any attempt by me to deceive the Court, Mr. Smith, Ms. Meyers or anyone else are denied. Apparently, my letter request for a continuance dated June 8, 2006 was not e-filed until today. I apologize for this oversight and any inconvenience it may have caused.

Please contact me if you have any questions.

Sincerely,

/s/John E. Tarburton
John E. Tarburton (I.D. No. 3918)

JET/lkf
pc:    Dennis Smith
       Patricia Meyers



**EFiled: Jul 13 2006 3:00PM EDT**
**Transaction ID 11786496**

**Dennis L. Smith**
**P.O. Box 311**
**Selbyville, De 19975**

July 8, 2006

Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, DE 19947

John E. Tarburton, *Attorney*
303 North Shipley Street
Seaford, DE 19973
**Certified Mail No. 7002 9460 0001 5100 2767** – *Two True copies*

Ref: Steven Krebs d/b/a Kreative Garden Center v. Patricia A. Meyers Civil Action No. 1120-S
concerning a response to **Attorney Tarburton's letter dated June 27, 2006**, and to
**Chancellor Chandler III's letter of ruling, which is also dated June 27, 2006**. Also,
again concerning Chancellor Chandler III's letter of ruling dated **June 9, 2006**.

Dear Chancellor Chandler III and Attorney Tarburton:

First of all, for the record, this letter is a response letter to Attorney Tarburton's letter dated June
27, 2006. Attorney Tarburton confirmed that it took him approximately three (**3**) **days** to respond
to agent's June 23, 2006, **verbal** request, ~~to his~~ at that time. Also, concerning agent's wife, this
was a serious medical issue, later agent found that defendant Ms. Meyers and her son had medical
issues around this same time, see my letter dated June 25, 2006, and see all four paragraphs below
concerning Attorney Tarburton's June 27, 2006, letter. ----- See Exhibit – G

Attorney Tarburton stated, " The remaining assertions contained in his letter request of June 23,
2006 (and attachments) regarding any attempt by me to deceive the Court, Mr. Smith, Ms.
Meyers or anyone else are denied." Therefore, the fact is, agent never sent Attorney Tarburton a
letter dated June **23**, 2006, but **if** this same quote was concerning agent's June **25**, 2006, letter,
than Attorney Tarburton's quote would be **false** and **deceitful**.

Attorney Tarburton stated, " Apparently, my letter request for a continuance dated **June 8, 2006**
**was not** e-filed until today." Therefore, as a witness Attorney Tarburton confirms the fact, that
on June 9, 2006, Chancellor Chandler III illegally ruled on his June 8, 2006, letter which was not
legally a part of civil case No. 1120-S, record and while in violation of Rule 79.1, and
Administrative Directive of the **Chancellor of the Court of Chancery** of the **State of Delaware**.

**After this paragraph just mentioned above**, after Chancellor Chandler III's secretary Ms.
Mary-ellen Greenly told agent Smith on June 12, 2006, that she is going to have to call Procino &
Tarburton's office **AGAIN** and tell Attorney Tarburton to e-file **his June 8, 2006**, letter or we
**will not even consider his letters**, after agent Mr. Smith's letter dated June 12, 2006, which was
signed for and after agent Mr. Smith's letter dated June 25, 2006, which was also signed for.
Therefore, all information just mentioned involved Attorney Tarburton's June 8, 2006, letter not
being e-filed, for one issue, **BUT**, in Attorney Tarburton's June 27, 2006, letter, he stated, " I
**apologize** for this **oversight**

Continue on page # 2



**Dennis L. Smith**
**P.O. Box 311**
**Selbyville, De 19975**

July 8, 2006

Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, DE 19947

John E. Tarburton, *Attorney*
303 North Shipley Street
Seaford, DE 19973
Certified Mail No. 7002 9460 0001 5100 2767  — *Two True Copies*

Ref: Steven Krebs d/b/a Kreative Garden Center v. Patricia A. Meyers Civil Action No. 1120-S
concerning a response to **Attorney Tarburton's letter dated June 27, 2006,** and to
**Chancellor Chandler III's letter of ruling, which is also dated June 27, 2006.** Also,
again concerning Chancellor Chandler III's letter of ruling dated **June 9, 2006.**

Dear Chancellor Chandler III and Attorney Tarburton:

First of all, for the record, this letter is a response letter to Attorney Tarburton's letter dated June
27, 2006. Attorney Tarburton confirmed that it took him approximately three **(3) days** to respond
to agent's June 23, 2006, **verbal** request, ~~to his~~ at that time. Also, concerning agent's wife, this
was a serious medical issue, later agent found that defendant Ms. Meyers and her son had medical
issues around this same time, see my letter dated June 25, 2006, and see all four paragraphs below
concerning Attorney Tarburton's June 27, 2006, letter. ----- **See Exhibit -- G**

Attorney Tarburton stated, " The remaining assertions contained in his letter request of June 23,
2006 (and attachments) regarding any attempt by me to deceive the Court, Mr. Smith, Ms.
Meyers or anyone else are denied." Therefore, the fact is, agent never sent Attorney Tarburton a
letter dated June **23,** 2006, but **if** this same quote was concerning agent's June **25,** 2006, letter,
than Attorney Tarburton's quote would be **false** and **deceitful**.

Attorney Tarburton stated, " Apparently, my letter request for a continuance dated **June 8, 2006**
**was not** e-filed until today." Therefore, as a witness Attorney Tarburton confirms the fact, that
on June 9, 2006, Chancellor Chandler III illegally ruled on his June 8, 2006, letter which was not
legally a part of civil case No. 1120-S, record and while in violation of Rule 79.1, and
Administrative Directive of the **Chancellor of the Court of Chancery** of the **State of Delaware**.

**After this paragraph just mentioned above**, after Chancellor Chandler III's secretary Ms.
Mary-ellen Greenly told agent Smith on June 12, 2006, that she is going to have to call Procino &
Tarburton's office **AGAIN** and tell Attorney Tarburton to **e-file his June 8, 2006,** letter or we
**will not even consider his letters**, after agent Mr. Smith's letter dated June 12, 2006, which was
signed for and after agent Mr. Smith's letter dated June 25, 2006, which was also signed for.
Therefore, all information just mentioned involved Attorney Tarburton's June 8, 2006, letter not
being e-filed, for one issue, **BUT**, in Attorney Tarburton's June 27, 2006, letter, he stated, " I
**apologize** for this **oversight**

Continue on page # 2

Chancellor Chandler III and Attorney Tarburton
July 8, 2006
Page # 2

and any inconvenience it may have caused." For the RECORD, defendant Ms.
Meyers **does not** accept this deceitful apology, which is design to deceitful
allow Attorney Tarburton to get his foot in the door of the " briefs " issue
and cover-up Chancellor Chandler III's illegal ruling concerning Attorney
Tarburton's June 8, 2006, letter. -------------------------------- **See Exhibit G**

**Furthermore**, on July 5, 2006, agent (Mr. Smith) called to the office of Procino & Tarburtion,
LLP and found that **managing partner,** Attorney Procino **parted ways** from Attorney Tarburtion
on Friday, June 30, 2006, for the following reasons listed below:

1.  In this phone conversation on July 5, 2006, concerning Attorney Tarburton wrongful
    conduct, agent (Mr. Smith), stated, "... for him being an attorney, to disrespect ah, court
    **rule79.1, of** e-filing which he played a trick in his **June 8, 2006,** letter on us, and he got
    caught in it, and that is really disturbing you know, because he is an officer of the court at
    the same time." (Managing partner, Attorney Procino) stated, " Oh, I, I **ABSOLUTELY
    understand THAT**, and you know without, going into to much detail ah, you know I, I
    hope that you will understand **why** he and I have now parted ways." (Mr. Smith), stated,
    " Oh, I understand." ----------------------------------------------------------------**See Exhibit H**

2.  (Managing partner, Attorney Procino) stated, "... to file a complaint against him, is with the
    office of Disciplinary Counsel..." (Mr. Smith) stated, "... I am not after your office, I just,
    please do not misunderstand." (Managing partner, Attorney Procino) stated, " Oh no, and its,
    and its just, its just I hope you understand that's **very frustrating for us**, you know now
    that, you know that, **because** you are not the **only call that we are receiving**..."

3.  (Mr. Smith) stated, " As you said, you know, he have been doing other, you have been
    getting other calls in regards to problems." (Managing partner, Attorney Procino) stated,
    " **uh-uh** "

Based on the facts mentioned above, it is a **shame** that Chancellor Chandler III did not act as
Attorney Procino.   A federal investigation many be needed.

Conclusion -Ms. Meyers **does not** accept Attorney Tarburton's deceitful
apology in his June 27, 2006, letter.

Continue on page # 3

Chancellor Chandler III and Attorney Tarburton
July 8, 2006
Page # 3

Response to **Chancellor Chandler III's letter of ruling order, which is also dated June 27, 2006,** and, again concerning Chancellor Chandler III's letter of ruling order dated **June 9, 2006, and June 20, 2006**.

A pattern of, Actionable **Negligence and/or Conspiracy**, involving Attorney John E. Tarburton and Chancellor William B. Chandler III, based on the facts below:

1.  In Chancellor Chandler III's court order dated **May 26**, 2006, he stated, " On **February 10**, 2006, defendant filed a **speaking motion to dismiss** the complaint. As of today, no answering brief has been filed." Also, Chancellor Chandler III stated, " Plaintiff shall file an answering brief by June **9, 2006**." **Plaintiff's** Attorney secretary **Ms. Lisa Fleetwood**, signed a receipt dated " 2 / 10 / 06 " for the " **motion to dismiss** ". This means that Attorney Tarburton **also knew** that he had since February 10, 2006, to answer defendant's " **motion to dismiss** " and knew of the court's Rule 41.(b). Therefore, Attorney Tarburton written a deceitful letter to Chancellor Chandler III and Ms. Meyers dated **June 8, 2006**, requesting an EXTENSION based on deceit, this letter was designed to stop Ms. Meyers from **rightfully** requesting a dismissal of civil case No. 1120-S. In this deceitful letter dated June 8, 2006, Attorney Tarburton did not tell the truth when he stated, " **I have been unable to contact Ms. Meyers about this request,...**" This quote of Attorney Tarburton's is not true, because **he did contact** Ms. Meyers on or about June 9, 2006, with his June 8, 2006, letter and had ample time in the past to contact Ms. Meyers the  SAME WAY with his first time letter of request." *Furthermore, any professional reasonable man* know that *a reasonable time span of days is needed for a letter response,* but, **Chancellor Chandler illegally helped Attorney Tarburton by not allowing Ms. Meyers any time to respond to Attorney Tarburton's June 8, 2006, letter of deceit.** Attorney Tarburton's request for an EXTENSION in his June 8, 2006, letter was based on deceit, which is a violation of Professional **Conduct Rule 8.4. (a) (b) (c) (d) (e) (f)** . **These wrongful acts,** which involves Attorney Tarburton and Chancellor Chandler III is prejudice, unfair and an injustice to Ms. Meyers and a violation of her FOURTEETH AMENDMENT CONSTITUTION RIGHTS / **EQUAL PROTECTION OF THE LAWS.** Attorney Tarburton is an <u>OFFICER</u> of the COURT. ——**This paragraph contains information, ~~in the~~ favors Attorney Tarburton.**

2.  In the court's order dated June 9, 2006, Chancellor Chandler III, helped Attorney Tarburton by illegally ruling in the favor of Attorney Tarburton's June 8, 2006, letter of deceit, concerning a requested extension.  This deceitful letter was not e-**filed** at the time of Chancellor Chandler III's ruling; therefore, this wrongful act is a violation of Rule 79.1, and Administrative Directive of the Chancellor of the Court of Chancery of the State of Delaware. Attorney Tarburton also confirmed this violation in his letter, **which is also dated** June 27, 2006. **These wrongful acts**, which involves Attorney Tarburton and Chancellor Chandler III is prejudice, unfair and an injustice to Ms. Meyers and a violation of her FOURTEETH AMENDMENT CONSTITUTION RIGHTS / **EQUAL PROTECTION OF THE LAWS.** Attorney Tarburton is an <u>OFFICER</u> of the COURT.—**This paragraph contains information, ~~in the~~ favors Attorney Tarburton.**

Continue on page # 4

Chancellor Chandler III and Attorney Tarburton
July 8, 2006
Page # 4

**3.**    After, Ms. Meyers' agent's letter dated June 12, 2006, to Chancellor Chandler III and to
Attorney Tarburton, Chancellor Chandler III made a new court order dated **June 20, 2006**.
In this new court order Chancellor Chandler III stated, " Pending in this matter is
**defendant's motion to dismiss**. **Oral argument** in this matter shall be held on Friday,
June 30, 2006 at 9:30 a.m. in the Court of Chancery, Georgetown, Delaware." Therefore,
because of illness issues, Ms. Meyers' agent contacted Attorney Tarburton and Chancellor
Chandler III, by a letter dated **June 25, 2006**, to request an extension. This extension was
**approve by Attorney Tarburton, days later** and granted by Chancellor Chandler III
in a new court order dated **June 27, 2006**. Also, concerning this " **Oral argument** ", in
this June 27, 2006, court order, Chancellor Chandler III stated, " **The hearing on June 30,
2006, is cancelled and will not be rescheduled as I intend to decide the motion to
dismiss on the briefs.**" —— *The illegal use of Attorney Tarburton's
deceitful June 8, 2006, letter helped to allow Chancellor Chandler
III's June 9, 2006 ruling, June 20, 2006 ruling and his June 27,
2006, ruling, which stopped an just dismissal for defendant Ms.
Meyers under Rule 41.(b).*

**KEY** part of Actionable Negligence and/or Conspiracy, which is Attorney Tarburton's
deceitful letter, dated June 8, 2006. The other **KEY** part of Actionable Negligence and/or
Conspiracy, is that, Attorney Tarburton's deceitful June 8, 2006, letter was **not e-filed** on
June 9, 2006. Therefore, this June 8, 2006, letter was not a part of the civil case No. 1120-
S' record on June 9, 2006. On June 9, 2006, in Chancellor Chandler III court order, he
illegally made a ruling on this deceitful June 8, 2006, letter. This Actionable Negligence
and/or Conspiracy involving both, Attorney Tarburton and Chancellor Chandler III, which
is a violation of court Rule 79.1, and Administrative Directive of the Chancellor of the
Court of Chancery of the State of Delaware. **Furthermore, Chancellor Chandler III, did
not allow defendant Ms. Meyers any time to respond to this deceitful June 8, 2006,
letter.** *(Note: Any reasonable man would have given defendant Ms.
Meyers approximately ten (10) days to respond or to see if she will
respond.)*

Conclusion -This deceitful June 8, 2006, letter allows Attorney Tarburton to **illegally and
deceitfully** get his foot in the door of the " briefs " issue with the illegal help of Chancellor
Chandler III, **Vs**. Attorney Tarburton, who failed to comply with Chancellor Chandler III's May
26, 2006, court order, which allows defendant Ms. Meyers to move for dismissal under Rule
41.(b).

Based on the facts above, this civil case No. 1120-S, has been decide by Chancellor Chandler III
and Attorney Tarburton. **Therefore, Chancellor Chandler III, please do what is right,
and vacate your June 9, 2006, ruling, June 20, 2006, ruling and your June 27, 2006,
ruling and DISMISS this civil case No. 1120-S, under Rule 41.(b). Attorney
Tarburton failed to comply with your May 26, 2006, court order by using his
deceitful letter dated June 8, 2006. as pointed out in number one (1) above.**
Continue on page # 5

Chancellor Chandler III and Attorney Tarburton
July 8, 2006
Page # 5

**" Equal protection of the law**.  The constitutional GUARANTEE of "equal

Protection  of  the  laws " means  that  no person or class of persons shall  **be denied**  the

**same**  protection  of  the  laws  which  is  **enjoyed by other persons**  or  other classes  in

**like circumstances**  in their lives, liberty, **property**, and in their pursuit of happiness.**"**

a.    Therefore, **RESPECTFULLY -- Chancellor Chandler III,** "... in like circumstances..." **in this court,** concerning "... other persons or classes...",  do you allow  ~~and/or allow~~ any  attorney  (officer of the court) to illegally  violate Rule 79.1, and Administrative Directive of the **Chancellor** of the Court of Chancery of the State of  Delaware **?**

b.    **RESPECTFULLY -- Chancellor Chandler III, in your court, do you allow a Defendant or a Plaintiff time to see, if they  will or  will not respond to a letter or document ?**

c.    **RESPECTFULLY -- Chancellor Chandler III,** why have court Rules, and not apply  a  citizen's constitutional  **GUARANTEED,** Equal Protection of  the Law, to **all** of them **?**

**FACTS** -- For  the record, in civil case No. 1120-S, Plaintiff's Attorney, ( Mr. Tarburton)  violated Professional Conduct Rule 8.4, Rule 79.1, and Rule 41.(b) as detailed mentioned in  this  letter.  Managing partner, Attorney Procino **confirmed** that she **parted way** from Attorney  Tarburton as detailed mentioned in this letter.  Attorney Tarburton's client (Mr. Steven S. Krebs)  became a **convicted  Sex  Offender** in the State of Maryland in December of 2005, and remains  on Ms. Meyers property as a threat to females.  Also, filed in this civil case No. 1120-S, is  defendant answer to a complaint and an **MOTION TO DISMISS** Plaintiff's AMENDED  VERIFIED complaint.  In defendant's answer to a complaint Mr. Krebs has done many illegal  and unfair thing on Ms. Meyers' 2.5 acres parcel of property and to Ms. Meyers, also, see Motion  to dismiss. Furthermore,  Mr. Krebs and government agencies are involved in **Actionable Negligence and/or Conspiracy involving this property. Therefore, based on this letter and this paragraph, why defendant Ms. Meyers' constitutional GUARANTEED, Equal Protection of the laws do not apply to her ?**

**Actionable Negligence and/or Conspiracy involving Mr. Krebs, Mr. Krebs' mother and the Delaware State Police, by FALSELY ARRESTING  agent (Mr. Smith) TWO TIMES see below:**

Continue on page # 6

Chancellor Chandler III and Attorney Tarburton
July 8, 2006
Page # 6

Plaintiff, Mr. Krebs is a convicted Sex Offender in the State of Maryland , who is on Ms. Meyers 2.5 acres of real estate property.  Mr. Krebs and his mother had me, (agent Mr. Smith) FALSELY ARRESTED two times,  but both false arrests were **Nolle Prosequi on 04 / 27 / 2006**. The Krebs was trying to get me out of  this civil case No. 1120-S.  For  the record, agent (Mr. Smith) have evidence  that one of the false arrest was a clear frame-up, which will be very easy  to prove. This false arrest was designed by frame – up to help Plaintiff,  Mr. Krebs' civil case No. 1120-S. Agent,  Mr. Smith did not violate any law as the evidence  shows and as Mr. Krebs, Mr. Krebs mother and the Delaware State Police, **also know**.  Therefore,  **why defendant Ms. Meyers' agent's  constitutional GUARANTEED, Equal Protection of the laws do not apply to him ?**

### Conclusion of this letter and the just sequence of fairness below:

Step 1.---- Attorney Tarburton failed to comply with your May 26, 2006, court order by using his **deceitful letter dated June 8, 2006**, therefore, defendant Ms. Meyers move for dismissal under Rule 41.(b)

Step 2.---- Again, Chancellor Chandler III,  please, **vacate**  Step  two (2), which is your June 9, 2006, ruling, June 20, 2006, ruling and your June 27, 2006, ruling, based on Attorney Tarburton's deceitful letter dated June 8, 2006, as mentioned in this letter and DISMISS this civil case No. 1120-S, under Rule 41.(b).

Take Notice to all four (4) of Chancellor Chandler III's court orders, **\*\*\*Exhibit I** – May 26, 2006 order, Exhibit **J** – June 9, 2006 order, Exhibit **K** – June 20, 2006 order, and **Exhibit L** - June 27, 2006 order.

## Issues listed in this letter, raise concerns for Ms. Meyers and Mr. Smith safety in many ways, and may need federal attention at this point.

## Chancellor Chandler III, please DIMISS civil case 1120-S, based on reasons indicated in this letter.

Respectfully Submitted,

*Pat  A. m*
*Dennis L. Smith*

Patricia A. Meyers
Dennis L. Smith

Enclosed:  Exhibits G, H, I, J, K, and L

CC: May be courtesy copied to any necessary agencies

*Procino, LLP - only — 7002 0460 0001 5100 2736*

*Exhibit G*



# Procino & Tarburton, LLP
### Attorneys at Law

Michele Procino - Wells                                           John E. Tarburton (DE & MD)

June 27, 2006

***Via facsimile and first class mail***
Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, Delaware 19947

Re: **Steven Krebs d/b/a/ Kreative Gardens Center v.
Patricia A. Meyers; C.A. No. 1120-S
Defendant's request for continuance**

Dear Chancellor Chandler:

Mr. Smith contacted me on Friday, June 23, 2006, and requested a continuance for the hearing scheduled for June 30, 2006. The reason he gave was that his wife had a medical problem which would preclude him from attending. I called Mr. Smith on Monday, June 26, 2006, and told him that I had no objection to his request. The remaining assertions contained in his letter request of June 23, 2006 (and attachments) regarding any attempt by me to deceive the Court, Mr. Smith, Ms. Meyers or anyone else are denied. Apparently, my letter request for a continuance dated June 8, 2006 was not e-filed until today. I apologize for this oversight and any inconvenience it may have caused.

Please contact me if you have any questions.

Sincerely,

John E. Tarburton

JET/lkf
pc:    Dennis Smith
        Patricia Meyers

123 Pennsylvania Avenue, Seaford, Delaware 19973
302.628.4140 ❖ Fax: 302.628.4150

*Exhibit A*

# Procino & Tarburton, LLP
### Attorneys at Law

Michele Procino - Wells                          John E. Tarburton (DE & MD)

June 8, 2006

***Via facsimile and first class mail***
Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, Delaware 19947

**Re: Steven Krebs d/b/a/ Kreative Gardens Center v.
Patricia A. Meyers; C.A. No. 1120-S**

Dear Chancellor Chandler:

On May 26, 2006, the Court issued an Order directing an answering brief to defendant's motion to dismiss to be filed by June 9, 2006, with a reply brief due by June 25, 2006. I received this Order by mail on May 30, 2006.

Please accept this request for an extension to file plaintiff's answering brief. It is possible for the Court to construe Defendant's motion to dismiss as:

1) a Motion to dismiss an amended complaint, the amendment to which has never been granted;
2) a Motion to dismiss the entire action, apparently under Rule 41 (b); and
3) a misidentified Motion for summary judgment under Rule 56.

In order to properly protect my client's interests, I believe that I need to prepare an answering brief that addresses all three possibilities. I respectfully request an extension until Friday, June 16, 2006 to file Plaintiff's answering brief.

I have been unable to contact Ms. Meyers about this request, as her phone number is unlisted. Please contact me if you have any questions.

Sincerely,

John E. Tarburton, Esquire

Pc:    Patricia Meyers

123 Pennsylvania Avenue, Seaford, Delaware 19973
302.628.4140 ⁕ Fax: 302.628.4150

*Exhibit I*

EFiled: May 26 2006 8:51AM EDT
Transaction ID 11380553

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Submitted: May 5, 2006
Decided: May 26, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, Delaware 19973

Patricia A. Meyers
RR 4, Box 103A
Frankford, Delaware 19945

   Re: *Steven Krebs d/b/a Kreative Garden
     Center v. Patricia A. Meyers*
     Civil Action No. 1120-S

Dear Mr. Tarburton and Ms. Meyers:

  On February 10, 2006, defendant filed a speaking motion to dismiss the complaint. As of today, no answering brief has been filed. Briefing shall be completed as follows:

- Plaintiff shall file an answering brief by June 9, 2006.

- Defendant shall file her reply brief by June 23, 2006.

IT IS SO ORDERED.

       Very truly yours,

       William B. Chandler III

WBCIII:bsr

*Exhibit 5*

EFiled: Jun 9 2006 12:17PM EDT
Transaction ID 11490359

## COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 9, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Patricia A. Meyers
RR 4, Box 103A
Frankford, DE 19945

      Re:   *Steven Krebs d/b/a Kreative Garden*
             *Center v. Patricia A. Meyers*
             Civil Action No. 1120-S

Dear Mr. Tarburton and Ms. Meyers:

In response to Mr. Tarburton's letter of June 8, 2006, the briefing schedule, in the above-captioned case, has been revised as follows:

- Plaintiff shall file an answering brief by June 16, 2006.

- Defendant shall file her reply brief by June 30, 2006.

IT IS SO ORDERED.

Very truly yours,

*William B. Chandler III*

William B. Chandler III

WBCIII:meg

*Exhibit A*

# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 20, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Dennis L. Smith
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers
RR 4, Box 103A
Frankford, DE 19945

      Re:   *Steven Krebs d/b/a Kreative Garden*
            *Center v. Patricia A. Meyers*
            Civil Action No. 1120-S

Dear Counsel, Ms. Meyers and Mr. Smith:

Pending in this matter is defendant's motion to dismiss. Oral argument in this matter shall be held on Friday, June 30, 2006 at 9:30 a.m. in the Court of Chancery, Georgetown, Delaware. In addition, I intend to use the scheduled oral argument as a form of pre-trial conference to discuss scheduling and other procedural matters in this case.

Please mark your calendars and be present on Friday, June 30, 2006 at 9:30 a.m.

IT IS SO ORDERED.

                    Very truly yours,

                    William B. Chandler III

WBCIII:meg
xc:   Marsha Alfree
      Arline Simmons
      Court Reporters

*Exhibit    L*

# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 27, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Dennis L. Smith
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers
RR 4, Box 103A
Frankford, DE 19945

Re:    *Steven Krebs d/b/a Kreative Garden*
*Center v. Patricia A. Meyers*
Civil Action No. 1120-S

Dear Counsel, Ms. Meyers and Mr. Smith:

In response to Mr. Smith's unopposed request, in the above-captioned case, in which he asks for an extension to file his reply brief, I have extended the date to file his reply brief to July 28, 2006. The hearing on June 30, 2006, is cancelled and will not be rescheduled as I intend to decide the motion to dismiss on the briefs.

IT IS SO ORDERED.

Very truly yours,

*William B. Chandler III*

William B. Chandler III

WBCIII:meg

xc:    Marsha Alfree
Arline Simmons
Court Reporters

Exhibit
F

The Law Office of
# John E. Tarburton, Esq.
A Professional Association

*Exhibit F*

August 25, 2006

The Honorable Kent A. Jordan
U.S. District Court
District of Delaware
Lockbox 10
844 King Street
U.S. Courthouse
Wilmington, DE  19801

Dear Judge Jordan:

I received a letter from you dated August 16, 2006 directing me to schedule a telephone conference with your secretary to discuss dates to be adopted in a Scheduling Order.  I contacted the court this morning by telephone, and am following up that call with a letter.

I am filing a Motion to Remand with the court today.  The Notice of Removal which was filed with the Court on July 27, 2006, was filed by a person named Dennis Lee Smith, who is not an attorney.  He was recently ordered to stop communicating with the Delaware Court of Chancery on behalf of Patricia Meyers, and filed a Notice of Removal for that reason (copy enclosed).  As he is not an attorney-at-law, I don't believe that I should participate in a scheduling conference where he purports to represent the interest of Patricia Meyers.

Please contact me if you have any questions.

Sincerely,

John E. Tarburton

JET:bt

Enc.

cc  Steven Krebs
     Patricia Meyers

*FILE*

To:              John Tarburton
From:            LexisNexis File & Serve
Subject:         Notification of Transaction in Krebs, Steven et al vs
Patricia A Meyers

You are being notified of an electronic submission of documents in Krebs,
Steven et al vs Patricia A Meyers through LexisNexis File & Serve. The
details for this transaction are listed below.

Court:                           DE Court of Chancery
Case Name:                             Krebs, Steven et al vs Patricia A
Meyers
Case Number:                     1120-S
Transaction ID:                  11827270
Document Title(s):
        Letter (2 pages)
Authorized Date/Time:            Jul 18 2006  2:56PM EDT
Authorizer:                            William B Chandler
Authorizer's Organization:       DE Court of Chancery
Sending Parties:
        N/A

Check for additional details (and view the documents) online at:
https://fileandserve.lexisnexis.com/Login/Login.aspx?FI=11827270 (subscriber
login required)

If you are not currently a subscriber and would like to be, please visit us
at http://www.LexisNexis.com/FileAndServe and click "Sign Up" to begin.

If you have not received all 3 pages of this fax or believe you have
received this message in error, please contact LexisNexis Customer Service
by phone at 1-888-529-7587.
 <<Letter.pdf>>

EXHIBIT C

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 18, 2006

John E. Tarburton **(Via e-Filing)**
303 N. Shipley Street
Seaford, DE 19973

Dennis L. Smith **(Via First Class Mail)**
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers **(Via First Class Mail)**
RR 4, Box 103A
Frankford, DE 19945

Re:  *Steven Krebs d/b/a Kreative Garden*
*Center v. Patricia A. Meyers*
Civil Action No. 1120-S

Dear Ms. Meyers, Mr. Smith and Mr. Tarburton:

In light of Mr. Smith's July 8, 2006 letter to the Court, as well as Mr. Smith's numerous telephone calls to my office, I believe it is necessary for the Court to address an important procedural issue.

It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court.[1] It does not appear that Mr. Smith is a member of the Delaware Bar. Mr. Smith is not a party to this lawsuit. Nor is Mr. Smith an attorney admitted *pro hac vice*. Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person. The Delaware Supreme Court has recognized this critical policy in order to insure that the public will enjoy the representation of individuals who have been found to possess the

---

[1] *Kostyshyn v. State*, 856 A.2d 1066 (TABLE) *citing Delaware State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978).

necessary skills and training to represent others.[2]  Otherwise, anyone could, in effect, represent parties in litigation merely by acquiring a power-of-attorney.

As a result, Mr. Smith is barred from acting as an attorney representing Ms. Meyers.  Instead, Ms. Meyers must either retain a licensed attorney admitted to the Bar of the Delaware Supreme Court or represent herself *pro se*.

To this end, the Court instructs the Register in Chancery to refuse any filing in this case signed by Mr. Smith acting on behalf of, or as a representative for, Ms. Meyers.  In addition, the Register in Chancery and my chambers will not accept any further telephone calls from Mr. Smith pertaining to this case.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

WBCIII:meg

---

[2] *See In re Snyder*, 820 A.2d 390, 392 (Del. Fam. Ct. 2001).  *See also Marshall-Steele v. Nanticoke Mem'l Hosp.*, 1999 WL 458 724, at *5 (Del. Super. June 18, 1999); *Conaway v. Hawkins*, Del. Ch., C.A. No. 1942-S, Noble, V.C. (Del. Ch. May 23, 2006).