IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN KREBS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-455-KAJ |
| PATRICIA A. MEYERS, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

**MEMORANDUM OPINION**

---

John E. Tarburton, Esq., Procino & Tarburton, LLP, 123 Pennsylvania Avenue, Seaford, Delaware 19973; Counsel for Plaintiff.

Patricia A. Meyers, Route 4 Box 103A, Frankford, DE 19945; pro se.

---

October 31, 2006
Wilmington, Delaware



JORDAN, District Judge

I. **INTRODUCTION**

Before me is a motion to remand (Docket Item ["D.I."] 7; the "Motion to Remand") filed by Steven Krebs ("Plaintiff"). The defendant, Patricia A. Meyers ("Defendant"), invoked 28 U.S.C. § 1443, among other statutes, to remove this case from the Delaware Court of Chancery to this court. (D.I. 1 at 4-5.) Plaintiff argues that the case must be remanded because the removal is barred by the procedural time requirements set forth in 28 U.S.C. § 1446(b). (D.I. 7 at ¶ 5.) For the reasons that follow, the Motion to Remand will be granted.

II. **BACKGROUND**[1]

On February 23, 2005, Plaintiff filed a complaint in the Court of Chancery (the "Complaint") (*id.* at ¶ 1), alleging that a lease agreement between Plaintiff as lessee and Defendant as lessor provided Plaintiff with an extension of his lease term. (*Id.*, Ex. A.) On April 29, 2005, Defendant purported to file an answer (the "Answer") through an "attorney-in-fact, agent, and witness," Dennis L. Smith. (*Id.*, Ex. B at 1, 14.) Mr. Smith concedes that he is not an attorney. (D.I. 9 at 9.) Nevertheless, he has endeavored to act as a representative for Defendant throughout this litigation. (D.I. 1 at 1.)

On July 18, 2006, Chancellor William B. Chandler, III, of the Court of Chancery, instructed the Register in Chancery to refuse any filing in the case that was signed by Mr. Smith on behalf of Defendant. (D.I. 7, Ex. C at 3.) Additionally, the Chancellor instructed the Register to refuse any telephone calls from Mr. Smith regarding this case. (*Id.*) Chancellor Chandler stated that Mr. Smith could not represent Defendant because

---

[1]The following rendition of background information is drawn from the parties' submissions and does not constitute findings of fact.

he is not an attorney.[2] (*Id.* at 2-3.) On July 27, 2006, Defendant, in a document signed both by her and by Mr. Smith, removed the case to this court, contending that subject matter jurisdiction exists under 28 U.S.C. § 1443, the statute allowing removal of civil rights cases. (D.I. 1 at 1, 4.) Defendant alleges that removal is proper under § 1443 since the Court of Chancery prevented Mr. Smith from representing Defendant simply because Smith is African-American. (*Id.* at 4.) Defendant further argues that she cannot receive a fair trial in state court without Mr. Smith's representation. (*Id.*)

As additional grounds for removal, Defendant asserts that the alleged racial discrimination by the Court of Chancery constitutes a separate cause of action that warrants federal jurisdiction and permits the entire case to be removed under 28 U.S.C. § 1441(c). (*Id.*) She argues that a separate action exists because of violations of

---

[2] Chancellor Chandler gave the following reasoning for barring Mr. Smith from appearing for Defendant:
> It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court. . . . Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person.

D.I. 7, Ex. C at 1 (internal citations omitted).

several civil rights acts.[3] (*Id.* at 4-5.) Finally, Defendant alleges that this court has original jurisdiction over this case pursuant to 28 U.S.C. § 1343. (*Id.* at 5.)

On August 28, 2006, Plaintiff filed the Motion to Remand. (D.I. 7 at 1-2.) He argues that the case should be remanded pursuant to 28 U.S.C. § 1446(b), because Defendant's removal was untimely and improper. (*Id.* at ¶ 5.) Section 1446(b) requires a notice of removal to be filed within thirty days after the defendant receives the initial pleading. Defendant filed for removal 510 days after service and receipt of Plaintiff's Complaint. (*Id.* at ¶ 4.)

## III. STANDARD OF REVIEW

"Any civil action of which the district courts have original jurisdiction . . . shall be removable." 28 U.S.C. § 1441(b). If, after the case has been removed, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is the burden of the party opposing remand of the case "to show the existence and continuance of federal jurisdiction." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). When "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling the district court must assume as true all factual allegations in the complaint." *Id.* (citations omitted).

---

[3] Defendant alleges (a) that there was a conspiracy to deprive persons of rights or privileges in violation of 42 U.S.C. § 1985(3); (b) that she has a civil action for deprivation of rights under 42 U.S.C. § 1983; and (c) that she was denied equal rights under the law pursuant to 42 U.S.C. § 1981. (D.I. 1 at 4-5.) In her Motion for Removal, Defendant alleged violations of 28 U.S.C. § 1985(3) and 28 U.S.C. § 1983, but she evidently intended to refer to sections of title 42.

3

## IV. DISCUSSION

### A. *Procedural Requirements for Removal Under Section 1446*

Removal of a civil rights action is proper if a defendant meets the procedural requirements of 28 U.S.C. § 1446 and the substantive requirements of 28 U.S.C. § 1443. Under the procedural requirements, a defendant in a civil case must file a notice of removal within thirty days after receipt of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). However, a defendant may give notice of removal later than thirty days after receipt of the initial pleading, if she files notice within thirty days "from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). In the present case, the Defendant filed notice of removal 510 days after the initial pleading. (D.I. 7 at ¶ 4.)

Defendant alleges that her grounds for removal did not arise until she received Chancellor Chandler's letter that precluded Mr. Smith from representing her. (D.I. 9 at 3-5.) She argues that Chancellor Chandler's decision to bar Mr. Smith from representing her violated her civil rights, which provides this court with jurisdiction to take over the case. (D.I. 1 at 4-5.) An analysis under Section 1446 is unnecessary in this case because, even if Defendant met the procedural requirements for removal, her allegations do not meet the substantive requirements of Section 1443.

### B. *Substantive Requirements for Removal Under Section 1443*

Defendant argues that she cannot receive a fair trial in state court without Mr. Smith's representation, and that Mr. Smith was prevented from representing Defendant because he is African-American. (D.I. 1 at 4.) Section 1443(1) permits removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of

4

such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Defendant asserts that the Court of Chancery violated her civil rights under 42 U.S.C. § 1985(3), 42 U.S.C. § 1983, and 42 U.S.C. § 1981.[4] (D.I. 1 at 4-5.) She further alleges that these statutes provide this court with original jurisdiction under 28 U.S.C. § 1343. (*Id.*) On this record, however, it is clear that Defendant has improperly relied on those statutes and that removal was not warranted.

Section 1985(3) prevents persons from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." It does not provide substantive rights. *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372 (1979). A party asserting rights under Section 1985(3) must allege a right covered by the Constitution or other laws. *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990). Similarly, a Section 1983 claim requires a defendant to allege a deprivation of rights secured by the Constitution and laws by a person acting under color of state law. Finally, Section 1981(a) provides that "[a]ll persons . . . shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white
citizens . . . ."

In the present case, Defendant has no right granted by the Constitution or any other law to be represented by a person that is not an attorney. Chancellor Chandler

---

[4] See *supra* note 3.

precluded Mr. Smith from representing Defendant based on a long-established and race neutral Delaware law that limits a party to asserting rights either through counsel or *pro se*.[5] It is a rule of general application, having nothing to do with race. Furthermore, the Defendant makes no showing that the Court of Chancery has applied the law in a discriminatory manner. Therefore, Defendant's allegations under Sections 1985(3), 1983, and 1981 do not warrant removal under Section 1443, because Defendant has not asserted a right enforceable under those statutes.

Defendant further claims that this court has original jurisdiction under 28 U.S.C. § 1343. (D.I. 1 at 4-5.) Section 1343 provides federal jurisdiction for a civil action "authorized by law to be commenced by a person" alleging a violation of Section 1985 or a deprivation of any right granted by the Constitution or federal law that protects civil rights. Again, because Defendant fails to allege a right secured by the Constitution or federal law, the federal courts do not have original jurisdiction over this case.

C.   *Removal Under* §Section 1441(c)

Finally, Defendant cannot remove the case under 28 U.S.C. § 1441(c).[6] Pursuant to Section 1441(c), a court may remand a case upon finding that state law

---

[5] *See supra* note 1; *see also Kostyshyn v. State*, No. 267,2004, 2004 WL 1874695, at *1 (Del. Aug. 17, 2005).

[6] Title 28 U.S.C. § 1441(c) permits removal:
> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

6

predominates in all matters related to the case. The present case began as a dispute over the construction of a lease agreement. (D.I. 7, Ex. A at 3.) Any litigation that ensues from the Complaint will apply state law to determine the construction of that lease agreement. Accordingly, state law predominates and the case should be remanded.

### D. Request for Attorneys' Fees

Plaintiff further requests that Defendant pay all of his costs and expenses, including attorneys' fees, incurred in connection with the removal and the Motion to Remand pursuant to 28 U.S.C. § 1447(c). (D.I. 7 at 2.) The court has broad discretion regarding whether to award such costs and fees. *See Mints v. Educ. Testing Serv.*, 99 F.2d 1253, 1260 (3d Cir. 1996). Satellite litigation has already distracted the parties from attending to their true dispute for too long, and I conclude that an award of costs and fees in this case would involve the parties in further irrelevant rancor and would cost yet additional unnecessary expenditures of time and money. At this stage, an award of fees and costs is not warranted.

## V. CONCLUSION

Accordingly, for the reasons stated, I will grant Plaintiff's Motion to Remand and deny Plaintiff's request for costs and expenses. (D.I. 7). An appropriate order will follow.