UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4873

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers,
Appellant

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagared and Nygaard, Circuit Judges.

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal due to a jurisdictional defect and for summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered October 31, 2006 be, and the same is, hereby affirmed. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED:   March 6, 2007

Certified as a true copy and issued in lieu of a formal mandate on _____

Teste: *Marcia M. Waldron*
Clerk, U.S. Court of Appeals for the Third Circuit

**ALD-135**                                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4873
_____

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers
Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges

(Filed:  March 6, 2007)
_____

OPINION
_____

PER CURIAM

      Patricia Meyers, proceeding pro se, appeals an order of the United States District

Court for the District of Delaware remanding an action filed against her to state court.

We will affirm.

Steven Krebs filed a complaint against Meyers in the Court of Chancery of the State of Delaware. Krebs sought a determination that a lease he had entered into with Meyers was a binding contract, and that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her.

Meyers then removed the case to District Court. Meyers invoked 28 U.S.C. § 1443, and alleged that the Court of Chancery precluded Smith from representing her because he is African-American. Meyers stated that she could not receive a fair trial in state court without Smith's representation. Meyers' notice of removal also may be construed as asserting that the District Court had original jurisdiction over claims that the Chancellor violated her civil rights under 42 U.S.C. §§ 1981, 1983, and 1985(3). Finally, Meyers cited 28 U.S.C. § 1441(c), which permits removal when a separate and independent claim or cause of action within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with other non-removable claims or causes of action.

Krebs filed a motion to remand the case to state court, and argued that Meyers' notice of removal was untimely. In granting the motion to remand, the District Court stated that, even if Meyers met the procedural requirements for removal, she did not satisfy the substantive requirements of § 1443. The District Court further held that it lacked original jurisdiction under 28 U.S.C. § 1343 because Meyers did not allege a violation of a right secured by the Constitution or federal law that protects civil rights.

Finally, the District Court determined that Meyers could not remove the case under § 1441(c).

This appeal followed. Although appellate review of remand orders is somewhat restricted, we have jurisdiction to review the District Court's order under 28 U.S.C. § 1447(d), which provides that "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable[.]" We also have jurisdiction to the extent Meyers sought to invoke the District Court's original jurisdiction over a civil rights claim. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d Cir. 1995) (noting the Court's jurisdiction to review a remand order under § 1447(d) in a case with a civil rights claim brought under § 1331 and § 1343).

We agree with the District Court that Meyers may not remove Krebs' complaint under § 1443. As recognized by the District Court, § 1443 allows removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Here, the Chancellor of the Court of Chancery required Meyers to represent herself or proceed through a licensed attorney. Meyers was not denied a right under any law providing for equal civil rights based upon the determination that Smith, who is not an attorney, may not represent her. The District Court correctly noted that Meyers does not contend that the Court of Chancery applied this requirement in a discriminatory manner. In addition, because Meyers was not denied a right under any law providing for equal civil rights,

3

removal was not warranted based upon the original jurisdiction of the District Court, and § 1441(c) is inapplicable.

      Accordingly, we will affirm the District Court's order.